# EXHIBIT A



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Owen Russell<br>Andeavor<br>19100 Ridgewood Parkway<br>San Antonio, TX 78259 |
| **Electronic copy provided to:** | Valerie Norris<br>Victoria Lawson<br>Legal Department<br>Eddie Field<br>James Sloan |

| | |
|---|---|
| **Entity:** | Andeavor Logistics LP<br>Entity ID Number  2957132 |
| **Entity Served:** | Andeavor Logistics LP |
| **Title of Action:** | Derek L. McGhee vs. Tesoro Refining & Marketing Company LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Contra Costa County Superior Court, California |
| **Case/Reference No:** | C18-01699 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/29/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Vincent C. Granberry<br>310-432-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** TESORO REFINING & MARKETING
*(AVISO AL DEMANDADO):* COMPANY LLC; ANDEAVOR; ANDEAVOR
LOGISTICS LP; and DOES 1 to 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

AUG 17 2018

K ... ER CLAN OF ... OF COURT
JC ... HOR COURT ... CALIFORNIA
CLERK OF THE SUPERIOR COURT
R ... ........ ..... ...

**YOU ARE BEING SUED BY PLAINTIFF:** DEREK L. MCGHEE, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las costas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del caso):* **C18-01699** |
|---|---|

Contra Costa County Superior Court
Wakefield Taylor Courthouse
725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 27643)     Phone: (310) 432-0000   Fax: (310) 432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211

DATE: **AUG 17 2018**    Clerk, by _____**A. Adams**_____, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Andeavor Logistics LP

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/29/2018

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** TESORO REFINING & MARKETING
*(AVISO AL DEMANDADO):* COMPANY LLC; ANDEAVOR; ANDEAVOR
LOGISTICS LP; and DOES 1 to 100, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D

AUG 17 2018

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ A. Adams, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** DEREK L. MCGHEE, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>Wakefield Taylor Courthouse<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>C18 - 01699 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 27643)     Phone: (310) 432-0000  Fax: (310) 432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California  90211

| DATE:<br>*(Fecha)* AUG 17 2018 | Clerk, by _____ A. Adams ____, Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

MCGHEE VS. TESORO REFINING

MSC18-01699

## NOTICE OF ASSIGNMENT TO DEPARTMENT THIRTY-NINE FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 39, Judge E. Weil presiding, for all purposes; Department 39 is designated as the complex litigation department of the Court and as such (a) hears all cases wherein a designation of complex case has been made and (b) conducts hearings, in cases that this court determines, on a preliminary basis may be complex, to determine whether the case should remain in the complex litigation program.

2. All counsel are required to appear in Dept. 39 on 10/19/18 at 8:30 a.m.
   (a) If the case has been designated as complex, and no counter-designation has been filed, the Court will hold its first case management conference at that time.
   (b) If the case has been assigned to Department 39 on a preliminary basis the Court will hold a hearing to determine if the matter is, or is not, complex. If the matter is determined to be complex, the Court will then proceed with the first case management conference.

3. Each party shall file and serve a Case Management Conference Statement five (5) days before this hearing and be prepared to participate effectively in the Conference, including being thoroughly familiar with the case and able to discuss the suitability of the case for private mediation, arbitration or the use of a special master or referee.

4. Prior to the conference counsel for plaintiff shall meet and confer with counsel for each other party in an effort to precisely define the the issues in the case, discuss the possiblity of early mediation, the identities of possible other parties, and their respective plans for discovery.

5. Until the time of the conference the following INTERIM ORDERS shall be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each and every defendant. It is the Court's intention that each party be served in sufficient time to have entered an appearance within the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its possession or under its control which bears in any way upon the matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer such party may alternatively file a notice of general appearance. In such event the time for filing of an answer or demurrer shall be extended to twenty (20) days following the first conference unless the Court shall, at that time, set a different schedule.

E. Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

BY ORDER OF THE COURT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Joseph Lavi, Esq. (State Bar No. 209776)
Vincent C. Granberry, Esq. (State Bar No. 276483)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
TELEPHONE NO.: (310) 432-0000 FAX NO.: (310) 432-0001
ATTORNEY FOR *(Name)*: DEREK L. MCGHEE, on behalf of himself and others similarly situated

**FOR COURT USE ONLY**

F I L E D

AUG 17 2018

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
A. Aguirre, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME: DEREK L. MCGHEE v. TESORO REFINING &
MARKETING COMPANY LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: C 1 8 - 0 1 6 9 9 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*: 5 Labor Code Violations; 1 UCL Claim

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 17, 2018

Vincent C. Granberry, Esq.
(TYPE OR PRINT NAME)                                                      ► _____
                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

FAX FILED (vertical text, right margin)

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

# UNLIMITED JURISDICTION
## Civil Actions
## PACKET

### What you will find in this packet:

- **Notice To Plaintiffs** (CV-655a-INFO)
- **Notice To Defendants** (CV-655d-INFO)
- **ADR Case Management Stipulation and Order** (CV-655b)
- **Case Management Statement** (CM-110)
- **Alternative Dispute Resolution (ADR) Information** (CV-655c-INFO)

NOTICE TO PLAINTIFFS
In <u>Unlimited Jurisdiction</u> Civil Actions

<u>AFTER YOU FILE YOUR COURT CASE:</u>

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants. (Local Court Form CV-655d-INFO)
   e. <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
   f. <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days. (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. **Within 60 days of the date you filed the complaint you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the **_Proof of Service_** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions (*except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture¹*) and personal injury cases where a party is claiming damages² must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules, Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

**VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)**

In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED</u>. The packet you have been served should contain:

a. The Summons
b. The Complaint
c. The Notice of Case Management (shows hearing date and time)
d. <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
e. <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement* *(CM-110)*

3. **File and serve your court papers on time** Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time** by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial** If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

`                                    `

_____

_____
          Plaintiff(s) / Cross Plaintiff(s)

                    vs.                           ***ADR Case Management Stipulation and Order***
                                                  *(Unlimited Jurisdiction Civil Cases)*

_____

_____                      CASE NO: _____
          Defendant(s) / Cross Defendant(s)

| |
|---|
| ▶   ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.) |
| ▶   PARTIES MUST ALSO SEND A COPY OF THIS <u>FILED</u> STIPULATION AND ORDER TO THE ADR OFFICE: EMAIL adrweb@contracosta.courts.ca.gov   FAX: (925) 608-2109   MAIL: P.O. BOX 911, MARTINEZ, CA 94553 |

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. <u>Selection and scheduling for Alternative Dispute Resolution (ADR)</u>:
   a.   The parties have agreed to ADR as follows:
       i.   ❑  Mediation   (❑  Court-connected ❑  Private)
       ii.  ❑  Arbitration  (❑  Judicial Arbitration (non-binding)   ❑  Private (non-binding)   ❑  Private (binding))
       iii. ❑  Neutral case evaluation
   b.   The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c.   ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. <u>The parties will complete the following discovery plan</u>:
   a.   ❑  Written discovery:   (❑  Additional page(s) attached)
       i.   ❑  Interrogatories to:
       ii.  ❑  Request for Production of Documents to:
       iii. ❑  Request for Admissions to:
       iv.  ❑  Independent Medical Evaluation of:
       v.   ❑  Other:
   b.   ❑  Deposition of the following parties or witnesses: (❑  Additional page(s) attached)
       i.   _____
       ii.  _____
       iii. _____
   c.   ❑  No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, <u>will pay the fees associated with these services</u>, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the Case Management Orders be filed, **IT IS SO ORDERED** that

| TELEPHONE NO.: | FAX NO. (Optional): |

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:                Dept.:           Div.:              Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☐  complaint    ☐  cross-complaint      *(Describe, including causes of action):*

**10. c.** Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (*check all that apply and provide the specified information*):

| | The party or parties completing this form are willing to participate in the following ADR processes (*check all that apply*): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (*attach a copy of the parties' ADR stipulation*): |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for (*date*): <br> ☐ Agreed to complete mediation by (*date*): <br> ☐ Mediation completed on (*date*): |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for (*date*): <br> ☐ Agreed to complete settlement conference by (*date*): <br> ☐ Settlement conference completed on (*date*): |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for (*date*): <br> ☐ Agreed to complete neutral evaluation by (*date*): <br> ☐ Neutral evaluation completed on (*date*): |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for (*date*): <br> ☐ Agreed to complete judicial arbitration by (*date*): <br> ☐ Judicial arbitration completed on (*date*): |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for (*date*): <br> ☐ Agreed to complete private arbitration by (*date*): <br> ☐ Private arbitration completed on (*date*): |
| **(6) Other** (*specify*): | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for (*date*): <br> ☐ Agreed to complete ADR session by (*date*): |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. **Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____      ▶ _____
     (TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY)

_____      ▶ _____
     (TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY)

                                    ☐ Additional signatures are attached.

## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075.*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

# EXHIBIT A

1  Joseph Lavi, Esq. (State Bar No. 209776)
   Vincent C. Granberry, Esq. (State Bar No. 276483)
2  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
3  Beverly Hills, California 90211
   Telephone: (310) 432-0000
4  Facsimile: (310) 432-0001

5  Attorneys for PLAINTIFF
   DEREK L. MCGHEE, on behalf of himself
6  and others similarly situated.

7

F I L E D

AUG 17 2018

K. RIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
A. Adams, Deputy Clerk

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT. 21, FOR ALL
PURPOSES.

SUMMONS ISSUED

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF CONTRA COSTA

10

| | |
|---|---|
| 11 DEREK L. MCGHEE, on behalf of himself and others similarly situated, | Case No.: **C 18 - 0 1 6 9 9** |
| 12 | **CLASS ACTION** |
| 13 PLAINTIFF, | **PLAINTIFF DEREK L. MCGHEE'S COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:** |
| 14 vs. | |
| 15 | 1.  **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** |
| 16 TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR | |
| 17 LOGISTICS LP; and DOES 1 to 100, inclusive, | |
| 18 | 2.  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS AND/OR PAY MEAL PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** |
| 19 DEFENDANTS. | |
| 20 | |
| 21 | |
| 22 | 3.  **FAILURE TO PROVIDE REST BREAKS AND REST BREAK PREMIUM WAGES IN VIOLATION OF LABOR CODE SECTION 226.7** |
| 23 | |
| 24 | |
| 25 | 4.  **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** |
| 26 | |
| 27 | |

28

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
1

5. **FAILURE TO TIMELY PAY WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

6. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.***

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, DEREK L. MCGHEE ("Plaintiff"), who alleges and complains against DEFENDANTS TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive, (hereinafter, collectively referred to as "Defendants") as follows:

## I.   INTRODUCTION

1.      This is a class action lawsuit seeking unpaid wages, interest, and penalties based on Defendants' failure to pay the following: wages for all hours worked at minimum wage rate of pay; meal period premium wages at the regular rate of pay; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 226(e), 1194, and 2699(g)(1), costs, and interest brought on behalf of Plaintiff and others similarly situated.

## II.   JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid wages for all time worked at minimum and/or overtime wage, statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees; and claims for restitution under Business & Professions Code section 17200 *et seq.* because Defendants employed putative class members, non-exempt operations employees, in locations throughout California which includes a Contra Costa County location where alleged injuries occurred, Tesoro Golden Eagle Refinery located at 150 Solano Way, Pacheco, CA 94553.

## III.   PARTIES

3.     Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated, including hourly non-exempt employees working in California for Defendants within the four years prior to the filing of this action. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who worked as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of and domiciled in California and was employed in a non-exempt position by Defendants, within the four years prior to the filing of the complaint.

4.     Plaintiff is informed and believes and thereon alleges that Defendant TESORO REFINING & MARKETING COMPANY LLC is a Delaware limited liability company with its primarily place of business being in Pacheco, California, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein. Defendant TESORO REFINING & MARKETING COMPANY LLC's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

5.     Plaintiff is informed and believes and thereon alleges that Defendant ANDEAVOR is a Delaware limited liability company with its primarily place of business being in Pacheco, California, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein. Defendant ANDEAVOR's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

6.     Plaintiff is informed and believes and thereon alleges that Defendant ANDEAVOR LOGISTICS LP is a Delaware limited liability company with its primarily place of business being in Pacheco, California, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare

1    Commission's wage orders alleged in more detail herein. Defendant ANDEAVOR LOGISTICS

2    LP's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

3    7.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1

4    through 50 are corporations or are other business entities or organizations of a nature unknown to

5    Plaintiff.

6    8.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51

7    through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued

8    individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

9    supervisor, independent contractor and/or employee of each Defendant who violated or caused to be

10   violated the minimum wage and meal period provisions of the Labor Code and/or any provision of

11   the Industrial Welfare Commission's wage orders regulating hours and days of work.

12   9.    Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff

13   sues said defendants by said fictitious names and will amend this complaint when the true names

14   and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

15   permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

16   named defendants is in some manner responsible for the events and allegations set forth in this

17   complaint.

18   10.   Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

19   defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

20   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

21   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

22   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

23   of the other defendants so as to be liable for their conduct with respect to the matters alleged in this

24   complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted

25   pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

26   each defendant knew or should have known about, authorized, ratified, adopted, approved,

27   controlled, aided and abetted the conduct of all other defendants. As used in this complaint,

28   "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

1   particular cause of action in which the word appears and includes all named Defendants and Does 1
2   through 100.

3       11.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,
4   employee, and/or joint venturer of each of the other defendants and was acting within the course and
5   scope of said conspiracy, agency, employment, and/or joint venture and with the permission and
6   consent of each of the other Defendants.

7       12.    Plaintiff makes the allegations in this complaint without any admission that, as to any
8   particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff
9   reserves all of Plaintiff rights to plead in the alternative.

10  **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

11      13.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order
12  ("Wage Order"), codified at California Code of Regulations title 8, section 11010, Defendants are
13  employers of Plaintiff within the meaning of the applicable Wage Order and applicable California
14  Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the
15  wrongs complained of herein in violation of the Wage Order and the California Labor Code.

16      14.    **Failure to pay wages for all hours worked at the legal minimum wage rate:**
17  Defendants employ many of their employees, including Plaintiff, as hourly non-exempt employees.
18  Defendants had a companywide policy, practice, and/or procedure which required the incoming
19  hourly non-exempt employees to meet with the outgoing hourly non-exempt employees before their
20  scheduled start time to receive information and/or instructions from the outgoing hourly non-exempt
21  employees. This time is commonly referred to as "turnover time." Yet, Defendants did not
22  compensate the outgoing shift employees for the "turnover time" that they spent passing information
23  or instructions to the incoming shift employees.

24      15.    Additionally, Defendants had a companywide policy, practice, and/or procedure
25  whereby Defendants' rounded down or shaved down Plaintiff's and hourly non-exempt employees'
26  daily hours worked to the nearest quarter of an hour to the benefit of Defendants without paying
27  hourly non-exempt employees for that time.

28

16.     Furthermore, Defendants required Plaintiff and their hourly non-exempt employees to wear personal protective equipment (PPE). Defendants had a companywide policy, practice, and/or procedure whereby Defendants required Plaintiff and hourly non-exempt employees to don their PPEs before clocking in at the start of their shift and doff their PPEs after clocking out at the end of their shift. This resulted in time each workday that Plaintiff and hourly non-exempt employees were under the direction and control of Defendants, but not compensated for their time.

17.     Finally, Defendants had a companywide policy, practice, and/or procedure whereby they required Plaintiff and hourly non-exempt employees to be "on-call," but did not pay them wages for "on-call" time. During "on-call" time Plaintiff's and hourly non-exempt employees' activities were so restricted that being "on-call" prevented them from engaging in personal activities. Yet, Defendants did not compensate Plaintiff and hourly non-exempt employees for their "on-call time."

18.     All of Defendants' aforementioned companywide policies, practices, and/or procedures resulted in time during which Plaintiff and other hourly non-exempt employees were subject to the control of Defendants but were not paid wages for that time.

19.     In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use time effectively for their own purposes. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.) In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business. Such time includes time an employee is required to be present (for reasons including but not limited to "turnover time" at the end of their shifts) from Defendants.

