1 | **SEYFARTH SHAW LLP**
William J. Dritsas (SBN 97523)
2 | *wdritsas@seyfarth.com*
560 Mission Street, 31st Floor
3 | San Francisco, CA  94105-2930
Telephone: (415) 397-2823
4 | Facsimile: (415) 397-8549

5 | **SEYFARTH SHAW LLP**
Timothy M. Rusche (SBN 230036)
6 | *trusche@seyfarth.com*
Timothy M. Fisher (SBN 272392)
7 | *tfisher@seyfarth.com*
Zaher Lopez (SBN 272293)
8 | *zlopez@seyfarth.com*
601 S. Figueroa Street, Suite 3300
9 | Los Angeles, California 90017
Telephone: (213) 270-9600
10 | Facsimile: (213) 270-9601

11 | Attorneys for Defendants
TESORO REFINING & MARKETING COMPANY LLC;
12 | ANDEAVOR; ANDEAVOR LOGISTICS LP

13 | Joseph Lavi, Esq. (State Bar No. 209776)
Vincent C. Granberry, Esq. (State Bar No. 276483)
14 | Anwar D. Burton, Esq. (State Bar No. 253504)
**LAVI & EBRAHIMIAN, LLP**
15 | 8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
16 | Telephone: (310) 432-0000
Facsimile: (310) 432-0001
17 |
Attorneys for Plaintiff
18 | DEREK L. MCGHEE, on behalf of himself
and others similarly situated.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| DEREK L. MCGHEE, on behalf of himself and others similarly situated, | Case No. 4:18-cv-05999-JSW |
|---|---|
| Plaintiff(s), | Honorable Jeffrey S. White |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive, | Date: February 1, 2019
Time: 11:00 a.m.
Location: Courtroom 5, 2nd Floor |
| Defendants. | Complaint Filed:    August 17, 2018 |

JOINT STATEMENT OF THE CASE

54407371v.3

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Clerk's Notice of October 16, 2018 and the Court's November 26, 2018 Order, the parties hereby submit their joint case management statement. The conference of counsel was held on January 11, 2019. Joseph Lavi of Lavi & Ebrahimian, LLP participated for Plaintiff, and Timothy Rusche of Seyfarth Shaw LLP participated for Defendants Tesoro Refining and Marketing Company, LLC, Andeavor LLC (formerly known as "Andeavor") and Andeavor Logistic LP (collectively, "Defendants").

**1.    Jurisdiction and Service**

This Court has jurisdiction of this matter pursuant to 28 U.S.C § 1332(a)(1), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. The three named defendants have been served. Plaintiff does not anticipate adding any additional defendants at this stage of the litigation. However, if additional defendants are later discovered, Plaintiffs will substitute them for the fictitiously named Doe Defendants as soon as possible, but no later than February 4, 2019, the last day indicated below for amendment of the complaint. Defendants assert the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) on the basis of preemption of Plaintiff's claims pursuant to the Labor Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. § 185, pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**2.    Facts**

**A.    Plaintiff's Contentions**

Defendants employed Plaintiff and other non-exempt employees in locations throughout California, including Contra Costa County at the Tesoro Golden Eagle Refinery located at 150 Solano Way, Pacheco, CA 94553. Plaintiff worked for Defendants as a non-exempt hourly employee on or around May 8, 2000, through on or about August 11, 2017.

This is a putative wage and hour class action brought by Plaintiffs against Defendants on behalf of themselves and non-exempt California employees alleging violations of California Labor Code and California Industrial Welfare Commission Wage Orders. Plaintiff alleges that Defendant failed to: pay for all hours worked at the minimum wage rate of pay in violation of California Labor Code Sections 1194 and 1197, and the Wage Orders; failed to provide legally compliant meal periods to employees who

worked over 6 hours in a workday in violation of California Labor Code Sections 226.7, 512, 1198, and the Wage Orders; failed to provide legally compliant rest breaks to employees who worked over 4 hours in a workday in violation of California Labor Code Sections 226.7, 1198, and the Wage Orders; and failed to timely pay employees all unpaid wages after separation of employment in violation of California Labor Code Sections 201 and 202. Plaintiff alleged that these California Labor Code violations also constituted Unfair Business Practices in violation of the California Business and Professions Code section 17200, et seq.

