Joseph Lavi, Esq. (State Bar No. 209776)
Vincent C. Granberry, Esq. (State Bar No. 276483)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California  90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF
DEREK L. MCGHEE, on behalf of himself
and others similarly situated.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MCGHEE, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive,<br><br>DEFENDANTS. | Case No.:  4:18-cv-05999-JSW<br><br>**CLASS ACTION**<br><br>**PLAINTIFF DEREK L. MCGHEE'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:**<br><br>**1.   FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>**2.   FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS AND/OR PAY MEAL PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**<br><br>**3.   FAILURE TO PROVIDE REST BREAKS AND REST BREAK PREMIUM WAGES IN VIOLATION OF LABOR CODE SECTION 226.7**<br><br>**4.   FAILURE TO TIMELY PAY WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203** |

**5.**    **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

**DEMAND FOR JURY TRIAL**

     **NOW COMES** Plaintiff, DEREK L. MCGHEE ("Plaintiff"), who alleges and complains against DEFENDANTS TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive, (hereinafter, collectively referred to as "Defendants") as follows:

**I.**    **INTRODUCTION**

    1.    This is a class action lawsuit seeking unpaid wages, interest, and penalties based on Defendants' failure to pay the following: wages for all hours worked at minimum wage rate of pay; meal period premium wages at the regular rate of pay; waiting time penalties in the form of continuation wages for failure to timely pay employees; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 1194 and 2699(g)(1), costs, and interest brought on behalf of Plaintiff and others similarly situated.

**II.**    **JURISDICTION AND VENUE**

    2.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid wages for all time worked at minimum and/or overtime wage; waiting time penalties in the form of continuation wages for failure to timely pay employees; and claims for restitution under Business & Professions Code section 17200 *et seq.* because Defendants employed putative class members, non-exempt operations employees, in locations throughout California which includes a Contra Costa County location where alleged injuries occurred, Tesoro Golden Eagle Refinery located at 150 Solano Way, Pacheco, CA 94553.

**III.**    **PARTIES**

    3.    Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated, including hourly non-exempt employees working in California for Defendants within the four years prior to the filing of this action. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of

1  Defendants who worked as hourly non-exempt employees. At all times mentioned herein, the
2  currently named Plaintiff is and was a resident of and domiciled in California and was employed in
3  a non-exempt position by Defendants, within the four years prior to the filing of the complaint.

4       4.     Plaintiff is informed and believes and thereon alleges that Defendant TESORO
5  REFINING & MARKETING COMPANY LLC is a Delaware limited liability company with its
6  primarily place of business being in Pacheco, California, as well as authorized to do business within
7  the State of California and is doing business in the State of California and at all times relevant
8  hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any
9  provision of the Industrial Welfare Commission's wage orders alleged in more detail herein.
10 Defendant TESORO REFINING & MARKETING COMPANY LLC's primary place of business is
11 located at 150 Solano Way, Pacheco, CA 94553.

12      5.     Plaintiff is informed and believes and thereon alleges that Defendant ANDEAVOR is
13 a Delaware limited liability company with its primarily place of business being in Pacheco,
14 California, as well as authorized to do business within the State of California and is doing business
15 in the State of California and at all times relevant hereto violated or caused to be violated the wage
16 and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's
17 wage orders alleged in more detail herein. Defendant ANDEAVOR's primary place of business is
18 located at 150 Solano Way, Pacheco, CA 94553.

19      6.     Plaintiff is informed and believes and thereon alleges that Defendant ANDEAVOR
20 LOGISTICS LP is a Delaware limited liability company with its primarily place of business being in
21 Pacheco, California, as well as authorized to do business within the State of California and is doing
22 business in the State of California and at all times relevant hereto violated or caused to be violated
23 the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare
24 Commission's wage orders alleged in more detail herein. Defendant ANDEAVOR LOGISTICS
25 LP's primary place of business is located at 150 Solano Way, Pacheco, CA 94553.

