Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
Vincent C. Granberry, Esq. (State Bar No. 276483)
vgranberry@lelawfirm.com
Anwar D. Burton, Esq. (State Bar No. 253504)
aburton@lelawfirm.com
***LAVI & EBRAHIMIAN, LLP***
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF DEREK L. MCGHEE,
on behalf of himself and others similarly situated.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MCGHEE, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive,<br><br>DEFENDANTS. | Case No.: 18-cv-05999-JSW<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE** that, pursuant to United States District Court, Northern District of California Civil Local Rule 3-12(e), Plaintiff Derek L. McGhee ("Plaintiff") hereby opposes, Defendants Tesoro Refining & Marketing Company LLC, Andeavor, and Andeavor Logistics LP's (collectively "Defendants'") Administrative Motion to Consider whether the instant case and *Janice Wood, et al v. Marathon Refining Logistics Services LLC*, United States District Court for the Northern District of California, Case No. 3:19-cv-04287 ("the *Wood* matter") should be Related Pursuant to Local Rule 3-12 ("Motion"). Plaintiff's Opposition is being timely filed pursuant to Northern District of California Civil Local Rules 3-12(e) and 7-11.

## I. The Instant Matter

On August 17, 2018, Plaintiff Derek McGhee filed the instant putative wage and hour class against in the Contra Costa Superior Court alleging claims for: 1) failure to pay minimum wage for all hours worked; 2) failure to authorize or permit legally-required meal periods; 3) failure to authorize or permit legally-required rest periods; 4) failure to provide complete and accurate wage statements; 5) failure to timely pay wages upon separation of employment; and 5) unfair competition against Defendants Tesoro Refining & Marketing Company LLC, Andeavor, and Andeavor Logistics LP's (collectively "Defendants") on behalf of all current and former hourly non-exempt employees employed by Defendants in California.  The facts underlying Plaintiff's minimum wage claim are fourfold: 1) Defendant failed to pay Plaintiff and class members minimum wage for "turnover time;" 2) Defendant failed to pay Plaintiff and class members minimum wage due rounding their punches; 3) Defendant failed to pay Plaintiff and class members minimum wage for donning and doffing protective gear; and 4) ) Defendant failed to pay Plaintiff and class members minimum wage for restricted time that they *worked* on-call.  Plaintiff's wage statement, waiting time penalty, and unfair competition claims were derivate of the minimum wage, meal, and rest period claims.

## II. The *Wood* Matter

On June 24, 2019, the *Wood* matter, a putative wage and hour class action, was filed in the Contra Costa Superior Court.   The Plaintiffs in the *Wood* matter allege claims for 1) failure to pay reporting time pay, 2) failure to pay all wages earned at termination; 3) failure to provide accurate wage statements; and 4) unfair competition limited to current and former operators or maintenance workers who worked on call for Defendant Marathon Refining Logistics Services LLC ("Marathon") out of Marathon's Martinez, California facility.  In the *Wood* matter, Plaintiffs' reporting time pay is based on the fact that Plaintiffs and class members worked standby shifts that required them to be *ready* to be reached and respond to calls without Marathon paying standby time as required. Plaintiffs' claims for failure to pay all wages earned at termination, failure to provide accurate wage statements, and unfair competition are all wholly derivative of Plaintiffs' claims for Marathon's failure to pay reporting time pay.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12**

2

### III. The Instant Matter and the *Wood* Matter Should Not be Related Pursuant to Northern District of California Civil Local Rule 3-12

#### A. The Instant Matter and the *Wood* Matter Action Share No Common Defendant

As stated above instant matter is alleged against three separate Defendants: 1) Tesoro Refining & Marketing Company LLC, 2) Andeavor, and 3) Andeavor Logistics LP. On the other hand, the *Wood* matter is alleged against only one Defendant: Marathon Refining Logistics Services LLC who is not only not a named Defendant in the instant matter, but an entity for whom Plaintiff McGhee never worked. Therefore, these actions do not involve any of the same, let alone substantially the same, parties such that relating the matters would be warranted pursuant to Northern District of California Civil Local Rules 3-12(a)(1).

#### B. The Instant Matter and the *Wood* Matter Action Share No Overlapping Primary Claims Or Factual Basis Underlying Their Primary or Derivate Claims and, Consequently, Seek to Recover Distinct Damages

As detailed above, based on the claims alleged in the operative Compliant, Plaintiff seeks unpaid minimum wages (based upon four separate factual theories of liability including failure to pay for time *worked* on-call), meal period premium wages, and rest period premium wages, against Defendant on his own behalf and on behalf of all current and former hourly non-exempt employees employed by Defendants in California. The derivate claim for waiting time penalties is based entirely upon Defendants' failure to pay Plaintiff and class members minimum wage and meal and rest period premium wages.

On the other hand, in the *Wood* matter, based on the claims alleged in the operative Complaint, Plaintiffs seek to recover only reporting time pay based exclusively on Marathon's requirement Plaintiffs and class members work standby shifts that required them to be *ready* to receive calls as well as penalties for inaccurate wage statements and waiting time based on this required on behalf of current and former operators or maintenance workers who worked for Marathon out of its Martinez, California facility.

For these reasons, these actions do not involve any of the same, let alone substantially the same, transactions or events such that relating the matters would be warranted pursuant to Northern District of California Civil Local Rules 3-12(a)(1).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12**

3

### C. The Instant Matter and the Wood Matter Action Share Allege Distinct Putative Classes

As mentioned throughout this Opposition, the putative class in the instant matter consists of the following: "on behalf of all current and former hourly non-exempt employees employed by Defendants Tesoro Refining & Marketing Company LLC, Andeavor, and Andeavor Logistics LP in California;" whereas, the putative class in the *Wood* matter consists of the following: "current and former operators or maintenance workers who worked on call for Defendant Marathon Refining Logistics Services LLC ("Marathon") out of Marathon's Martinez, California facility."  Further, because the Defendants and underlying claims are wholly distinct, the putative classes in each action are wholly distinct.

### IV. Conclusion

Based on the foregoing, and because the instant matter and the *Wood* matter do not concern the same parties, transactions, or events as required by Northern District of California Civil Local Rules 3-12(a)(1), there will be no burdensome duplication of labor and expense or conflicting results if these matters proceed before different Judges.  For these reasons, Defendant's Motion should be denied.

Dated: August 5, 2019                    **LAVI & EBRAHIMIAN, LLP**

                                        By:   */s/ Vincent C. Granberry*
                                              JOSEPH LAVI, ESQ.
                                              JORDAN D. BELLO, ESQ.
                                              VINCENT C. GRANBERRY, ESQ.
                                              ANWAR D. BURTON, ESQ.

                                              Attorneys for PLAINTIFF DEREK L.
                                              MCGHEE and Other Class Members