Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Anwar D. Burton, Esq. (State Bar No. 253504)
aburton@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF DEREK L. MCGHEE,
on behalf of himself and others similarly situated.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MCGHEE, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive,<br><br>DEFENDANTS. | Case No.:  18-cv-05999-JSW<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE AND HEARING DATE**<br><br>[*Filed concurrently with: Declaration of Anwar D. Burton; and [Proposed] Order*] |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE** that, pursuant to United States District Court, Northern District of California Civil Local Rule 6-3, Plaintiff Derek L. McGhee ("Plaintiff") hereby moves the Court for an order continuing Plaintiff's Class Certification Briefing Schedule until eight (8) months after the Parties have resolved their current precertification discovery-related disputes. Alternatively, if the Court is unwilling to provide an open-ended date, Plaintiff respectfully requests that the class certification deadline be continued by ten (10) months.

### I.    FACTUAL BACKGROUND

Approximately one and a half years ago, Plaintiff served Defendants with routine precertification discovery consisting of special interrogatories and documents requests. Burton Decl. ¶2. Rather than serve meaningful responses, Defendants objected to Plaintiff's discovery. *Id.*

On December 6, 2019, the Parties submitted a joint letter brief to the Honorable Judge Robert

1   M. Illman regarding their discovery dispute. Burton Decl. ¶3.

2       On January 28, 2020, Judge Illman ordered Defendants to produce time and wage records

3   relating to Defendants' Carson laboratory employees. Burton Decl. ¶4.

4       On February 11, 2020, Defendants sent Plaintiff a link to their production. Burton Decl. ¶5.

5       On February 26, 2020, Plaintiff asked Defendants to supplement their prior discovery

6   responses which were unilaterally limited to the Carson laboratory. Burton Decl. ¶6, Exh. 1.

7       On March 6, 2020, Defendants responded that the only claim which may have relevance to

8   statewide discovery is Plaintiff's rounding claim. Burton Decl. ¶ 7, Exh. 2. As such, Defendants asked

9   Plaintiff to identify specific instances where the data showed a rounding-related issue. *Id.*

10      On March 12, 2020, Plaintiff sent Defendants a second supplemental joint letter summarizing

11  the Parties' discovery dispute. Burton Decl. ¶8, Exh.3. Additionally, the brief cited Defendants'

12  failure to provide Plaintiff with time and wage records for the Carson laboratory employees[1] *Id.*

13      On March 20, 2020, Defendants stated that all records had been produced consistent with

14  Judge Illman's order. Burton Decl. ¶9, Exh.4.

15      On March 24, 2020, Plaintiff sent Defendants a revised joint letter brief clarifying the

16  information missing from Defendants production (i.e., Carson laboratory employee wage records

17  prior to 2019). Burton Decl. ¶10, Exh. 5. Additionally, the brief analyzed Plaintiff's time records

18  which revealed Defendants regularly rounded or shaved his hours worked to the benefit of

19  Defendants. *Id.*

20      On April 7, 2020, Defendants asserted Plaintiff's time analysis was incomplete because it did

21  not reconcile the time sheets with the wage statements for the corresponding pay period. Burton Decl.

22  ¶11, Exh.6. Moreover, despite Plaintiff's letter brief to the contrary, Defendants claimed they were

23  unaware that a portion of the wage statements were missing. *Id.* Defendants confirmed they would

24  provide the missing wage statements but stated that the process may be delayed due to COVID. *Id.*

25      On May 27, 2020, Defendants emailed Plaintiff a link to their supplemental production.

26  Burton Decl. ¶12, Exh.7.

27

[1] This statement was partially incorrect. Defendants initially provided Plaintiff with *time* records for the Caron
laboratory but failed to provide corresponding wage records prior to 2019.

28

1      On June 22, 2020, and July 1, 2020, the Parties met and conferred regarding Defendants'

2   production. Burton Decl. ¶13, Exh.8. During their discussions, Plaintiff informed Defendants of a

3   difference in the presentation of the pre-2018 and post 2018 payroll records[2]. *Id.* Additionally, given

4   Defendants' assertion that its rounding practices only benefited its employees, Plaintiff requested

5   updated information from Defendants identifying each employees' daily total hours worked and

6   entered for payment (to determine punch adjustments). *Id.* In response, Defendants explained that the

7   reports were pulled from different systems but that they would investigate whether the earlier

8   database/system could generate a report that included hours worked. *Id.* Additionally, Defendants

9   assured Plaintiff that they would confirm that "totaled time" equaled "paid time." *Id.*

10      On July 8, 2020, Plaintiff asked Defendants about the status of the requested data pursuant to

11   the Parties' conversation on July 1, 2020. Burton Decl. ¶14, Exh.9.

12      On July 10, 2020, Defendants confirmed its "data group" was working on Plaintiff's request

13   and that Defendants hoped to provide the data within one week. Burton Decl. ¶15, Exh.10.

14      On July 14 2020 Plaintiff requested an update on the requested data. Burton Decl. ¶16, Exh.11.

15      On July 15, 2020, Defendants stated they anticipated having the data by the end of the week.

16   Burton Decl. ¶17, Exh.12.

17      On July 20, 2020, Defendants emailed Plaintiff a link to their supplemental data production

18   which did not contain Carson laboratory employees' daily paid hours. Burton Decl. ¶18, Exh. 13.

