Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Anwar D. Burton, Esq. (State Bar No. 253504)
aburton@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF DEREK L. MCGHEE,
on behalf of himself and others similarly situated.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MCGHEE, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive,<br><br>DEFENDANTS. | Case No.: 18-cv-05999-JSW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ANWAR D. BURTON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE AND HEARING DATE**<br><br>[*Filed concurrently with: Administrative Motion to Continue Class Certification Filing Deadline and Hearing Date; and [Proposed] Order*] |

### DECLARATION OF ANWAR D. BURTON

I, Anwar D. Burton, declare:

1. I am an attorney licensed to practice law in the state of California and have been admitted to practice before this Court. I am an associate attorney with the law firm Lavi & Ebrahimian, LLP, Counsel for Plaintiff Derek L. McGhee ("Plaintiff") in this action, and I am an attorney assigned to work on this case. Based on my assignment to this case and familiarity with the file and actions in this matter; I have personal knowledge of the matters stated herein and if called and sworn as a witness, I would and could competently testify under oath thereto. I am a member in good standing of all State and Federal District Courts of California.  This Declaration is submitted in support of Plaintiff's Motion to Change Time Regarding Plaintiff's Motion for Class Certification Briefing Schedule.

DECLARATION OF ANWAR D. BURTON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE AND HEARING DATE

1

2. Approximately one and a half years ago, Plaintiff served Defendants with routine precertification discovery consisting of special interrogatories and documents requests. Rather than serve meaningful responses, Defendants objected to Plaintiff's discovery.

3. On December 6, 2019, the Parties submitted a joint letter brief to the Honorable Judge Robert M. Illman regarding their discovery dispute.

4. On January 28, 2020, Judge Illman ordered Defendants to produce time and wage records relating to Defendants' Carson laboratory employees.

5. On February 11, 2020, Defendants sent Plaintiff a link to their production.

6. On February 26, 2020, Plaintiff asked Defendants to supplement their prior discovery responses which were unilaterally limited to the Carson laboratory. A true and correct copy of Plaintiff's email correspondence with Defendants is attached hereto as **Exhibit 1.**

7. On March 6, 2020, Defendants responded that the only claim which may have relevance to statewide discovery is Plaintiff's rounding claim. As such, Defendants asked Plaintiff to identify specific instances where the data showed a rounding-related issue. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 2**.

8. On March 12, 2020, Plaintiff sent Defendants a second supplemental joint letter summarizing the Parties' discovery dispute. Additionally, the brief cited Defendants' failure to provide Plaintiff with time and wage records for the Carson laboratory employees[1] A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 3**.

9. On March 20, 2020, Defendants stated that all records had been produced consistent with Judge Illman's order. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 4**.

10. On March 24, 2020, Plaintiff sent Defendants a revised joint letter brief clarifying the information missing from Defendants production (i.e., Carson laboratory employee wage records prior to 2019). Additionally, the brief analyzed Plaintiff's time records which revealed Defendants regularly rounded or shaved his hours worked to the benefit of Defendants. A true and correct copy

---

[1] This statement was partially incorrect. Defendants initially provided Plaintiff with time records for the Caron laboratory but failed to provide corresponding wage records prior to 2019.

DECLARATION OF ANWAR D. BURTON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE AND HEARING DATE

2

of the Parties' email correspondence is attached hereto as **Exhibit 5**.

11. On April 7, 2020, Defendants asserted Plaintiff's time analysis was incomplete because it did not reconcile the time sheets with the wage statements for the corresponding pay period. Moreover, despite Plaintiff's letter brief to the contrary, Defendants claimed they were unaware that a portion of the wage statements were missing. Defendants confirmed they would provide the missing wage statements but stated that the process may be delayed due to COVID. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 6**.

12. On May 27, 2020, Defendants emailed Plaintiff a link to their supplemental production. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 7**.

13. On June 22, 2020, and July 1, 2020, the Parties met and conferred regarding Defendants' production. During their discussions, Plaintiff informed Defendants of a difference in the presentation of the pre-2018 and post 2018 payroll records[2]. Additionally, given Defendants' assertion that its rounding practices only benefited its employees, Plaintiff requested updated information from Defendants identifying each employees' daily total hours worked and entered for payment (to determine punch adjustments). In response, Defendants explained that the reports were pulled from different systems but that they would investigate whether the earlier database/system could generate a report that included hours worked. Additionally, Defendants assured Plaintiff that they would confirm that "totaled time" equaled "paid time." A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 8**.

14. On July 8, 2020, Plaintiff asked Defendants about the status of the requested data pursuant to the Parties' conversation on July 1, 2020. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 9**.

15. On July 10, 2020, Defendants confirmed its "data group" was working on Plaintiff's request and that Defendants hoped to provide the data within one week. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 10**.

---

[2] Namely, that the pre-2018 records did not include hours worked, while the post 2018 records contained that information

DECLARATION OF ANWAR D. BURTON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE AND HEARING DATE

3

16. On July 14, 2020, Plaintiff requested an update on the requested data. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 11**.

17. On July 15, 2020, Defendants stated they anticipated having the data by the end of the week. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 12**.

18. On July 20, 2020, Defendants emailed Plaintiff a link to their supplemental data production which did not contain Carson laboratory employees' daily paid hours. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 13**.

19. On July 21, 2020, Plaintiff emailed Defendants reiterating that to perform a rounding analysis, Plaintiff needed data corresponding to the daily paid hours. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 14**.

20. On July 23, 2020, Defendants confirmed they were working on a report which would show daily paid time and would provide the report to Plaintiff within a week. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 15**.

21. On July 24, 2020, Defendants emailed Plaintiff a link to their supplemental production which again did not contain Carson laboratory employees' daily paid hours. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 16**.

22. On July 29, 2020, Plaintiff asked Defendants to stipulate to an extension of Plaintiff's class certification filing deadline. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 17**.

23. On August 3, 2020, Plaintiff clarified his prior request, by requesting an extension which considered the significant (and ongoing) delay in receipt of the previously requested data and which account for the anticipated law and motion practice which will occur after Plaintiff completes his rounding analysis. Defendants failed to respond. A true and correct copy of the Parties' email correspondence is attached hereto as **Exhibit 18**.

24. Good cause exists for the requested continuance. Currently, Plaintiff's class certification filing deadline is September 30, 2020. However, for the reasons mentioned herein – namely, Defendants' lack of cooperation and dilatory tactics in providing Plaintiff with the necessary

information to complete his rounding analysis – Plaintiff cannot possibly meet the current filing deadline. This delay is even more unreasonable considering that the information requested related to a small subgroup of employees totaling 29 individuals. Moreover, once Plaintiff has completed his rounding analysis, he will likely have to engage in protracted meet and confers and/or law and motion practice to obtain access to putative class information on a statewide basis. Clearly, this process will last well beyond the current class certification deadline of September 30, 2020.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: August 12, 2020                             By: */s/ Anwar D. Burton*
                                                                Anwar D. Burton, Esq.

DECLARATION OF ANWAR D. BURTON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE AND HEARING DATE

**5**