**Anwar Burton**

| | |
|---|---|
| **From:** | Anwar Burton |
| **Sent:** | Wednesday, February 26, 2020 1:45 PM |
| **To:** | Kopp, Michael W; Rusche, Tim |
| **Cc:** | Vincent Granberry; Joseph Lavi |
| **Subject:** | McGhee vs. Tesoro |
| **Importance:** | High |

Counsel,

Per Judge Illman's January 28, 2020, Order, I want to revisit the issue of class-wide discovery now that the Court has ruled on Defendant's Motion to Dismiss, which was denied on all grounds except Plaintiff's claim for injunctive relief and waiting time penalties based on California Labor Code Section 202.

As a reminder, Plaintiff's outstanding consists of the following:
- **Requests for Documents**:
    o Request No. 3 asks Defendant to produce all punch in and punch out data for putative class members with all private information redacted.
    o Request No. 5 asks Defendant to produce all wage statements for putative class members during the relevant time period with private information redacted.
    o Request Nos. 6, 7, 8, and 16 ask Defendant to produce policies, procedures, and practices applicable to putative class members related to the claims at issue in the Complaint as well as putative class members' work schedules during the relevant time period.
    o Request Nos. 9, 10, and 11 ask Defendant to produce policies, procedures, and practices applicable to putative class members related to on-call time, turnover time, time spent donning and doffing personal protective equipment during the relevant time period.
    o Request No. 12 asks Defendant to produce all personnel, human resources, and employee handbooks in effect during the relevant time period.
    o Request No. 18 asks Defendant to produce all documents supporting its contention that it did not willfully fail to comply with Labor Code sections 201 and 202.
- **Special Interrogatories**:
    o Special Interrogatory No. 1 asks the Defendant to state the name, address, telephone number and e-mail address of its non-exempt hourly employees during the liability and as to each non-exempt employee state: (a) The dates of employment, (b) The employment status and (c) the position(s).
    o Special Interrogatory No. 2 and its subparts ask Defendant to described how it calculated putative class members' hours worked during the relevant period and to explain any rounding of hours worked, any shaving it used, automatic deduction of time, how turnover time and time spent donning and doffing was factored in, if at all, and how on-call time was calculated.
    o Special Interrogatory No. 3 and its subparts ask for the identity of putative class members (excluding those who covered an on-duty meal period agreement), during the relevant time period, dates of employment; employment status; whether they missed meal breaks or

received late meal breaks and when; whether they were paid meal periods premiums and, if so, in what amount and how was the meal period premium was calculated; number of shifts that would entitle putative class members to second meal periods; number of waived second meal periods, missed or late second meal periods, amount of meal period premium wages paid for second meal periods and how that amount was calculated.
- Special Interrogatory No. 4 is limited to Lab Technicians during the liability period and asks for information regarding rest breaks, rest break premium wages paid, how they were calculated, and the number of shifts entitling Lab Technicians to rest breaks.
- Special Interrogatory No. 5 asks the number of putative class members who were required to do shift turnovers, number of shifts subject to turnovers, how turnover time was calculated, and how turnover time was compensated.
- Special Interrogatory No. 6 asked the number of putative class members who worked on-call, how their compensation was determined, the total number of hours worked on-call and the number of hours putative class members were compensated on-call during the relevant time period.

Relatedly, we need to schedule the deposition of Defendant's person most knowledgeable regarding its wage and hour policies during the class period for non-exempt employees at all of Defendants' refineries. The categories are as follows:
- Policies, procedures and practices regarding clocking-in and out for all hourly non-exempt employees, including at the beginning and end of the shift as well as at the beginning and end of meal breaks during the class period (August 17, 2014 to present).
- Policies, procedures and practices regarding calculation of all hourly non-exempt employees' worked hours during the class period.
- Policies, procedures and practices regarding calculation of all hourly non-exempt employees' compensation.
- Policies, procedures and practices regarding meal breaks for all hourly non-exempt employees during the class period.
- Policies, procedures and practices regarding payment of premium wages to all hourly non-exempt employees for legally non-compliant meal breaks during the class period
- Policies, procedures and practices regarding rest breaks for all hourly non-exempt employees during the class period
- Policies, procedures and practices regarding payment of premium wages to all hourly non-exempt employees for legally non-compliant rest breaks during the class period.
- Policies, procedures and practices regarding payment of final wages to terminated and/or resigned hourly non-exempt employees during the class period.
- Policies, procedures and practices regarding donning and doffing personal protective equipment for all hourly non-exempt employees during the class period.
- Policies, procedures and practices regarding turnover time during the class period.
- Policies, procedures and practices regarding on-call time during the class period.
- Policies, procedures and practices regarding rounding of worked hours for all hourly non-exempt employees during the class period.
- Policies, procedures and practices regarding off-premises meal periods taken by all hourly non-exempt employees during the class period.
- Policies, procedures and practices regarding calculation of meal period premiums during pay periods additional remuneration was earned by all hourly non-exempt employees during the class period.
- Policies, procedures and practices regarding rest breaks for lab technicians during the class period. Policies, procedures and practices regarding rest breaks, including 3rd rest breaks for all hourly non-exempt employees who worked more than ten (10) hours in a shift during the class period

Please let us know when we can expect Defendant's responses to the aforementioned discovery. Relatedly, please propose some dates in mid-April when we can schedule the PMK deposition.

Finally, if you would like to set up a conference call to discuss a representative sampling of class data or any other issues mentioned herein, please propose a time this week or early next week.

Best,

Anwar Burton, Esq.
**LAVI & EBRAHIMIAN, LLP**
8889 West Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Tel: (310) 432-0000
Fax: (310) 432-0001
E-mail to: aburton@lelawfirm.com

The information contained herein (and any attachments) is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error please notify me immediately. Thank you for your cooperation. PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL.