# Anwar Burton

| | |
|---|---|
| **From:** | Anwar Burton |
| **Sent:** | Friday, March 20, 2020 2:03 PM |
| **To:** | 'Kopp, Michael W'; Rusche, Tim |
| **Cc:** | Vincent Granberry; Joseph Lavi; James Yoo |
| **Subject:** | RE: McGhee vs. Tesoro |

Michael,

At the time I accessed the folder I did not see the third data set which consisted of the time records. I can amend my portion brief accordingly. However, you fail to address the other substantive issues raised in my brief which relate to rounding and/or time shaving. Not surprisingly, the time records produced by Defendants reveal employees within the Carson Lab Unit reveal they were subjected to the same time rounding and/or shaving as Plaintiff. Clearly, this would be our basis for requesting a larger representative sample that extends beyond the Carson laboratory unit. More specifically, our proposal would be a 20% sampling of the months (selected by Plaintiff) during the liability period for which we will receive timecards for all putative class members as defined in the operative Complaint.

Best,

Anwar Burton, Esq.
**LAVI & EBRAHIMIAN, LLP**
8889 West Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Tel: (310) 432-0000
Fax: (310) 432-0001
E-mail to: aburton@lelawfirm.com

The information contained herein (and any attachments) is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error please notify me immediately. Thank you for your cooperation.   PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL.

**From:** Kopp, Michael W <MKopp@seyfarth.com>
**Sent:** Friday, March 20, 2020 12:54 PM
**To:** Anwar Burton <aburton@lelawfirm.com>; Rusche, Tim <TRusche@seyfarth.com>
**Cc:** Vincent Granberry <VGranberry@lelawfirm.com>; Joseph Lavi <Jlavi@lelawfirm.com>; James Yoo <jyoo@lelawfirm.com>
**Subject:** RE: McGhee vs. Tesoro

Anwar:

We've reviewed the letter brief, and it seems to put in front of the court some new issues that under the local rules need to be addressed by a meet and confer.

First, your letter brief indicates you did not receive time records for the Carson Lab Unit and you represent to the Court that we have violated an order. That statement is inaccurate and is the first we are hearing of that.  We have looked into this, and can confirm from our end that we produced the time data well over a month ago on February 11, 2020 via Kiteworks at TESORO -001607 - TESORO-005529.  That should resolve a significant portion of your brief.  We also note that it was disappointing to receive notice/accusation regarding this erroneous concern via a brief, rather than a phone call or other communication (as required by the local rules).  As recently as March 6, we tried to meet and confer with you (confirming we had already produced the sampling of time and wage records) and you never responded to raise any issues of an incomplete production.  Moreover, our paralegal specifically walked you through how to access those Kiteworks documents on February 18, and we never heard anything from you subsequent about any concerns of a missing production.

Second, you state "Plaintiff proposes a sampling of records for putative class members in order to provide an accurate analysis of the entire class."  No further details are provided and you never identified the terms of any sample in a meet and confer, so we have no idea (nor would the Court) what you are contemplating.  On March 6 - we invited you to send a sampling proposal if you have one ("if there is some legitimate basis for expanding the sampling that has already been produced (e.g. your response to the first point above), please send us a sampling proposal that we can consider").  You declined any meet and confer.  Yet your motion now says you are open to sampling. We'd like to at least know what you are contemplating (i.e. meet and confer) before briefing an amorphous request for undefined "sampling."

Mike



**Mike W Kopp** | Senior Counsel | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7039
mkopp@seyfarth.com | www.seyfarth.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Anwar Burton <aburton@lelawfirm.com>
**Sent:** Thursday, March 12, 2020 6:04 PM
**To:** Kopp, Michael W <MKopp@seyfarth.com>; Rusche, Tim <TRusche@seyfarth.com>
**Cc:** Vincent Granberry <VGranberry@lelawfirm.com>; Joseph Lavi <Jlavi@lelawfirm.com>; James Yoo <jyoo@lelawfirm.com>
**Subject:** McGhee vs. Tesoro


**[EXT. Sender]**

Counsel,

Please see attached joint letter brief. Please insert your portions and return to me for submission.

Best,

Anwar Burton, Esq.
**LAVI & EBRAHIMIAN, LLP**
8889 West Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Tel: (310) 432-0000
Fax: (310) 432-0001
E-mail to: aburton@lelawfirm.com

The information contained herein (and any attachments) is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error please notify me immediately. Thank you for your cooperation. PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL.