# Anwar Burton

| | |
|---|---|
| **From:** | Kopp, Michael W <MKopp@seyfarth.com> |
| **Sent:** | Tuesday, April 7, 2020 3:24 PM |
| **To:** | Anwar Burton |
| **Cc:** | Rusche, Tim; Vincent Granberry; Joseph Lavi; Ninelist, Linda |
| **Subject:** | RE: McGhee - Joint Letter Brief |

Anwar:

Thanks for your message. We are trying to sort out an issue that we assure you could have been earlier addressed with an email or call. What we have been suggesting is that if there is ever some snafu or gap, please reach out to us rather than raise issues for the first time in a letter brief. In other words, it is hard for us to cure what we are not aware of.

This production was made on February 11. We heard nothing about any issues or concerns with an incomplete production until over a full month later, on March 12, when you raised the issue not in an email or call, but in a letter brief. We promptly responded on March 20, noting that we had actually produced time records that were noted missing. You responded the same day - noting that you located them, and had earlier missed them when you were on the share site, and would be revising the letter brief. You did not call or email to let us know that there was anything **still** missing. On March 24 you sent a revised letter brief, which frankly I gathered still had a stray reference to missing records. I do see now that while the time records were produced, somehow a portion of the wage statement records were not included. We are working to obtain them, but there are issues in terms of access and collection given the present COVID situation.

I'm following up with the client to get an ETA and will report back to you ASAP what I learn. Thanks,

Mike


**Mike W Kopp** | Senior Counsel | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7039
mkopp@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Anwar Burton <aburton@lelawfirm.com>
**Sent:** Tuesday, April 7, 2020 1:15 PM
**To:** Kopp, Michael W <MKopp@seyfarth.com>
**Cc:** Rusche, Tim <TRusche@seyfarth.com>; Vincent Granberry <VGranberry@lelawfirm.com>; Joseph Lavi <Jlavi@lelawfirm.com>; Ninelist, Linda <LNinelist@seyfarth.com>
**Subject:** RE: McGhee - Joint Letter Brief

**[EXT. Sender]**

Hi Michael,

Although I am happy to hear that you will be providing the missing wage statements, it remains that those statements should have been provided with your initial production. This was an issue raised in my initial brief sent to you on March 12, 2020. Hence, your client has had nearly a month to produce the missing statements but has nevertheless failed to do so, causing an unnecessary delay. Please advise as to when we can expect this information.

Best,

Anwar Burton, Esq.
**LAVI & EBRAHIMIAN, LLP**
8889 West Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Tel: (310) 432-0000
Fax: (310) 432-0001
E-mail to: aburton@lelawfirm.com

The information contained herein (and any attachments) is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error please notify me immediately. Thank you for your cooperation.   PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL.

---

**From:** Kopp, Michael W <MKopp@seyfarth.com>
**Sent:** Tuesday, April 7, 2020 1:01 PM
**To:** Anwar Burton <aburton@lelawfirm.com>
**Cc:** Rusche, Tim <TRusche@seyfarth.com>; Vincent Granberry <VGranberry@lelawfirm.com>; Joseph Lavi <Jlavi@lelawfirm.com>; Ninelist, Linda <LNinelist@seyfarth.com>
**Subject:** McGhee - Joint Letter Brief

Anwar:

Two larger points on your brief that we raise for your consideration before we tender our response.

First, we ask that you revisit your time analysis.  It appears that what you have done with the selected McGhee dates is to simply selectively look to the **timesheets**, but you have not made the necessary comparison to the wage statements for the pay period to show any net detriment to plaintiff. By way of example, for your cited Mar. 23, 2014 date, the pay period shows a net adjustment in McGhee's favor (115 hours, 19 minutes punched (or 115.32 hours), vs. 117.25 hours paid (not counting the additional paid meal period time).  In other words, you have not shown any violation/detriment even as to the plaintiff.  Indeed, when all pay period are tallied to cover the pay periods for each of the selected dates you mention, there is still a net adjustment on the timesheets in Plaintiff's favor.

Second, you are continuing to raise issues in the brief that you have not meet and conferred on.  Specifically, you raise in the revised brief that we did not provide wage statements prior to 2019 for the lab. Once again, this is a matter that we are (and would have been) happy to address.  On March 20 we sent an email to you that

your letter brief raised issues that had not been met and conferred on - such as missing Lab records.  We noted that we had in fact, produced the Lab time records that your brief claimed was missing.  On the same day, you responded, noting that your allegation was in error, and you had not earlier noticed the records in the share file.  You did not identify any other deficiency in terms of missing records in your March 20 email, and we were under the impression (based on your correspondence) that you had a complete set and were not claiming any further deficiency.  In fact, you indicated you would revise the brief to correct those allegations.  In your most recent brief (again without any follow up or meet and confer) you claim to be missing wage records for the lab prior to 2019.  We were surprised to note that.  Had you indicated that was an open issue in your March 20 correspondence (or at any time since) we would have been happy to cure.  We will be providing those wage statements. Accordingly, as that is not a matter of dispute between the parties and we will be providing those statements, we request that you revise that portion of the brief.

Please let us know if you would like to discuss.

**Mike W Kopp** | Senior Counsel | Seyfarth Shaw LLP
400 Capitol Mall | Suite 2350 | Sacramento, California 95814-4428
Direct: +1-916-498-7039
mkopp@seyfarth.com | www.seyfarth.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.