20.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the Wage Order.

21. Despite that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, as detailed above, Defendants would suffer and permit and require Plaintiff and hourly non-exempt employees to be subject to the direction and control outside of the time Defendants paid employees wages. This resulted in Plaintiff and other hourly non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 1194, 1197, and the Wage Order.

22. **Failure to authorize or permit meal periods and/or pay meal period premium wages at employees' regular rate of pay:** California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

23. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

24. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free. (*Id.*)

25. Defendants employed a policy, practice, and/or procedure of discouraging Plaintiff and hourly non-exempt employees from taking duty-free meal periods and outside of Defendants' work premises. Specifically, Defendants employed a policy, practice, and/or procedure whereby if Plaintiff or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiff and hourly non-exempt employees to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiff and other hourly non-exempt employees from taking all legally-required, duty-free meal periods.

26. Moreover, when Defendants paid Plaintiff and other hourly non-exempt employees' premium wages for missed meal periods, meal periods of less than 30 minutes, or meal periods that were not duty-free, Defendants failed to pay them one hour of pay at their regular rate of pay

because Defendants failed to include all remuneration when calculating Plaintiff's and hourly non-exempt employees' regular rate of pay. Specifically, Plaintiff and hourly non-exempt employees additional remuneration such as bonuses (including, but not limited to, for example safety bonuses and availability bonuses) during pay periods in which Defendants paid them meal period premium wages. Defendants, however, failed to include the payment of all remuneration, including bonuses, when calculating the regular rate of pay paid to Plaintiff and hourly non-exempt employees as meal period premium wages.

27. **Failure to pay premium wages to lab technicians to compensate them for workdays Defendants failed to authorize or permit legally-compliant rest periods, including third rest periods:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 1, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 1, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 1, subd. 12.)

28. The rest period requirement "obligates employers to permit and authorizes employees to take-off-duty rest periods. *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

29. If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not

duty free. (*Brinker, supra,* 53 Cal.4th 1029, Code §226.7; Wage Order 1, subd. 12.)

30. Defendants employed Plaintiff and other lab technicians in California in Defendants' operation as hourly non-exempt employees. Plaintiff and similarly situated lab technicians would often work on workdays in shifts of more than ten (10) hours, but Defendants employed a policy, practice, and/or procedure which failed to provide Plaintiff and other lab technicians with third rest periods when they worked more than 10 hours.

31. Additionally, Defendants did not authorize or permit its Plaintiff and similarly situated lab technicians to take legally-compliant rest breaks because Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and similarly situated lab technicians to remain onsite during their rest breaks, thereby retaining control over Plaintiff and similarly situated lab technicians.

32. Defendants failed to pay Plaintiff and hourly non-exempt lab technicians one hour of pay at their regular rate of pay for each workday they did not receive all legally-required and/or legally-compliant rest breaks. Defendants' failure to provide Plaintiff and hourly non-exempt lab technicians with rest breaks was in violation of Labor Code Section 226.7 and the IWC Wage Order. As such, Defendants owe Plaintiff and hourly non-exempt lab technicians rest period premium wages.

33. **Pay Stub Violations:** California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

1  corresponding number of hours worked at each hourly rate by the employee."

2      34.    Defendants failed to provide accurate wages statements to Plaintiff and other hourly

3  non-exempt employees. As a result of the aforementioned conduct (unrecorded and uncompensated

4  off the clock work; failure to provide meal period premium wages at the regular rate of pay; and

5  failure to pay rest premium wages), the wage statements Defendants provided to employees were

6  inadequate because Defendants inaccurately stated: the gross wages earned, the total hours worked,

7  the net wages earned, and the applicable hourly rates in effect during the pay period and

8  corresponding number of hours worked at each hourly rate.

9      35.    Defendants' policies and procedures were applied to all hourly non-exempt

10  employees in California and resulted in hourly non-exempt employees not receiving complete and

11  accurate wage statements in compliance with Labor Code section 226, subdivision (a).

12      36.    **Failure to Pay California Employees All Wages Due at Time of**

13  **Termination/Resignation**: An employer is required to pay all unpaid wages timely after an

14  employee's employment ends. The wages are due immediately upon termination (Lab. Code §201)

15  or within 72 hours of resignation (Lab. Code §202).

16      37.    Defendants failed to pay Plaintiff and other similarly situated employees with all

17  unpaid wages for all hours worked as fully stated above after each employee's termination and/or

18  resignation.

19      38.    Because Defendants failed to pay Plaintiff and other similarly situated hourly non-

20  exempt employees with all unpaid wages following their separation of employment, Defendants

21  violated Labor Code sections 201 and 202 which give rise to a waiting time penalty pursuant to

22  Labor Code section 203.

23  **V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**

24      39.    Plaintiff brings this action on behalf of himself, on behalf of all other hourly non-

25  exempt employees subject to the same policies, and on behalf of the General Public, and as a

26  member of a Class defined as follows:

27      A.    **Minimum Wage Class**: All current and former non-exempt employees

28  employed by Defendant in California at any time within the four years prior to the filing of the

initial complaint in this action and through the date notice is mailed to a certified class, who were under control of Defendants during time which Defendants did not pay wages for that time at the legal minimum wage rate,

B. **Meal Period Class:** All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who worked shifts more than five hours yet Defendants did not provide duty-free meal periods of not less than 30 minutes, discouraged from taking duty-free meal periods of not less than 30 minutes, and/or failed to pay meal period premium wages at the regular rate of pay.

C. **Rest Period Class:** All current and former hourly non-exempt lab technicians employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least 3.5 hours or more hours in day who did not receive legally-required and/or legally-compliant duty-free rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

D. **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendant in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

E. **Waiting Time Class:** All former non-exempt employees employed by Defendant in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period.

F. **California Class:** All aforementioned classes are here collectively referred to as the "California Class".

40. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity:** While the exact number of class members in each class is

unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

        **B.**    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

        i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages to employees at a minimum wage rate for time that the Minimum Wage Class were under control of Defendants but were not paid;

        ii.    Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without authorizing or permitting all their required meal periods or properly paying meal period premium wages;

        iii.    Whether Defendants violated California Labor Code section 226.7 by employing Rest Period Class Members without providing all their required rest periods or paying rest period premium wages;

        iv.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statement at the time they received their itemized statements;

        v.    Whether Defendants failed to provide the Waiting Time Class with all of their wages as well as their last wages within the statutory time period;

        vi.    Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*;

        vii.    Whether Class Members are entitled to unpaid wages, penalties and other relief in conjunction with their claims; and

        viii.    Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief;

        ix.    Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff, and the Class Members as a whole.

1    C.    **Typicality**: Plaintiff' claims are typical of the claims of the class members in

2    each of the classes. Plaintiff and the members of the Minimum Wage Class sustained damages

3    arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees

4    were subject to Defendants' control. Plaintiff and the members of the Meal Period Class and On-

5    Duty Meal Period Class sustained damages arising out of Defendants' failure to provide employees

6    all legally required meal periods and failure to pay meal period premium wages as compensation.

7    Plaintiff and the Members of the Rest Period Class sustained damages arising out of Defendants'

8    failure to provide non-exempt employees all legally-required rest periods and failure to pay rest

9    period premium wages as compensation. Plaintiff and the members of the Wage Statement Class

10    sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage

11    statements in compliance with California Labor Code section 226. Plaintiff and the members of the

12    Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet

13    earned wages due upon separation of employment within the statutory time limit.

14    D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

15    interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

16    other class members. Plaintiff's Counsel is experienced in class litigation and is qualified to conduct

17    the proposed class litigation

18    E.    **Superiority**: A class action is superior to other available means for the fair

19    and efficient adjudication of this controversy. Because individual joinder of all members of each

20    class is impractical, class action treatment will permit a large number of similarly situated persons to

21    prosecute their common claims in a single forum simultaneously, efficiently, and without the

22    unnecessary duplication of effort and expense that numerous individual actions would engender.