### B.   Defendants' Contentions

Plaintiff and the putative class he seeks to represent work in dozens of different positions, units, and functions, some of whom are in the union and represented by several different bargaining units at Defendants' Northern and Southern California refineries, all under very different operating conditions. Defendants authorized and permitted Plaintiff and the putative class to take legally compliant meal and rest periods, and properly compensated Plaintiff and the putative class for all wages earned at the lawful rates, including pursuant to a collection of collectively bargained agreements and rest and meal period policies that were negotiated with the full participation of Plaintiff's union representatives at the different units and refineries. Moreover, these various collectively bargained policies and agreements were negotiated in materially different respects to account for "turnover time," time for donning and doffing, "on-call time," operating conditions, Laboratory Technicians' duties, the provision of meal and rest periods, a mechanism for reporting and remedying purported meal and rest period violations, and payment of wages earned at the lawful rate. Defendants' policies comply with the law in all respects, and Plaintiff has not identified any facially defective policies.

Specifically, as to Plaintiffs and other Lab Technicians, they are authorized and permitted duty-free meal and rest periods at legally compliant intervals, and are properly compensated for all wages earned at the lawful rate. In addition, to the extent employees miss meal or rest periods due to work, they are to report it and Defendants' policy is to pay such penalties at the correct rate. The provision of those meal and rest periods is defined by—and inextricably intertwined with—the terms of over ten current and

expired collective bargaining agreements (and other union negotiated agreements and policies) applicable to the putative class. These collectively bargained agreements and policies address (1) "turnover time," (2) time for donning and doffing; (3) on-call time; (4) meal and rest period entitlement, (5) meal and rest period reporting channels and entitlement to premium pay for any reported violation, (6) shift relief, and (7) the Plaintiff's union's contractual obligation to bargain regarding any alleged non-compliance with new statutory or judicial interpretations.

**3.     Legal Issues**

   **A.     Plaintiff's Contentions**

Whether Defendants failed to failed to pay California non-exempt employees for all time worked at the minimum wage rate.

Whether Defendants failed to provide California non-exempt employees with legally compliant meal periods or meal period premium wages for workdays that non-exempt employees worked more than six hours in a workday.

Whether Defendants failed to provide California non-exempt employees with legally compliant rest periods or rest period premium wages for workdays that non-exempt employees worked more than four hours in a workday.

Whether Defendants failed to provide California non-exempt employees with all unpaid wages, derived from aforementioned payroll practices and meal and rest period practices, after separation of employment from Defendants.

Whether this case can properly proceed as a class action.

   **B.     Defendants' Contentions**

Plaintiff's claims are without merit, as Defendants have authorized and permitted legally compliant duty-free and uninterrupted meal and rest periods, and properly compensated Plaintiff and the putative class for all wages earned at the lawful rate pursuant to the collectively-bargained agreements and policies applicable to the putative class.

Further, some of Plaintiffs' claims are preempted by the LMRA in two broad respects. First, they require interpretation of a number of collective bargaining agreements (CBAs) addressing the terms and conditions of Defendants' authorization of meal and rest periods as well as the "on-call time."

1    Specifically, these CBAs set forth Defendants' policies authorizing and permitting rest periods, the
2    scheduling and length of meal and rest periods, the nature and extent of employees' release from duty
3    during meal and rest periods, and employees' rights to report violations and receive premium pay for any
4    non-compliant meal or rest periods.  Defendants also have collectively bargained the terms and conditions
5    for the payment of wages for purported "on-call time."  Plaintiff's claims place the terms of these CBAs,
6    letters of agreement, and negotiated policies squarely at issue.  Because these claims are substantially
7    dependent upon and intertwined with these CBAs, they are preempted by the LMRA.

8          In addition, Plaintiffs' Complaint includes several deficient claims. Specifically, Plaintiff
9    improperly: (i) alleges a wage statement violation [Cal. Lab. Code § 226] claim based on Labor Code
10   meal and rest period provisions that cannot support such a claim; (ii) alleges a claim for waiting time
11   penalties [Cal. Lab. Code §§ 201-203] incorrectly predicated on purported meal and rest period violations;
12   (iii) alleges an Unfair Competition Law ("UCL") claim also based on Labor Code meal and rest period
13   provisions that cannot support such a claim; and (iv) seeks injunctive relief without having standing to do
14   so.  These claims and requested remedies thus fail.

15         Finally, as discussed below, Plaintiffs' lawsuit is fundamentally not suited for class certification,
16   as the proposed class includes employees working at different refineries, in dozens of different positions,
17   units, and functions and Plaintiff has not identified any facially unlawful policy or uniformly applied,
18   unlawful policy.