26      7.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1
27 through 50 are corporations or are other business entities or organizations of a nature unknown to
28 Plaintiff.

8.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 51 through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant who violated or caused to be violated the minimum wage and meal period provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work.

9.      Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

10.      Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes all named Defendants and Does 1 through 100.

11.      At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and

1    consent of each of the other Defendants.

2        12.    Plaintiff makes the allegations in this complaint without any admission that, as to any

3    particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

4    reserves all of Plaintiff rights to plead in the alternative.

5    **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

6        13.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

7    ("Wage Order"), codified at California Code of Regulations title 8, section 11010, Defendants are

8    employers of Plaintiff within the meaning of the applicable Wage Order and applicable California

9    Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the

10   wrongs complained of herein in violation of the Wage Order and the California Labor Code.

11       14.    **Failure to pay wages for all hours worked at the legal minimum wage rate**:

12   Defendants employ many of their employees, including Plaintiff, as hourly non-exempt employees.

13   Defendants had a companywide policy, practice, and/or procedure which required the incoming

14   hourly non-exempt employees to meet with the outgoing hourly non-exempt employees before their

15   scheduled start time to receive information and/or instructions from the outgoing hourly non-exempt

16   employees. This time is commonly referred to as "turnover time."  Yet, Defendants did not

17   compensate the outgoing shift employees for the "turnover time" that they spent passing information

18   or instructions to the incoming shift employees.

19       15.    Additionally, Defendants had a companywide policy, practice, and/or procedure

20   whereby Defendants' rounded down or shaved down Plaintiff's and hourly non-exempt employees'

21   daily hours worked to the nearest quarter of an hour to the benefit of Defendants without paying

22   hourly non-exempt employees for that time.

23       16.    Furthermore, Defendants required Plaintiff and their hourly non-exempt employees

24   to wear personal protective equipment (PPE).  Defendants had a companywide policy, practice,

25   and/or procedure whereby Defendants required Plaintiff and hourly non-exempt employees to don

26   their PPEs before clocking in at the start of their shift and doff their PPEs after clocking out at the

27   end of their shift.  This resulted in time each workday that Plaintiff and hourly non-exempt

28   employees were under the direction and control of Defendants, but not compensated for their time.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

17.     Finally, Defendants had a companywide policy, practice, and/or procedure whereby they required Plaintiff and hourly non-exempt employees to be "on-call," but did not pay them wages for "on-call" time.   During "on-call" time Plaintiff's and hourly non-exempt employees' activities were so restricted that being "on-call" prevented them from engaging in personal activities.   Yet, Defendants did not compensate Plaintiff and hourly non-exempt employees for their "on-call time."

18.     All of Defendants' aforementioned companywide policies, practices, and/or procedures resulted in time during which Plaintiff and other hourly non-exempt employees were subject to the control of Defendants but were not paid wages for that time.

19.     In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use time effectively for their own purposes. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.) In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business. Such time includes time an employee is required to be present (for reasons including but not limited to "turnover time" at the end of their shifts) from Defendants.

20.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the Wage Order.

21.     Despite that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, as detailed above, Defendants would suffer and permit and require Plaintiff and hourly non-exempt employees to be subject to the direction and control outside of the time Defendants paid employees wages. This resulted in Plaintiff and other hourly non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 1194, 1197, and the Wage Order.

22.   **Failure to authorize or permit meal periods and/or pay meal period premium wages at employees' regular rate of pay:** California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

23.   If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

24.   If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free.  (*Id.*)

25.   Defendants employed a policy, practice, and/or procedure of discouraging Plaintiff and hourly non-exempt employees (excluding employees who are covered by, or entered, an on-duty meal period agreement with Defendants within the four years prior to the filing of the initial complaint to the present) from taking duty-free meal periods and outside of Defendants' work premises.  Specifically, Defendants employed a policy, practice, and/or procedure whereby if Plaintiff or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiff and hourly non-exempt employees to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiff and other hourly non-exempt employees from taking all legally-required, duty-free meal periods.