19      On July 21, 2020, Plaintiff emailed Defendants reiterating that to perform a rounding analysis,

20   Plaintiff needed data corresponding to the daily paid hours. Burton Decl. ¶19, Exh. 14.

21      On July 23, 2020, Defendants confirmed they were working on a report which would show

22   daily paid time and would provide the report to Plaintiff within a week. Burton Decl. ¶20, Exh. 15.

23      On July 24, 2020, Defendants emailed Plaintiff a link to their supplemental production which

24   again did not contain Carson laboratory employees' daily paid hours. Burton Decl. ¶21, Exh. 16.

25      On July 29, 2020, Plaintiff asked Defendants to stipulate to an extension of Plaintiff's class

26   certification filing deadline. Burton Decl. ¶22, Exh. 17.

27
     ───────────────────
     [2] Namely, that the pre-2018 records did not include hours worked, while the post 2018 records contained that
28   information

1    On August 3, 2020, Plaintiff clarified his prior request, by requesting an extension which

2  considered the significant (and ongoing) delay in receipt of the previously requested data and which

3  account for the anticipated law and motion practice which will occur after Plaintiff completes his

4  rounding analysis. Burton Decl. ¶23, Exh. 18. Defendants failed to respond. *Id*.

5  **II.    LEGAL ARGUMENT**

6    Scheduling orders "may be modified only for good cause and with the judge's consent." Fed.

7  R. Civ. P. 16(b)(4). Pretrial scheduling orders may be modified if the dates scheduled "cannot

8  reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth*

9  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

10    **a.   Plaintiff has Complied with Civil Local Rule 6-3**

11    Plaintiff has complied with Civil Local Rule 6-3 by filing: a motion of no more than five

12  pages; a proposed order; a declaration in support of this motion concurrently herewith.

13    **b.   The Parties Efforts to Obtain A Stipulated Time Change**

14    As stated above, Plaintiff emailed Defendants requesting an extension of time to file his class

15  certification on August 3, 202 but did not receive a response.

16    **c.   Good Cause Exists To Modify The Class Certification Filing Date**

17    Good cause exists for the requested continuance. Burton Decl. ¶24. Currently, Plaintiff's class

18  certification filing deadline is September 30, 2020. *Id.* However, for the reasons mentioned herein –

19  namely, Defendants' lack of cooperation and dilatory tactics in providing Plaintiff with the necessary

20  information to complete his rounding analysis – Plaintiff cannot possibly meet the current filing

21  deadline. *Id.* This delay is even more unreasonable considering that the information requested related

22  to a small subgroup of employees totaling 29 individuals. *Id.* Moreover, once Plaintiff has completed

23  his rounding analysis, he will likely have to engage in protracted meet and confers and/or law and

24  motion practice to obtain access to putative class information on a statewide basis. *Id.* Clearly, this

25  process will last well beyond the current class certification deadline of September 30, 2020. *Id*.

26    **d.   Denying the Continuance Will Prejudice Plaintiff And Putative Class Members**

27    The necessary antecedent to the presentation of evidence is enough discovery to obtain

28

1    material, especially when the information is within the sole possession of the defendant." *Doninger*

2    *v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977). Hence, parties are entitled to conduct

3    precertification discovery to provide the court with evidence outside the pleadings relevant to a

4    determination on the certification issue. *See Kamm et al. v. California City Development Company et*

5    *al.,* 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some

6    cases without discovery, as, for example, where discovery is necessary to determine the existence of

7    a class or set of subclasses.") *See Heredia v. Eddie Bauer LLC* (N.D.Cal. Apr. 10, 2017, No. 16-cv-

8    06236-BLF (SVK)) 2017 U.S.Dist.LEXIS 54709, at *7 (Defendant should not be able to cite

9    Plaintiff's lack of knowledge as to whether Defendant has a uniform policy as a reason to deny

10   Plaintiff's ability to contact employees of other stores to investigate this issue.) The Ninth Circuit has

11   a long-standing admonition that "the better and more advisable practice for a District Court to follow

12   is to afford litigants an opportunity to present evidence as to whether a class action was maintainable."

13   *Kaminske v. JP Morgan Chase Bank N.A.,* No. SACV 09-00918 JVS (RNBx), 2010 WL 5782995

14   (C.D. Cal. May 21, 2010).

15        Based on the foregoing, Plaintiff is entitled to pre-certification discovery which will allow

16   him to meet the certification requirements under Rule 23. Contact with potential class members is

17   necessary to obtain evidence relating to class claims, to develop issues of commonality of fact and

18   law among the class members, and ultimately to show the action may be maintained as a class action

19   Moreover, the continuance will not disrupt any other deadlines, because no trial date has been set.

20   **III.    CONCLUSION**

21        Therefore, Plaintiff requests an Order continuing Plaintiff's class certification filing and

22   related deadlines until eight (8) months after the Parties have resolved their current precertification

23   discovery-related disputes. Alternatively, if the Court is unwilling to provide an open-ended date,

24   Plaintiff respectfully requests that the class certification deadline be continued by ten (10) months.

25   Dated: August 12, 2020                                    **LAVI & EBRAHIMIAN, LLP**

26                                 By:    */s/ Anwar D. Burton*

27                                    Joseph Lavi, Esq.
                                      Anwar D. Burton, Esq.
                                      Attorneys for Plaintiff DEREK L. MCGHEE

28