23    The expenses and burdens of individual litigation would make it difficult or impossible for

24    individual members of each class to redress the wrongs done to them, while important public

25    interests will be served by addressing the matter as a class action. The cost to and burden on the

26    court system of adjudication of individualized litigation would be substantial, and substantially

27    more than the costs and burdens of a class action. Individualized litigation would also present the

28    potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

# FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

### (Against all Defendants and DOE Defendants by the Minimum Wage Class)

41.    Plaintiff hereby incorporates by reference paragraphs 1-40 above, as if fully set herein by reference.

42.    At times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were hourly non-exempt employees of Defendants covered by Labor Code sections 1194 and 1197.

43.    Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44.    Defendants' payroll policies and procedures failed to compensate the Minimum Wage Class for all time that they were under control of Defendants and all time that they could not effectively use time for their own purposes because of the necessities of the employer's business.

45.    As a result of Defendants' unlawful conduct which include failure to pay Plaintiff and the members of the Minimum Wage class for all the hours that they worked for Defendants, Plaintiff and members of the Minimum Wage class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

46.    Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wages, interest thereon, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF

### CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER

**(As Against all Defendants and DOE Defendants by the Meal Period Class)**

47.     Plaintiff hereby incorporates by reference paragraphs 1-46 above, as if fully set herein by reference.

48.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 512 and 226.7 and the Wage Order.

49.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

50.     If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

51.     If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free. (*Id.*).

52.     Defendants failed to provide Plaintiff and the members of the Meal Period Class duty-free 30-minute meal period for each five-hour period of work as required by law.

53.     Defendants employed a policy, practice, and/or procedure of discouraging Plaintiff and hourly non-exempt employees from taking duty-free meal periods and outside of Defendants' work premises.  Specifically, Defendants employed a policy, practice, and/or procedure whereby if Plaintiff or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiff and hourly non-exempt employees to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiff and other hourly non-

1  exempt employees from taking all legally-required meal periods.

2  54.    Moreover, when Defendants paid Plaintiff and other hourly non-exempt employees'
3  premium wages for missed meal periods, meal periods of less than 30 minutes, or meal periods that
4  were not duty-free, Defendants failed to pay them one hour of pay at their regular rate of pay
5  because Defendants failed to include all remuneration when calculating Plaintiff's and hourly non-
6  exempt employees' regular rate of pay.  Specifically, Plaintiff and hourly non-exempt employees
7  additional remuneration such as bonuses (including, but not limited to, for example safety bonuses
8  and availability bonuses) during pay periods in which Defendants paid them meal period premium
9  wages.  Defendants, however, failed to include the payment of all remuneration, including bonuses,
10  when calculating the regular rate of pay paid to Plaintiff and hourly non-exempt employees as meal
11  period premium wages.

12  55.    Defendants employed policies and procedures which ensured employees did not
13  receive premium wages to compensate them for workdays that they did not receive either a full first
14  or a second meal period, or both.  This practice resulted in Plaintiff and Meal Period Class members
15  receiving premium wages, or not receiving premium wages at their regular rate of pay, to
16  compensate them for workdays which Defendants did not provide them with all required meal
17  periods, in compliance with California law.

18  56.    Defendants' policies and procedures prevented Plaintiff and other Meal Period Class
19  members from receiving all legally required meal periods or Defendants from providing such meal
20  periods to Plaintiff and other Meal Period Class Members during workdays the employees worked
21  more than six hours and/or more than ten hours in one shift.

22  57.    Defendants' unlawful conduct alleged herein occurred in the course of employment
23  of Plaintiff and all others similarly situated and such conduct has continued through the filing of this
24  Complaint.

25  58.    Because Defendants failed to provide proper meal periods, they are liable to Plaintiff
26  and the Meal Period Class Members for one hour of additional pay at the regular rate of
27  compensation for each workday that the proper meal period was not provided, pursuant to California
28  Labor Code section 226.7 and the Wage Order.

59.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

60.     Thus, Plaintiff and Meal Period Class Members are entitled to one hour of pay for each workday Defendants did not provide them all required meal periods, plus pre-judgment interest.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7 AND THE WAGE ORDER

### (As Against all Defendants and DOE Defendants by the Rest Period Class)

61.     Plaintiff hereby incorporates by reference paragraphs 1-60 above, as if fully set herein by reference.

62.     At all times relevant to this Complaint, Plaintiff and the members of the Rest Period Class were employees of Defendants, employed as lab technicians and covered by California Labor Code section 226.7 and the Wage Order.

63.     California law requires an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked. Cal. Lab. Code §226.7; Wage Order §12. Such rest periods must be in the middle of the four-hour period "insofar as practicable." *Id.* If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide at least one legally required rest period. *Id.*

64.     Further, pursuant to Labor Code Section 226.7 and the IWC Wage Orders, Plaintiff and members of the Rest Break Class were entitled to receive rest breaks of 10-net minutes for every four hours, or major fraction thereof, worked. Additionally, the rest period requirement "obligates employers to permit-and authorizes employees to take-off-duty rest periods. *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

65.     Defendants failed to provide Plaintiff and the Class Members all required rest

periods and failed to pay premium wages to Plaintiff and similarly situated employees to compensate them for each workday they did not receive all legally required rest periods. Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive all legally required rest periods. Specifically, Defendants failed to authorize or permit third rest periods when the employees were subject to Defendants' control between 10 and 14 hours.

66. Moreover, Defendants did not authorize or permit its Plaintiff and Rest Period Class members to take legally-compliant rest breaks because Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and Rest Period Class members to remain onsite during their rest breaks, thereby retaining control over Plaintiff and Rest Period Class members.

67. Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

68. This practice resulted in Defendants failing to pay Plaintiff and all other similarly situated employees premium wages to compensate them for workdays in which Defendants did not provide the employees with all required rest periods, in violation of California law.

69. Plaintiff, on behalf of himself and on behalf of the Rest Period Class, seeks damages and all other relief allowable including: rest period premium wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

70. Pursuant to California Labor Code section 226.7 and the Wage Order, Plaintiff and the Rest Period Class Members are entitled to one hour of pay for each workday Defendants failed to provide all required rest periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226 AND THE WAGE ORDERS

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

71. Plaintiff hereby incorporates by reference paragraphs 1-70 above, as if fully set herein by reference.

72. At all relevant times, Plaintiff and members of the Wage Statement Class were

employees of Defendants covered by Labor Code Section 226 and the IWC Wage Orders.

73.     Pursuant to Labor Code Section 226, subdivision (a), and IWC Wage Orders, Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement which included, but not limited to, the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74.     Defendants failed to provide accurate and complete wage statements to Plaintiff and members of the Wage Statement Class in accordance with Labor Code Section 226(a). Defendants failure to pay for all hours worked, failure to pay meal period premium wages or pay meal period premium wages at the regular rate of pay, and failure to pay premium wages for all non-compliant rest breaks, resulted in Defendants providing Plaintiff and members of the Wage Statement Class with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings, resulting in Defendants inaccurately recording and reporting earnings such as net and gross wages on the wage statements.

75.     Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

76.     As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has

prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

77. Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred (100) dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

78. Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and reasonable attorney's fees.

79. Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

### (Against All Defendants and DOE Defendants by the Waiting Time Class)

80. Plaintiff hereby incorporates by reference paragraphs 1-79 above, as if fully set herein by reference.

81. At all relevant times, Plaintiff and the other members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

82. Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if

1  they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid

2  prior to resignation at the time of resignation.

3  83.  Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages

4  earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff

5  is informed and believes and thereon alleges that at all relevant times within the limitations period

6  applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly

7  non-exempt employees upon separation of employment wages for all unpaid wages and/or not

8  paying them final wages timely upon separation of employment.

9  84.  Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages

10 earned prior to termination timely in accordance with Labor Code Sections 201 or 202 was willful.

11 Defendants had the ability to pay all wages earned by hourly workers prior to termination in

12 accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices

13 incompatible with the requirements of Labor Code Sections 201 or 202. Defendants' practices

14 included but are not limited to failing to pay wages for time employees were under control of

15 Defendants, meal period premium wages at the regular rate, and rest period premium wages. When

16 Defendants failed to pay hourly workers timely upon termination all wages earned prior to

17 termination, Defendants knew what they were doing and intended to do what they did.