19   **4.    Motions**

20         Defendants anticipate filing a Motion to Dismiss and Strike following Plaintiff's agreed-upon
21   filing of an Amended Complaint.  Plaintiffs' Opposition would be due 21 days after the Motion is filed.
22   Defendants' reply would be due 14 days after Plaintiffs' Opposition.  Defendant also anticipates filing a
23   motion for summary judgment and may also file a motion to deny class certification.

24         Plaintiff intends to file a Motion for Class Certification and may need to file motions related to
25   discovery, should issues arise. Plaintiff proposes that if Defendants intend to file a Motion for Summary
26   Judgment and/or Adjudication on Plaintiff's claims, then said motion should be heard prior Plaintiff filing
27   deadline to file a Motion for Class Certification since it may affect the claims at issues for certification
28   purposes.

**5.     Amendment of Pleadings**

Plaintiff anticipates filing an Amended Complaint on or before February 4, 2019.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The parties have agreed to exchange initial disclosures, as required by Federal Rule of Civil Procedure 26, by February 15, 2019.

**8.     Discovery**

Defendants have served Plaintiff with a Request for Production of Documents, Set One, and noticed Plaintiff's deposition for March 13, 2019. Further, the parties will exchange initial disclosures by February 15, 2019. No other discovery has been taken to date.

**A.     Plaintiff's Position**

Plaintiff has yet to serve discovery on Defendants. Plaintiff anticipates taking the deposition of Defendant's PMK after receipt of class information from Defendant. Plaintiff proposes the Parties engage in discovery regarding the propriety of class certification first. Upon the Court's resolution of Plaintiff's anticipated Motion for Class Certification, the Parties can then conduct discovery regarding the merits of Plaintiff's claims. Accordingly, Plaintiff respectfully request that the Court not set a discovery completion deadline until after its resolution of Plaintiff's anticipated Motion for Class Certification.

The Parties do not see any need for limitations or modifications of the discovery rules. The scope of written discovery and deposition testimony shall be in accordance with the Federal Rules of Civil Procedure.

Plaintiff proposes utilizing a *Belaire-West* notice and opt out process to collect putative class member contact information, if and when it becomes necessary. Plaintiff will meet and confer with Defendant on the specific procedures for such a process in an effort to reach an agreement and submit an appropriate proposed stipulated order to the Court.

5

JOINT STATEMENT OF THE CASE

54407371v.3

Plaintiff generally seeks the following, but reserves the right to expand the categories of discovery sought as needs arise:

(1) Request for Production of Documents: Documents related to Plaintiff's hours and compensation during his employment; documents related to Class Members hours and compensation during their employment, e.g., punch history of the class members during the class period with the private information being redacted and wage statements of the class members during the class period with the private information being redacted (redacted for purposes of precertification discovery); Documents related to Defendant's policies and procedures regarding calculation of minimum and overtime worked hours; Documents related to Defendant's policies and procedures regarding calculation of minimum and overtime wages; documents related to Defendant's policies and procedures regarding wage statements; documents related to Defendant's policies and procedures regarding time-keeping; documents related to policies related to Defendant's termination process, if any; documents related to Defendant's policies and procedures regarding clocking-in and out; punch history of the class members during the class period with the private information being redacted; wage statements and/or pay history corresponding to punch history of the class members during the class period with the private information being redacted; documents related to Plaintiff's hours and compensation during his employment.

(2) Interrogatories: explanation of Defendant's policies and procedures regarding calculation of minimum and overtime worked hours; explanation of Defendant's policies and procedures regarding calculation of minimum and overtime wages; explanation of Defendant's policies and procedures regarding rest breaks; explanation of Defendant's policies and procedures regarding payment of premium wages for missed rest breaks; explanation of Defendant's policies and procedures regarding payment of final wages; explanation of Defendant's policies and procedures regarding time-keeping; explanation of Defendant's termination process; explanation of Defendant's policies and procedures regarding clocking-in and out; explanation of Defendant's Wage statements; explanation of Defendant's policies and procedures regarding wage statements; names and address of the putative class members during the class period;

(3) Depositions: Rule 30(b)(6) deponent re: Defendant's policies and procedures regarding attendance; Rule 30(b)(6) deponent re: Defendant's policies and procedures regarding tardiness; Rule