26.   Moreover, when Defendants paid Plaintiff and other hourly non-exempt employees' (excluding employees who are covered by, or entered, an on-duty meal period agreement with Defendants within the four years prior to the filing of the initial complaint to the present) premium wages for missed meal periods, meal periods of less than 30 minutes, or meal periods that were not duty-free, Defendants failed to pay them one hour of pay at their regular rate of pay because Defendants failed to include all remuneration when calculating Plaintiff's and hourly non-exempt employees' (excluding employees who are covered by, or entered, an on-duty meal period

agreement with Defendants within the four years prior to the filing of the initial complaint to the present) regular rate of pay.  Specifically, Plaintiff and hourly non-exempt employees' (excluding employees who are covered by, or entered, an on-duty meal period agreement with Defendants within the four years prior to the filing of the initial complaint to the present) additional remuneration such as bonuses (including, but not limited to, for example safety bonuses and availability bonuses) during pay periods in which Defendants paid them meal period premium wages.  Defendants, however, failed to include the payment of all remuneration, including bonuses, when calculating the regular rate of pay paid to Plaintiff and hourly non-exempt employees (excluding employees who are covered by, or entered, an on-duty meal period agreement with Defendants within the four years prior to the filing of the initial complaint to the present) as meal period premium wages.

27.  **Failure to pay premium wages to lab technicians to compensate them for workdays Defendants failed to authorize or permit legally-compliant rest periods, including third rest periods:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 1, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 1, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 1, subd. 12.)

28.  The rest period requirement "obligates employers to permit and authorizes employees to take-off-duty rest periods.  *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269.  That is, during rest periods employers must relieve employees of all duties and relinquish

control over how employees spend their time. *Id.*

29.     If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Brinker, supra,* 53 Cal.4th 1029, Code §226.7; Wage Order 1, subd. 12.)

30.     Defendants employed Plaintiff and other lab technicians in California in Defendants' operation as hourly non-exempt employees. Plaintiff and similarly situated lab technicians would often work on workdays in shifts of more than ten (10) hours, but Defendants employed a policy, practice, and/or procedure which failed to provide Plaintiff and other lab technicians with third rest periods when they worked more than 10 hours.

31.     Additionally, Defendants did not authorize or permit its Plaintiff and similarly situated lab technicians to take legally-compliant rest breaks because Defendants maintained a policy, practice, and/or procedure whereby they required Plaintiff and similarly situated lab technicians to remain onsite during their rest breaks, thereby retaining control over Plaintiff and similarly situated lab technicians.

32.     Defendants failed to pay Plaintiff and hourly non-exempt lab technicians one hour of pay at their regular rate of pay for each workday they did not receive all legally-required and/or legally-compliant rest breaks.  Defendants' failure to provide Plaintiff and hourly non-exempt lab technicians with rest breaks was in violation of Labor Code Section 226.7 and the IWC Wage Order. As such, Defendants owe Plaintiff and hourly non-exempt lab technicians rest period premium wages.

33.     **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202).

34.     Defendants failed to pay Plaintiff and other similarly situated employees with all unpaid wages for all hours worked as fully stated above after each employee's termination and/or resignation.

35.     Because Defendants failed to pay Plaintiff and other similarly situated hourly non-exempt employees with all unpaid wages following their separation of employment, Defendants violated Labor Code sections 201 and 202 which give rise to a waiting time penalty pursuant to Labor Code section 203.

**V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS**

36.     Plaintiff brings this action on behalf of himself, on behalf of all other hourly non-exempt employees subject to the same policies, and on behalf of the General Public, and as a member of a Class defined as follows:

A.      **Minimum Wage Class**: All current and former non-exempt employees employed by Defendant in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who were under control of Defendants during time which Defendants did not pay wages for that time at the legal minimum wage rate.