18 85.  Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting

19 Time Class are entitled to all wages earned prior to termination that Defendants did not pay them.

20 86.  Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time

21 Class are entitled to continuation of their wages, from the day their earned and unpaid wages were

22 due upon termination until paid, up to a maximum of 30 days.

23 87.  As a result of Defendants conduct, Plaintiff and members of the Waiting Time Class

24 have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

25 earned prior to termination.

26 88.  As a result of Defendants conduct, Plaintiff and members of the 203 Class have

27 suffered damages in an amount, subject to proof, to the extent they were not paid all continuation

28 wages owed under Labor Code Section 203.

89. Pursuant to Labor Code Sections Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(As Against all Defendants and DOE Defendants by the California Class)**

90. Plaintiff hereby incorporates by reference paragraphs 1-89 above, as if fully set herein by reference.

91. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in failing to pay employees for all hours which they worked, failing to pay meal period premium wages, or pay them at employees' regular rate of pay, failing to pay rest period premium wages, untimely payment of all unpaid wages after separation of employment, and providing of inaccurate wage statements. Due to Defendants' unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees for all hours worked.

92. As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

93. Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices.

94. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of

the unlawful practices, policies and patterns set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:

ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2. That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3. A declaratory judgment that the practices complained herein are unlawful; and,

4. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## ON THE FIRST CAUSE OF ACTION:

1. That the Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not necessarily limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to Labor Code section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

7. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1.      That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Meal Period Class;

2.      For damages, according to proof, including unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE THIRD CAUSE OF ACTION:

1.      That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Rest Period Class;

2.      For damages, according to proof, including unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FOURTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.     That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1.     That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.     A declaratory judgment that the practices complained herein are unlawful;

3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.     For restitution to the full extent permitted by law; and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: August 17, 2018                        Respectfully submitted,

                                              **LAVI & EBRAHIMIAN, LLP**

                                              By: _Vincent C. Granberry_
                                              Joseph Lavi, Esq.
                                              Vincent C. Granberry, Esq.
                                              Attorneys for PLAINTIFF
                                              DEREK L. MCGHEE
                                              and Other Class Members

## DEMAND FOR JURY TRIAL

PLAINTIFF DEREK L. MCGHEE demands a trial by jury for himself and the Class on all claims so triable.

Dated: August 17, 2018

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _____
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Attorneys for PLAINTIFF
DEREK L. MCGHEE
and Other Class Members



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Owen Russell<br>Andeavor<br>19100 Ridgewood Parkway<br>San Antonio, TX 78259 |
| **Electronic copy provided to:** | Eddie Field<br>Victoria Lawson<br>Legal Department<br>James Sloan<br>Valerie Norris |

| | |
|---|---|
| **Entity:** | Tesoro Refining & Marketing Company LLC<br>Entity ID Number  2336171 |
| **Entity Served:** | Tesoro Refining & Marketing Company LLC |
| **Title of Action:** | Derek L. McGhee vs. Tesoro Refining & Marketing Company LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Contra Costa County Superior Court, California |
| **Case/Reference No:** | C18-01699 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/29/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joseph Lavi<br>310-432-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** TESORO REFINING & MARKETING
*(AVISO AL DEMANDADO):* COMPANY LLC; ANDEAVOR; ANDEAVOR
LOGISTICS LP; and DOES 1 to 100, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D

AUG 17 2018

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

**YOU ARE BEING SUED BY PLAINTIFF:** DEREK L. MCGHEE, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
Wakefield Taylor Courthouse
725 Court Street
Martinez, CA 94553

**CASE NUMBER**
*(Número del Caso):*
C18 - 01699

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 27643)    Phone: (310) 432-0000  Fax: (310) 432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211

DATE: AUG 17 2018    Clerk, by _____ A. Adams _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Tesoro Refining & Marketing Company LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify):* LLC
4. ☑ by personal delivery on *(date):* 8/29/2018

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** TESORO REFINING & MARKETING
*(AVISO AL DEMANDADO):* COMPANY LLC; ANDEAVOR; ANDEAVOR
LOGISTICS LP; and DOES 1 to 100, inclusive



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D

AUG 17 2018

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
A. Adams, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** DEREK L. MCGHEE, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>Wakefield Taylor Courthouse<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del caso):*<br>**C 18 - 01699** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276433)   Phone: (310) 432-0000   Fax: (310) 432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211

| DATE:<br>*(Fecha)* AUG 17 2018 | Clerk, by<br>*(Secretario)* A. Adams | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
ℒ Plus

Code of Civil Procedure §§ 412.20, 465

MCGHEE VS. TESORO REFINING

MSC18-01699

NOTICE OF ASSIGNMENT TO DEPARTMENT THIRTY-NINE FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 39, Judge E. Weil
presiding, for all purposes; Department 39 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 39 on 10/19/18
   at 8:30 a.m.
   (a) If the case has been designated as complex, and no counter-
       designation has been filed, the Court will hold its first
       case management conference at that time.
   (b) If the case has been assigned to Department 39 on a
       preliminary basis the Court will hold a hearing to determine
       if the matter is, or is not, complex. If the matter is
       determined to be complex, the Court will then proceed with
       the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

   A. Plaintiff shall diligently proceed in locating and serving each
      and every defendant. It is the Court's intention that each party
      be served in sufficient time to have entered an appearance within
      the time allowed by law and to attend the first conference.
   B. All discovery shall be stayed excepting as all parties to the
      action might otherwise stipulate or the Court otherwise order.
   C. No party shall destroy any writing or other evidence in its
      possession or under its control which bears in any way upon the
      matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer
such party may alternatively file a notice of general appearance.
In such event the time for filing of an answer or demurrer
shall be extended to twenty (20) days following the first
conference unless the Court shall, at that time, set a different
schedule.
E. Counsel for each party shall do a conflict check to determine
whether such counsel might have a possible conflict of interest
as to any present or contemplated future party.

BY ORDER OF THE COURT

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Joseph Lavi, Esq. (State Bar No. 209776)
Vincent C. Granberry, Esq. (State Bar No. 276483)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
TELEPHONE NO.: (310) 432-0000    FAX NO.: (310) 432-0001
ATTORNEY FOR *(Name):* DEREK L. MCGHEE, on behalf of himself and others similarly situated

**FOR COURT USE ONLY**

F I L E D
AUG 17 2018
K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
K. Abbott, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

**CASE NAME:** DEREK L. MCGHEE v. TESORO REFINING &
MARKETING COMPANY LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | C 18 - 01699 JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 5 Labor Code Violations; 1 UCL Claim
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 17, 2018

Vincent C. Granberry, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

# UNLIMITED JURISDICTION
## Civil Actions
## PACKET

### What you will find in this packet:

- **Notice To Plaintiffs** (CV-655a-INFO)
- **Notice To Defendants** (CV-655d-INFO)
- **ADR Case Management Stipulation and Order** (CV-655b)
- **Case Management Statement** (CM-110)
- **Alternative Dispute Resolution (ADR) Information** (CV-655c-INFO)

**AFTER YOU FILE YOUR COURT CASE:**

1. **Have the forms the clerk gives you served on all defendants in this case:**
    a. The Complaint
    b. The Summons
    c. The Notice of Case Management Conference (shows hearing date and time)
    d. The Notice to Defendants (Local Court Form CV-655d-INFO)
    e. Blank: Case Management Statement (Judicial Council Form CM-110)
    f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
    g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules, Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

**VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)**

In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED</u>.  The packet you have been served should contain:

   a.   The Summons
   b.   The Complaint
   c.   The Notice of Case Management (shows hearing date and time)
   d.   <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
   e.   <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference
       90 Days (Local Court Form CV-655b)
   f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

<u>You must:</u>

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management  Statement  (CM-110)***

3. **File and serve your court papers on time**  Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**  by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**  If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>*Stipulation and Order*</u> <u>*to Attend ADR and Delay First Case Management Conference 90 Days*</u> can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

<u>COURT FEES:</u>  You may pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____
Defendant(s) / Cross Defendant(s)

### ADR Case Management Stipulation and Order
### (Unlimited Jurisdiction Civil Cases)

CASE NO: _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation  (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration  (☐ Judicial Arbitration (non-binding)  ☐ Private (non-binding)  ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by (date): _____ (no more than 14 days after filing this form)
   c. ADR shall be completed by (date): _____ (no more than 90 days after filing this form)
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery:  (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the Case Management Orders to find IT IS SO ORDERED that

TELEPHONE NO.:　　　　　　　FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

(Check one):　☐ **UNLIMITED CASE**　　☐ **LIMITED CASE**
　　　　　　　　(Amount demanded　　　　(Amount demanded is $25,000
　　　　　　　　exceeds $25,000)　　　　or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:　　　　　　　Time:　　　　　　　Dept.:　　　　Div.:　　　　Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint　　☐ cross-complaint　　(Describe, including causes of action):

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*: |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CONTRA COSTA COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form), or
- Agree to ADR at your first court appearance.