1  30(b)(6) deponent re:  Defendant's policies and procedures regarding clocking in and out remotely; Rule
2  30(b)(6) deponent re:  Defendant's policies and procedures regarding termination process; Rule 30(b)(6)
3  deponent re: Defendant's policies and procedures regarding calculation of minimum and overtime worked
4  hours; Rule 30(b)(6) deponent re: Defendant's policies and procedures regarding calculation of minimum
5  and overtime wages; Rule 30(b)(6) deponent re:  Defendant's policies and procedures regarding rest
6  breaks; Rule 30(b)(6) deponent re: Defendant's policies and procedures regarding payment of premium
7  wages for missed rest breaks; Rule 30(b)(6) deponent re:  Defendant's policies and procedures regarding
8  payment of final wages; Rule 30(b)(6) deponent re: Defendant's policies and procedures regarding time-
9  keeping; Rule 30(b)(6) deponent re:  Defendant's termination process; Rule 30(b)(6) deponent re:
10  Defendant's policies and procedures regarding clocking-in and out;

11  (4) Assessment of Damages: Plaintiff feels it is premature to provide a good faith estimate
12  regarding the value of the case given that a motion for class certification has not been approved to date,
13  which may limit the perspective class. As such there are too many variables at this time to provide a
14  good faith estimate regarding this case's value.

15  **B.    Defendants' Position**

16  Plaintiff has no basis to conduct class-like discovery in this matter.  Plaintiff's discovery should
17  be limited to the position and location he worked. No discovery related to employees at other locations
18  and in other positions should be permitted because Plaintiff did not work at those locations or in those
19  positions.  Plaintiff should not be afforded unfettered access to state-wide discovery merely to conduct
20  a fishing expedition.  Plaintiff must have some information about purported company-wide violations
21  before obtaining such class-like discovery. *Rojas v. Brinderson Constructors Inc.*, 567 F. Supp. 2d 1205,
22  1211 (C.D. Cal. 2008) (It is "plaintiffs' duty to investigate and discover the factual bases of their claims
23  before filing a complaint; discovery is not an open range for plaintiffs to ride roughshod in the hope that
24  their claims may find support.").

25  Even if Plaintiff could somehow show that he was entitled to such discovery from Defendants,
26  the scope of that discovery should be limited to the location or position in which he worked. *See, e.g.,*
27  *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 508 (C.D. Cal. 2011) (holding plaintiffs were not
28  entitled to discovery from branch locations where they never worked absent some evidence to indicate

7

JOINT STATEMENT OF THE CASE

54407371v.3

company-wide violations).

Defendants intend to propound additional written discovery to Plaintiff and to take Plaintiff and putative class members' depositions. Defendants do not currently foresee issues relating to disclosure, discovery or preservation of ESI. Lastly, as detailed below, Defendants propose that a schedule be established through the class certification motion. Defendants therefore propose that a further CMC be set to establish subsequent discovery deadlines once it is determined whether or not a class will be certified in this matter.

**9.     Class Actions**

Plaintiff intends to prove that Defendants employed common policies and procedures as to calculating the employees worked hours and regular rate of pay. Plaintiff intends to prove that Defendants' common policies and procedures failed to properly pay its California non-exempt employees for all time worked at the minimum wage rate. Plaintiff intends to prove that Defendants' common policies and procedures failed to provide its California non-exempt employees legally compliant meal breaks when they worked in shifts of more than 5 hours and that Defendant failed to provide those employees with premium wages for missed meal breaks. Plaintiff intends to prove that Defendant' s common policies and procedures failed to provide the resigned and/or terminated employees with their final wages within the statutory time periods.

Plaintiff proposes a Class Certification deadline of eight (8) months after this Court Rules on Defendant' s Motion for Summary Judgment or in the alternative Summary Adjudication.

Defendants' position is that the merits of the underlying claims present highly individualized questions incapable of class resolution. Defendants meal and rest period, timekeeping, pay, and on-call policies are facially lawful. Absent a commonly applied unlawful policy, Plaintiff is left to rely on a purported divergence between lawful meal and rest period, timekeeping, pay, and on-call policies and actual practice, which necessarily presents individualized questions not subject to common proof or common resolution.

In addition, it is Defendants' position that the class includes employees working at different refineries in dozens of distinct positions, units, and functions, with vastly different functions and work conditions, unique shift scheduling practices and policies, different management and supervisors, and

diverse shift relief practices, all governed by ten different current and expired collective bargaining agreements.

Defendants propose the following schedule regarding Class Certification briefing: Plaintiffs will file their Motion by September 20, 2019. Defendants' Oppositions will be filed no later than October 21, 2019, and replies filed no later than November 20, 2019, with the hearing on December 13, 2019, 9:00 a.m., or as soon thereafter as the matter may be heard by the Court.