B.      **Meal Period Class**:  All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who, excluding employees who are covered by, or entered, an on-duty meal period agreements, worked shifts more than five hours yet Defendants did not provide duty-free meal periods of not less than 30 minutes, discouraged from taking duty-free meal periods of not less than 30 minutes, and/or failed to pay meal period premium wages at the regular rate of pay.

C.      **Rest Period Class**:  All current and former hourly non-exempt lab technicians employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least 3.5 hours or more hours in day who did not receive  legally-required and/or legally-compliant duty-free rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

D.      **Waiting Time Class**: All former non-exempt employees employed by Defendant in California at any time within the three years prior to the filing of the initial complaint

in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period.

E.      **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

37.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.      **Numerosity**: While the exact number of class members in each class is unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.      **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.      Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages to employees at a minimum wage rate for time that the Minimum Wage Class were under control of Defendants but were not paid;

ii.     Whether Defendants violated California Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without authorizing or permitting all their required meal periods or properly paying meal period premium wages;

iii.    Whether Defendants violated California Labor Code section 226.7 by employing Rest Period Class Members without providing all their required rest periods or paying rest period premium wages;

iv.     Whether Defendants failed to provide the Waiting Time Class with all of their wages as well as their last wages within the statutory time period;

v.      Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code section 17200 *et seq.*;

vi.     Whether Class Members are entitled to unpaid wages, penalties and

1    other relief in conjunction with their claims; and

2            vii.    Whether, as a consequence of Defendant's unlawful conduct, the Class

3    Members are entitled to restitution, and/or equitable relief;

4            viii.   Whether Defendant's affirmative defenses, if any, raise any common

5    issues of law or fact as to Plaintiff, and the Class Members as a whole.

6        C.    **Typicality**: Plaintiff' claims are typical of the claims of the class members in

7    each of the classes.  Plaintiff and the members of the Minimum Wage Class sustained damages

8    arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees

9    were subject to Defendants' control.  Plaintiff and the members of the Meal Period Class and On-

10   Duty Meal Period Class sustained damages arising out of Defendants' failure to provide employees

11   all legally required meal periods and failure to pay meal period premium wages as compensation.

12   Plaintiff and the Members of the Rest Period Class sustained damages arising out of Defendants'

13   failure to provide non-exempt employees all legally-required rest periods and failure to pay rest

14   period premium wages as compensation.  Plaintiff and the members of the Waiting Time Class

15   sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due

16   upon separation of employment within the statutory time limit.

17       D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the

18   interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

19   other class members. Plaintiff's Counsel is experienced in class litigation and is qualified to conduct

20   the proposed class litigation

21       E.    **Superiority**:  A class action is superior to other available means for the fair

22   and efficient adjudication of this controversy. Because individual joinder of all members of each

23   class is impractical, class action treatment will permit a large number of similarly situated persons to

24   prosecute their common claims in a single forum simultaneously, efficiently, and without the

25   unnecessary duplication of effort and expense that numerous individual actions would engender.

26   The expenses and burdens of individual litigation would make it difficult or impossible for

27   individual members of each class to redress the wrongs done to them, while important public

28   interests will be served by addressing the matter as a class action. The cost to and burden on the

court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.   **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

### (Against all Defendants and DOE Defendants by the Minimum Wage Class)

38.   Plaintiff hereby incorporates by reference paragraphs 1-37 above, as if fully set herein by reference.

39.   At times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were hourly non-exempt employees of Defendants covered by Labor Code sections 1194 and 1197.

40.   Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

41.   Defendants' payroll policies and procedures failed to compensate the Minimum Wage Class for all time that they were under control of Defendants and all time that they could not effectively use time for their own purposes because of the necessities of the employer's business.

42.   As a result of Defendants' unlawful conduct which include failure to pay Plaintiff and the members of the Minimum Wage class for all the hours that they worked for Defendants, Plaintiff and members of the Minimum Wage class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

43.     Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wages, interest thereon, liquidated damages, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF**

**CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER**

**(As Against all Defendants and DOE Defendants by the Meal Period Class)**

44.     Plaintiff hereby incorporates by reference paragraphs 1-43 above, as if fully set herein by reference.

45.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 512 and 226.7 and the Wage Order.