*Questions?* Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

1 | Joseph Lavi, Esq. (State Bar No. 209776)
Vincent C. Granberry, Esq. (State Bar No. 276483)
2 | **LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
3 | Beverly Hills, California 90211
Telephone: (310) 432-0000
4 | Facsimile: (310) 432-0001
5 |
Attorneys for PLAINTIFF
6 | DEREK L. MCGHEE, on behalf of himself
and others similarly situated.
7 |
8 |

FILED

AUG 17 2018

K. RIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
A. Adams, Deputy Clerk

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT. 21, FOR ALL
PURPOSES.

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| DEREK L. MCGHEE, on behalf of himself and others similarly situated, <br><br> PLAINTIFF, <br><br> vs. <br><br> TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive, <br><br> DEFENDANTS. | Case No.: **C 18 - 0 1 6 9 9** <br><br> **CLASS ACTION** <br><br> **PLAINTIFF DEREK L. MCGHEE'S COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:** <br><br> **1. FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** <br><br> **2. FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS AND/OR PAY MEAL PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** <br><br> **3. FAILURE TO PROVIDE REST BREAKS AND REST BREAK PREMIUM WAGES IN VIOLATION OF LABOR CODE SECTION 226.7** <br><br> **4. FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** |

**FAX FILING**

5.    **FAILURE TO TIMELY PAY
      WAGES DUE AT TIME OF
      SEPARATION OF EMPLOYMENT
      IN VIOLATION OF LABOR CODE
      SECTIONS 201, 202, AND 203**

6.    **UNFAIR BUSINESS PRACTICES
      IN VIOLATION OF BUSINESS
      AND PROFESSIONS CODE
      SECTION 17200**, *et seq.*

      **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DEREK L. MCGHEE ("Plaintiff"), who alleges and complains against DEFENDANTS TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive, (hereinafter, collectively referred to as "Defendants") as follows:

I.    **INTRODUCTION**

1.      This is a class action lawsuit seeking unpaid wages, interest, and penalties based on Defendants' failure to pay the following: wages for all hours worked at minimum wage rate of pay; meal period premium wages at the regular rate of pay; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 226(e), 1194, and 2699(g)(1), costs, and interest brought on behalf of Plaintiff and others similarly situated.

II.   **JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid wages for all time worked at minimum and/or overtime wage, statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees; and claims for restitution under Business & Professions Code section 17200 *et seq.* because Defendants employed putative class members, non-exempt operations employees, in locations throughout California which includes a Contra Costa County location where alleged injuries occurred, Tesoro Golden Eagle Refinery located at 150 Solano Way, Pacheco, CA 94553.

## III. **PARTIES**

3.    Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated, including hourly non-exempt employees working in California for Defendants within the four years prior to the filing of this action. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who worked as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of and domiciled in California and was employed in a non-exempt position by Defendants, within the four years prior to the filing of the complaint.

4.    Plaintiff is informed and believes and thereon alleges that Defendant TESORO REFINING & MARKETING COMPANY LLC is a Delaware limited liability company with its primarily place of business being in Pacheco, California, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein. Defendant TESORO REFINING & MARKETING COMPANY LLC's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

5.    Plaintiff is informed and believes and thereon alleges that Defendant ANDEAVOR is a Delaware limited liability company with its primarily place of business being in Pacheco, California, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein. Defendant ANDEAVOR's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

6.    Plaintiff is informed and believes and thereon alleges that Defendant ANDEAVOR LOGISTICS LP is a Delaware limited liability company with its primarily place of business being in Pacheco, California, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare

Commission's wage orders alleged in more detail herein. Defendant ANDEAVOR LOGISTICS LP's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 50 are corporations or are other business entities or organizations of a nature unknown to Plaintiff.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 51 through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant who violated or caused to be violated the minimum wage and meal period provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work.

9. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

10. Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

1  particular cause of action in which the word appears and includes all named Defendants and Does 1
2  through 100.

3      11.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,
4  employee, and/or joint venturer of each of the other defendants and was acting within the course and
5  scope of said conspiracy, agency, employment, and/or joint venture and with the permission and
6  consent of each of the other Defendants.

7      12.    Plaintiff makes the allegations in this complaint without any admission that, as to any
8  particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff
9  reserves all of Plaintiff rights to plead in the alternative.

10  **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

11      13.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order
12  ("Wage Order"), codified at California Code of Regulations title 8, section 11010, Defendants are
13  employers of Plaintiff within the meaning of the applicable Wage Order and applicable California
14  Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the
15  wrongs complained of herein in violation of the Wage Order and the California Labor Code.

16      14.    **Failure to pay wages for all hours worked at the legal minimum wage rate:**
17  Defendants employ many of their employees, including Plaintiff, as hourly non-exempt employees.
18  Defendants had a companywide policy, practice, and/or procedure which required the incoming
19  hourly non-exempt employees to meet with the outgoing hourly non-exempt employees before their
20  scheduled start time to receive information and/or instructions from the outgoing hourly non-exempt
21  employees. This time is commonly referred to as "turnover time." Yet, Defendants did not
22  compensate the outgoing shift employees for the "turnover time" that they spent passing information
23  or instructions to the incoming shift employees.

24      15.    Additionally, Defendants had a companywide policy, practice, and/or procedure
25  whereby Defendants' rounded down or shaved down Plaintiff's and hourly non-exempt employees'
26  daily hours worked to the nearest quarter of an hour to the benefit of Defendants without paying
27  hourly non-exempt employees for that time.

28

16.     Furthermore, Defendants required Plaintiff and their hourly non-exempt employees to wear personal protective equipment (PPE). Defendants had a companywide policy, practice, and/or procedure whereby Defendants required Plaintiff and hourly non-exempt employees to don their PPEs before clocking in at the start of their shift and doff their PPEs after clocking out at the end of their shift. This resulted in time each workday that Plaintiff and hourly non-exempt employees were under the direction and control of Defendants, but not compensated for their time.

17.     Finally, Defendants had a companywide policy, practice, and/or procedure whereby they required Plaintiff and hourly non-exempt employees to be "on-call," but did not pay them wages for "on-call" time. During "on-call" time Plaintiff's and hourly non-exempt employees' activities were so restricted that being "on-call" prevented them from engaging in personal activities. Yet, Defendants did not compensate Plaintiff and hourly non-exempt employees for their "on-call time."

18.     All of Defendants' aforementioned companywide policies, practices, and/or procedures resulted in time during which Plaintiff and other hourly non-exempt employees were subject to the control of Defendants but were not paid wages for that time.

19.     In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use time effectively for their own purposes. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.) In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business. Such time includes time an employee is required to be present (for reasons including but not limited to "turnover time" at the end of their shifts) from Defendants.

20.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the Wage Order.

21. Despite that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, as detailed above, Defendants would suffer and permit and require Plaintiff and hourly non-exempt employees to be subject to the direction and control outside of the time Defendants paid employees wages. This resulted in Plaintiff and other hourly non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 1194, 1197, and the Wage Order.

22. **Failure to authorize or permit meal periods and/or pay meal period premium wages at employees' regular rate of pay:** California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

23. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

24. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free. (*Id.*)

25. Defendants employed a policy, practice, and/or procedure of discouraging Plaintiff and hourly non-exempt employees from taking duty-free meal periods and outside of Defendants' work premises. Specifically, Defendants employed a policy, practice, and/or procedure whereby if Plaintiff or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiff and hourly non-exempt employees to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiff and other hourly non-exempt employees from taking all legally-required, duty-free meal periods.