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief**

Plaintiff seeks unpaid wages, penalties and injunctive relief. Plaintiff also seeks statutory attorney's fees and recoverable costs, which cannot be computed at this time as litigation is ongoing. Plaintiff is not able to estimate the damages at this time since Plaintiff does not the size of the class and has not been provided with the Putative Class Members' timecards.

Plaintiff asserts that once liability is determined, the damages can be calculated by analyzing the timecards as well as surveys to determine the unpaid wages, as well as determining missed meal and/or rest breaks.

Defendants contend that their pay, meal and rest period, and other employment practices are lawful and that Plaintiff and the putative class members are not entitled to recover any damages, penalties, fees or costs.

**12.    Settlement and ADR**

The parties did not discuss or consider settlement or other ADR options. Plaintiff would be amenable to early private mediation if Defendants would agree to informally and/or informally produce information which would allow Plaintiff to properly evaluate the scope, strength, and weaknesses of the lawsuit.

**13.    Consent to Magistrate Judge For All Purposes**

The parties do not consent to having a magistrate judge conduct all proceedings in the case.

**14.    Other References**

9

JOINT STATEMENT OF THE CASE

54407371v.3

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

**15.   Narrowing of Issues**

As noted above, Plaintiff intends to file an amended Complaint removing the fourth cause of action for failure to provide complete and accurate wage statements. Additionally, the amended complaint will narrow the scope of Plaintiff's meal period claims to exclude employees who were covered by, or entered into an on-duty meal period agreement with Defendant within the four prior years prior to the filing of the initial Complaint to the present.

**16.   Expedited Trial Procedure**

This case is not suitable to be handled on an expedited basis with streamlined procedures.

**17.   Scheduling**

Plaintiff will file an amended complaint by February 4, 2019. The Parties agree that initial disclosures will be exchanged by February 15, 2019. As noted above, Plaintiff proposes a Class Certification filing deadline of eight (8) months after this Court Rules on Defendant's Motion to Summary Judgment or in the alternative Summary Adjudication. Plaintiff proposes a trial setting conference to occur following a ruling on Plaintiff's motion for class certification at which time the Parties will better know the scope of the case and appropriate deadlines for designation of experts, discovery cutoff, pretrial conference, and trial.

Defendants propose that a schedule be established through the class certification motion as follows:

| Event | [Proposed] Date |
|---|---|
| Last day to serve initial disclosures: | January 25, 2019 |
| Last day to amend Complaint: | February 4, 2019 |
| Class Certification<br>• Motion:<br>• Opposition:<br>• Reply:<br>• Hearing [proposed]: | <br>• September 20, 2019<br>• October 21, 2019<br>• November 20, 2019<br>• Dec. 13, 2019, 9:00 a.m. |

Defendants maintain that it is premature to set further dates prior to determining class certification. Once it is determined whether or not a class will be certified in this matter, Defendants propose that a further

CMC be set to establish subsequent deadlines.

### 18. Trial

The parties anticipate that the case will be tried to a jury. Given the preliminary stage of this case, the fact that the parties have yet to engage in any formal discovery, and unless and until the Court determines whether this case shall proceed as a class action, the parties believe it is premature to consider the length of trial. The parties request that they be permitted to file a Case Management Statement regarding issues related to trial after the Court rules on class certification.

### 19. Disclosure of Non-party Interested Entities or Persons

The parties certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

Plaintiff certifies that the named Plaintiff and putative class are the only persons with an interest in the litigation.

Defendants certify that, other than the named parties, only Andeavor LLC (formerly Andeavor) has an interest in the litigation.

### 20. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. Other Matters

There are no other matters not listed above, which would help to facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: January 25, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Zaher Lopez*
William J. Dristas
Timothy M. Rusche
Timothy M. Fisher
Zaher Lopez

Attorneys For Defendants
TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR LLC (formerly Andeavor); ANDEAVOR LOGISTICS LP

DATED: January 25, 2019

Respectfully submitted,

LAVI & EBRAHIMIAN, LLP

By: */s/ Vincent C. Granberry*
Joseph Lavi
Vincent C. Granberry

Attorneys For Plaintiff
DEREK L. MCGHEE, on behalf of himself and others similarly situated,

## ATTESTATION PURSUANT TO LOCAL RULE 5-1

I, Zaher Lopez, attest that concurrence in the filing of this Stipulation has been obtained from each of the other signatories.

By: */s/ Zaher Lopez*
Zaher Lopez