46.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

47.     If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

48.     If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free.  (*Id.*).

49.     Defendants failed to provide Plaintiff and the members of the Meal Period Class duty free 30-minute meal period for each five-hour period of work as required by law.

50.     Defendants employed a policy, practice, and/or procedure of discouraging Plaintiff and the Meal Period Class Members from taking duty-free meal periods and outside of Defendants' work premises.  Specifically, Defendants employed a policy, practice, and/or procedure whereby if

Plaintiff or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiff and Meal Period Class Members to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiff and Meal Period Class Members from taking all legally-required meal periods.

51.   Moreover, when Defendants paid Plaintiff and Meal Period Class Members' premium wages for missed meal periods, meal periods of less than 30 minutes, or meal periods that were not duty-free, Defendants failed to pay them one hour of pay at their regular rate of pay because Defendants failed to include all remuneration when calculating Plaintiff's and Meal Period Class Members' regular rate of pay.  Specifically, Plaintiff and hourly non-exempt employees additional remuneration such as bonuses (including, but not limited to, for example safety bonuses and availability bonuses) during pay periods in which Defendants paid them meal period premium wages.  Defendants, however, failed to include the payment of all remuneration, including bonuses, when calculating the regular rate of pay paid to Plaintiff and Meal Period Class Members as meal period premium wages.

52.   Defendants employed policies and procedures which ensured Plaintiff and Meal Period Class Members did not receive premium wages to compensate them for workdays that they did not receive either a full first or a second meal period, or both.  This practice resulted in Plaintiff and Meal Period Class members receiving premium wages, or not receiving premium wages at their regular rate of pay, to compensate them for workdays which Defendants did not provide them with all required meal periods, in compliance with California law.

53.   Defendants' policies and procedures prevented Plaintiff and other Meal Period Class members from receiving all legally required meal periods or Defendants from providing such meal periods to Plaintiff and other Meal Period Class Members during workdays the employees worked more than six hours and/or more than ten hours in one shift.

54.   Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this Complaint.

55.   Because Defendants failed to provide proper meal periods, they are liable to Plaintiff

and the Meal Period Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal period was not provided, pursuant to California Labor Code section 226.7 and the Wage Order.

56.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

57.     Thus, Plaintiff and Meal Period Class Members are entitled to one hour of pay for each workday Defendants did not provide them all required meal periods, plus pre-judgment interest.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

### (Against All Defendants and DOE Defendants by the Waiting Time Class)

58.     Plaintiff hereby incorporates by reference paragraphs 1-57 above, as if fully set herein by reference.

59.     At all relevant times, Plaintiff and the other members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

60.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

61.     Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly non-exempt employees upon separation of employment wages for all unpaid wages and/or not

1    paying them final wages timely upon separation of employment.

2        62.    Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages

3    earned prior to termination timely in accordance with Labor Code Sections 201 or 202 was willful.

4    Defendants had the ability to pay all wages earned by hourly workers prior to termination in

5    accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices

6    incompatible with the requirements of Labor Code Sections 201 or 202. Defendants' practices

7    included but are not limited to failing to pay wages for time employees were under control of

8    Defendants. When Defendants failed to pay hourly workers timely upon termination all wages

9    earned prior to termination, Defendants knew what they were doing and intended to do what they

10   did.

11       63.    Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting

12   Time Class are entitled to all wages earned prior to termination that Defendants did not pay them.

13       64.    Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time

14   Class are entitled to continuation of their wages, from the day their earned and unpaid wages were

15   due upon termination until paid, up to a maximum of 30 days.

16       65.    As a result of Defendants conduct, Plaintiff and members of the Waiting Time Class

17   have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

18   earned prior to termination.