26. Moreover, when Defendants paid Plaintiff and other hourly non-exempt employees' premium wages for missed meal periods, meal periods of less than 30 minutes, or meal periods that were not duty-free, Defendants failed to pay them one hour of pay at their regular rate of pay

because Defendants failed to include all remuneration when calculating Plaintiff's and hourly non-exempt employees' regular rate of pay. Specifically, Plaintiff and hourly non-exempt employees additional remuneration such as bonuses (including, but not limited to, for example safety bonuses and availability bonuses) during pay periods in which Defendants paid them meal period premium wages. Defendants, however, failed to include the payment of all remuneration, including bonuses, when calculating the regular rate of pay paid to Plaintiff and hourly non-exempt employees as meal period premium wages.

27. **Failure to pay premium wages to lab technicians to compensate them for workdays Defendants failed to authorize or permit legally-compliant rest periods, including third rest periods:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 1, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 1, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 1, subd. 12.)

28. The rest period requirement "obligates employers to permit and authorizes employees to take-off-duty rest periods. *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

29. If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not

duty free. (*Brinker, supra,* 53 Cal.4th 1029, Code §226.7; Wage Order 1, subd. 12.)

30. Defendants employed Plaintiff and other lab technicians in California in Defendants' operation as hourly non-exempt employees. Plaintiff and similarly situated lab technicians would often work on workdays in shifts of more than ten (10) hours, but Defendants employed a policy, practice, and/or procedure which failed to provide Plaintiff and other lab technicians with third rest periods when they worked more than 10 hours.

31. Additionally, Defendants did not authorize or permit its Plaintiff and similarly situated lab technicians to take legally-compliant rest breaks because Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and similarly situated lab technicians to remain onsite during their rest breaks, thereby retaining control over Plaintiff and similarly situated lab technicians.

32. Defendants failed to pay Plaintiff and hourly non-exempt lab technicians one hour of pay at their regular rate of pay for each workday they did not receive all legally-required and/or legally-compliant rest breaks. Defendants' failure to provide Plaintiff and hourly non-exempt lab technicians with rest breaks was in violation of Labor Code Section 226.7 and the IWC Wage Order. As such, Defendants owe Plaintiff and hourly non-exempt lab technicians rest period premium wages.

33. **Pay Stub Violations:** California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

1    corresponding number of hours worked at each hourly rate by the employee."

2        34.    Defendants failed to provide accurate wages statements to Plaintiff and other hourly

3    non-exempt employees. As a result of the aforementioned conduct (unrecorded and uncompensated

4    off the clock work; failure to provide meal period premium wages at the regular rate of pay; and

5    failure to pay rest premium wages), the wage statements Defendants provided to employees were

6    inadequate because Defendants inaccurately stated: the gross wages earned, the total hours worked,

7    the net wages earned, and the applicable hourly rates in effect during the pay period and

8    corresponding number of hours worked at each hourly rate.

9        35.    Defendants' policies and procedures were applied to all hourly non-exempt

10    employees in California and resulted in hourly non-exempt employees not receiving complete and

11    accurate wage statements in compliance with Labor Code section 226, subdivision (a).

12        36.   **Failure to Pay California Employees All Wages Due at Time of**

13    **Termination/Resignation**: An employer is required to pay all unpaid wages timely after an

14    employee's employment ends. The wages are due immediately upon termination (Lab. Code §201)

15    or within 72 hours of resignation (Lab. Code §202).

16        37.    Defendants failed to pay Plaintiff and other similarly situated employees with all

17    unpaid wages for all hours worked as fully stated above after each employee's termination and/or

18    resignation.

19        38.    Because Defendants failed to pay Plaintiff and other similarly situated hourly non-

20    exempt employees with all unpaid wages following their separation of employment, Defendants

21    violated Labor Code sections 201 and 202 which give rise to a waiting time penalty pursuant to

22    Labor Code section 203.

23   **V.**    **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

24        39.    Plaintiff brings this action on behalf of himself, on behalf of all other hourly non-

25    exempt employees subject to the same policies, and on behalf of the General Public, and as a

26    member of a Class defined as follows:

27        A.    **Minimum Wage Class**: All current and former non-exempt employees

28    employed by Defendant in California at any time within the four years prior to the filing of the

initial complaint in this action and through the date notice is mailed to a certified class, who were under control of Defendants during time which Defendants did not pay wages for that time at the legal minimum wage rate.

B. **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who worked shifts more than five hours yet Defendants did not provide duty-free meal periods of not less than 30 minutes, discouraged from taking duty-free meal periods of not less than 30 minutes, and/or failed to pay meal period premium wages at the regular rate of pay.

C. **Rest Period Class**: All current and former hourly non-exempt lab technicians employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least 3.5 hours or more hours in day who did not receive legally-required and/or legally-compliant duty-free rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

D. **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendant in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

E. **Waiting Time Class**: All former non-exempt employees employed by Defendant in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period.

F. **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

40. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity**: While the exact number of class members in each class is

unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i. Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages to employees at a minimum wage rate for time that the Minimum Wage Class were under control of Defendants but were not paid;

ii. Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without authorizing or permitting all their required meal periods or properly paying meal period premium wages;

iii. Whether Defendants violated California Labor Code section 226.7 by employing Rest Period Class Members without providing all their required rest periods or paying rest period premium wages;

iv. Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statement at the time they received their itemized statements;

v. Whether Defendants failed to provide the Waiting Time Class with all of their wages as well as their last wages within the statutory time period;

vi. Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*;

vii. Whether Class Members are entitled to unpaid wages, penalties and other relief in conjunction with their claims; and

viii. Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief;

ix. Whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff, and the Class Members as a whole.

C. **Typicality:** Plaintiff' claims are typical of the claims of the class members in each of the classes. Plaintiff and the members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and the members of the Meal Period Class and On-Duty Meal Period Class sustained damages arising out of Defendants' failure to provide employees all legally required meal periods and failure to pay meal period premium wages as compensation. Plaintiff and the Members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees all legally-required rest periods and failure to pay rest period premium wages as compensation. Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with California Labor Code section 226. Plaintiff and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D. **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's Counsel is experienced in class litigation and is qualified to conduct the proposed class litigation

E. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F. **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

### (Against all Defendants and DOE Defendants by the Minimum Wage Class)

41. Plaintiff hereby incorporates by reference paragraphs 1-40 above, as if fully set herein by reference.

42. At times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were hourly non-exempt employees of Defendants covered by Labor Code sections 1194 and 1197.

43. Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44. Defendants' payroll policies and procedures failed to compensate the Minimum Wage Class for all time that they were under control of Defendants and all time that they could not effectively use time for their own purposes because of the necessities of the employer's business.

45. As a result of Defendants' unlawful conduct which include failure to pay Plaintiff and the members of the Minimum Wage class for all the hours that they worked for Defendants, Plaintiff and members of the Minimum Wage class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

46. Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wages, interest thereon, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF
### CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER
#### (As Against all Defendants and DOE Defendants by the Meal Period Class)

47.     Plaintiff hereby incorporates by reference paragraphs 1-46 above, as if fully set herein by reference.

48.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 512 and 226.7 and the Wage Order.

49.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (Id.)

50.     If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

51.     If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free. (Id.).

52.     Defendants failed to provide Plaintiff and the members of the Meal Period Class duty-free 30-minute meal period for each five-hour period of work as required by law.

53.     Defendants employed a policy, practice, and/or procedure of discouraging Plaintiff and hourly non-exempt employees from taking duty-free meal periods and outside of Defendants' work premises. Specifically, Defendants employed a policy, practice, and/or procedure whereby if Plaintiff or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiff and hourly non-exempt employees to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiff and other hourly non-

exempt employees from taking all legally-required meal periods.