19       66.    As a result of Defendants conduct, Plaintiff and members of the 203 Class have

20   suffered damages in an amount, subject to proof, to the extent they were not paid all continuation

21   wages owed under Labor Code Section 203.

22       67.    Pursuant to Labor Code Sections Plaintiff and members of the Waiting Time Class

23   are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203,

24   and interest thereon.

25   **FOURTH CAUSE OF ACTION**

26   **UNFAIR COMPETITION**

27   **(As Against all Defendants and DOE Defendants by the California Class)**

28       68.    Plaintiff hereby incorporates by reference paragraphs 1-67 above, as if fully set

herein by reference.

69.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in failing to pay employees for all hours which they worked, failing to pay meal period premium wages, or pay them at employees' regular rate of pay, failing to pay rest period premium wages, and untimely payment of all unpaid wages after separation of employment. Due to Defendants' unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees for all hours worked.

70.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

71.     Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices.

72.     Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:**

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as class representative for the California Class

1    (and all sub-classes thereof);

2        3.      A declaratory judgment that the practices complained herein are unlawful; and,

3        4.      An injunction against Defendants enjoining them, and any and all persons acting in

4    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

5    herein.

6                          **ON THE FIRST CAUSE OF ACTION:**

7        1.      That the Defendants be found to have violated the minimum wage provisions of the

8    Labor Code and the IWC Wages Orders as to the Plaintiff and the Minimum Wage Class;

9        2.      For damages, according to proof, including but not necessarily limited to unpaid

10   wages;

11       3.      For any and all legally applicable penalties;

12       4.      For liquidated damages pursuant to Labor Code section 1194.2;

13       5.      For pre-judgment interest, including but not limited to that recoverable under

14   California Labor Code section 1194, and post-judgment interest;

15       6.      For attorneys' fees and costs of suit, including but not limited to that recoverable

16   under California Labor Code section 1194; and,

17       7.      For such and other further relief, in law and/or equity, as the Court deems just or

18   appropriate.

19                         **ON THE SECOND CAUSE OF ACTION:**

20       1.      That the Defendants be found to have violated the meal break provisions of the Labor

21   Code and the IWC Wages Orders as to the Plaintiff and the Meal Period Class;

22       2.      For damages, according to proof, including unpaid wages;

23       3.      For any and all legally applicable penalties;

24       4.      For pre-judgment interest, including but not limited to that recoverable under

25   California Labor Code section 218.6, and post-judgment interest; and

26       5.      For such and other further relief, in law and/or equity, as the Court deems just or

27   appropriate.

28   / / /

---

**ON THE THIRD CAUSE OF ACTION:**

1.     That the Defendants be found to have violated the rest break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Rest Period Class;

2.     For damages, according to proof, including unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.     That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.     That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.     A declaratory judgment that the practices complained herein are unlawful;

3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.     For restitution to the full extent permitted by law; and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

1

2    Dated:  February 1, 2019                    Respectfully submitted,
                                                 **LAVI & EBRAHIMIAN, LLP**

3

4                                                By:  ___*/s/ Vincent C. Granberry*_____

5                                                     Joseph Lavi, Esq.
                                                      Vincent C. Granberry, Esq.
6                                                     Attorneys for PLAINTIFF
                                                      DEREK L. MCGHEE
7                                                     and Other Class Members

8

9                          **<u>DEMAND FOR JURY TRIAL</u>**

10        PLAINTIFF DEREK L. MCGHEE demands a trial by jury for himself and the Class on all

11   claims so triable.

12

13   Dated:  February 1, 2019                    Respectfully submitted,

14                                               **LAVI & EBRAHIMIAN, LLP**

15

16                                               By:  ___*/s/ Vincent C. Granberry*_____

17                                                     Joseph Lavi, Esq.
                                                      Vincent C. Granberry, Esq.
                                                      Attorneys for PLAINTIFF
18                                                    DEREK L. MCGHEE
                                                      and Other Class Members
19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**