54. Moreover, when Defendants paid Plaintiff and other hourly non-exempt employees' premium wages for missed meal periods, meal periods of less than 30 minutes, or meal periods that were not duty-free, Defendants failed to pay them one hour of pay at their regular rate of pay because Defendants failed to include all remuneration when calculating Plaintiff's and hourly non-exempt employees' regular rate of pay. Specifically, Plaintiff and hourly non-exempt employees additional remuneration such as bonuses (including, but not limited to, for example safety bonuses and availability bonuses) during pay periods in which Defendants paid them meal period premium wages. Defendants, however, failed to include the payment of all remuneration, including bonuses, when calculating the regular rate of pay paid to Plaintiff and hourly non-exempt employees as meal period premium wages.

55. Defendants employed policies and procedures which ensured employees did not receive premium wages to compensate them for workdays that they did not receive either a full first or a second meal period, or both. This practice resulted in Plaintiff and Meal Period Class members receiving premium wages, or not receiving premium wages at their regular rate of pay, to compensate them for workdays which Defendants did not provide them with all required meal periods, in compliance with California law.

56. Defendants' policies and procedures prevented Plaintiff and other Meal Period Class members from receiving all legally required meal periods or Defendants from providing such meal periods to Plaintiff and other Meal Period Class Members during workdays the employees worked more than six hours and/or more than ten hours in one shift.

57. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this Complaint.

58. Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and the Meal Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal period was not provided, pursuant to California Labor Code section 226.7 and the Wage Order.

59. Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

60. Thus, Plaintiff and Meal Period Class Members are entitled to one hour of pay for each workday Defendants did not provide them all required meal periods, plus pre-judgment interest.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7 AND THE WAGE ORDER

#### (As Against all Defendants and DOE Defendants by the Rest Period Class)

61. Plaintiff hereby incorporates by reference paragraphs 1-60 above, as if fully set herein by reference.

62. At all times relevant to this Complaint, Plaintiff and the members of the Rest Period Class were employees of Defendants, employed as lab technicians and covered by California Labor Code section 226.7 and the Wage Order.

63. California law requires an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked. Cal. Lab. Code §226.7; Wage Order §12. Such rest periods must be in the middle of the four-hour period "insofar as practicable." *Id.* If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide at least one legally required rest period. *Id.*

64. Further, pursuant to Labor Code Section 226.7 and the IWC Wage Orders, Plaintiff and members of the Rest Break Class were entitled to receive rest breaks of 10-net minutes for every four hours, or major fraction thereof, worked. Additionally, the rest period requirement "obligates employers to permit-and authorizes employees to take-off-duty rest periods. *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

65. Defendants failed to provide Plaintiff and the Class Members all required rest

periods and failed to pay premium wages to Plaintiff and similarly situated employees to compensate them for each workday they did not receive all legally required rest periods. Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive all legally required rest periods. Specifically, Defendants failed to authorize or permit third rest periods when the employees were subject to Defendants' control between 10 and 14 hours.

66. Moreover, Defendants did not authorize or permit its Plaintiff and Rest Period Class members to take legally-compliant rest breaks because Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and Rest Period Class members to remain onsite during their rest breaks, thereby retaining control over Plaintiff and Rest Period Class members.

67. Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

68. This practice resulted in Defendants failing to pay Plaintiff and all other similarly situated employees premium wages to compensate them for workdays in which Defendants did not provide the employees with all required rest periods, in violation of California law.

69. Plaintiff, on behalf of himself and on behalf of the Rest Period Class, seeks damages and all other relief allowable including: rest period premium wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

70. Pursuant to California Labor Code section 226.7 and the Wage Order, Plaintiff and the Rest Period Class Members are entitled to one hour of pay for each workday Defendants failed to provide all required rest periods, plus pre-judgment interest.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF**

**LABOR CODE SECTION 226 AND THE WAGE ORDERS**

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

71. Plaintiff hereby incorporates by reference paragraphs 1-70 above, as if fully set herein by reference.

72. At all relevant times, Plaintiff and members of the Wage Statement Class were

employees of Defendants covered by Labor Code Section 226 and the IWC Wage Orders.

73. Pursuant to Labor Code Section 226, subdivision (a), and IWC Wage Orders, Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement which included, but not limited to, the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74. Defendants failed to provide accurate and complete wage statements to Plaintiff and members of the Wage Statement Class in accordance with Labor Code Section 226(a). Defendants failure to pay for all hours worked, failure to pay meal period premium wages or pay meal period premium wages at the regular rate of pay, and failure to pay premium wages for all non-compliant rest breaks, resulted in Defendants providing Plaintiff and members of the Wage Statement Class with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings, resulting in Defendants inaccurately recording and reporting earnings such as net and gross wages on the wage statements.

75. Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

76. As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has

prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

77. Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred (100) dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

78. Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and reasonable attorney's fees.

79. Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

#### (Against All Defendants and DOE Defendants by the Waiting Time Class)

80. Plaintiff hereby incorporates by reference paragraphs 1-79 above, as if fully set herein by reference.

81. At all relevant times, Plaintiff and the other members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

82. Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if

1  they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid
2  prior to resignation at the time of resignation.

3     83.    Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages
4  earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff
5  is informed and believes and thereon alleges that at all relevant times within the limitations period
6  applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly
7  non-exempt employees upon separation of employment wages for all unpaid wages and/or not
8  paying them final wages timely upon separation of employment.

9     84.    Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages
10 earned prior to termination timely in accordance with Labor Code Sections 201 or 202 was willful.
11 Defendants had the ability to pay all wages earned by hourly workers prior to termination in
12 accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices
13 incompatible with the requirements of Labor Code Sections 201 or 202. Defendants' practices
14 included but are not limited to failing to pay wages for time employees were under control of
15 Defendants, meal period premium wages at the regular rate, and rest period premium wages. When
16 Defendants failed to pay hourly workers timely upon termination all wages earned prior to
17 termination, Defendants knew what they were doing and intended to do what they did.

18    85.    Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting
19 Time Class are entitled to all wages earned prior to termination that Defendants did not pay them.

20    86.    Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time
21 Class are entitled to continuation of their wages, from the day their earned and unpaid wages were
22 due upon termination until paid, up to a maximum of 30 days.

23    87.    As a result of Defendants conduct, Plaintiff and members of the Waiting Time Class
24 have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages
25 earned prior to termination.

26    88.    As a result of Defendants conduct, Plaintiff and members of the 203 Class have
27 suffered damages in an amount, subject to proof, to the extent they were not paid all continuation
28 wages owed under Labor Code Section 203.

89.     Pursuant to Labor Code Sections Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(As Against all Defendants and DOE Defendants by the California Class)**

90.     Plaintiff hereby incorporates by reference paragraphs 1-89 above, as if fully set herein by reference.

91.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in failing to pay employees for all hours which they worked, failing to pay meal period premium wages, or pay them at employees' regular rate of pay, failing to pay rest period premium wages, untimely payment of all unpaid wages after separation of employment, and providing of inaccurate wage statements. Due to Defendants' unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees for all hours worked.

92.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

93.     Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices.

94.     Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of

the unlawful practices, policies and patterns set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:**

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2. That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3. A declaratory judgment that the practices complained herein are unlawful; and,

4. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## ON THE FIRST CAUSE OF ACTION:

1. That the Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not necessarily limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to Labor Code section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

7. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.     That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Meal Period Class;

2.     For damages, according to proof, including unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.     That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Rest Period Class;

2.     For damages, according to proof, including unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.     That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to the Wage Statement Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

3.     For pre-judgment interest and post-judgment interest;

4.     For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FIFTH CAUSE OF ACTION:

1. That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3. For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SIXTH CAUSE OF ACTION:

1. That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2. A declaratory judgment that the practices complained herein are unlawful;

3. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4. For restitution to the full extent permitted by law; and,

5. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: August 17, 2018                    Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**


By: _Vincent C. Granberry_
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Attorneys for PLAINTIFF
DEREK L. MCGHEE
and Other Class Members

## DEMAND FOR JURY TRIAL

PLAINTIFF DEREK L. MCGHEE demands a trial by jury for himself and the Class on all claims so triable.

Dated: August 17, 2018

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _____

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Attorneys for PLAINTIFF
DEREK L. MCGHEE
and Other Class Members