SEYFARTH SHAW LLP
William J. Dritsas (SBN 97523)
wdritsas@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, CA 94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Timothy M. Rusche (SBN 230036)
trusche@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Michael W. Kopp (206385)
mkopp@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendants
TESORO REFINING & MARKETING COMPANY LLC;
ANDEAVOR LLC (formerly Andeavor); ANDEAVOR
LOGISTICS LP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| DEREK L. MCGHEE, on behalf of himself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 4:18-cv-05999-JSW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FOURTH REQUEST TO MODIFY BRIEFING AND HEARING DEADLINES FOR CLASS CERTIFICATION [DKT 83]**<br><br>Complaint Filed: August 17, 2018 |

Defendants, Tesoro Refining & Marketing Company LLC; Andeavor LLC (formerly Andeavor); and Andeavor Logistics LP (collectively, "Tesoro"), object to Plaintiff's *fourth* request to extend the deadline to file his motion for class certification to an "open-ended" deadline that would fall eight months after (an unspecified date) when the parties "have resolved" discovery disputes. (Dkt. 83 at 5.) This purported "dispute" (which Plaintiff notably has not presented to the Court) is the *same* dispute that Plaintiff has cited to support each of his prior requests to modify the class certification motion filing deadline. Plaintiff's motion for class certification was originally due February 28, 2019. In the time since, Plaintiff has not diligently litigated this case, Defendants' have complied with their discovery obligations, and there is no good cause to modify the current September 30, 2020 deadline for Plaintiff to file his motion for class certification.

## ARGUMENT

Plaintiff lacks good cause to continue the filing deadline for a fourth time to an open ended schedule (or in the alternative, ten months). Even granting the lesser 10-month extension Plaintiff seeks would result in the class certification deadline being continued to July 30, 2020, nearly two years (over 22 months) from the original September 20, 2019 deadline. This delay not only is without good cause, but is prejudicial to Tesoro, which continues to accrue fees in litigating this action that Plaintiff is unwilling to prosecute and move forward.

**I.    Plaintiff Has Sought Numerous Extensions of the Class Certification Filing Deadline**

Plaintiff filed this action two years ago, on August 17, 2018. At the February 1, 2019 CMC, the deadline for Plaintiff to file a motion for class certification was set for September 20, 2019. (Dkt 26.)

Five months later, on July 18, 2019, Plaintiff moved to continue the class certification deadline by six months, from September 20, 2019 to March 20, 2020. (Dkt. 48). Although the stated rationale for the continuance was "the prospect [of the need for] judicial intervention regarding discovery disputes," Plaintiff had no pending motion to compel before the Court at that time. (Dkt. 61.)[1]

Although Plaintiff's July 2019 request to continue the class certification motion deadline had claimed it was needed due to a discovery "dispute," Plaintiff did not file any such motion on those

---

[1] On August 12, 2019, the Court continued Plaintiff's deadline to file for class certification to February 28, 2019.

discovery disputes until nearly *five months later*, on December 6 and December 23, 2019 (Dkt. 61, 62), seeking statewide document and 30(b)(6) testimony (notably, no 30(b)(6) deposition notice had ever been served). Moreover, this delay was unnecessary. Nearly *seven months prior* to Plaintiff's motion, Tesoro had proposed a compromise (the production of Carson Lab contact list and time and wage records), which Plaintiff repeatedly declined. (*See, e.g.,* Dkt.61, p.6, n.3.) On January 28, 2020, the Court denied in large part Plaintiff's motion to compel, and essentially adopted Tesoro's May 2019 proposal, for the production of the Carson Lab time and wage records and contact list that Tesoro had previously offered. (Dkt. 71.) That order noted that Plaintiff could "*re-raise* the issue of statewide discovery and scope of any 30(b)(6) testimony *following a ruling on the Motion to Dismiss . . . .*" (*Id.*)

On February 4, 2020, Plaintiff filed another motion to continue the class certification motion deadline (Dkt. 73), raising the *same* discovery dispute (entitlement to statewide putative class discovery) that was raised in his July 18, 2019 request to continue the class certification motion deadline. (*Id*. at 3-4.) On February 21, 2020, the Court granted in part and denied in part Tesoro's motion to dismiss, and granted Plaintiff a continuance to file a motion for class certification to May 29, 2020. (Dkt. 75.)

On May 1, 2020, in the spirit of cooperation, Tesoro acceded to Plaintiff's request for a further continuance, and Plaintiff submitted a stipulated request to continue the class certification deadline a further four months, to September 30, 2020."(Dkt. 78.)[2] On the same day, the Court entered an order adopting the stipulation, setting a class certification deadline of September 30, 2020. (Dkt 79.)

## II. Plaintiff Is Recycling a Stale and Meritless Discovery Dispute that He Has Failed to Pursue to Endlessly Postpone the Class Certification Filing (to an Admittedly "Open Ended") Date

### A. Plaintiff's "Anticipated" Discovery Dispute Is Not Before the Court

Plaintiff's motion is based on a vague assertion of an unidentified **"*anticipated*"** discovery dispute that Plaintiff *might* need to bring, and on that basis, Plaintiff seeks to have an open ended deadline to file for class certification, which would run eight months from whenever this unspecified discovery dispute is "resolved." Notably, Plaintiff has presented no such motion to the court, nor does

---

[2] Given that the purported "liability period" continued to increase with Plaintiff's delay, the parties stipulated that "the Class Period, as alleged in the First Amended Complaint, or any subsequently filed complaint, for all claims shall end on April 20, 2020. (Dkt. 78.) Should the Court grant a further request, this stipulation as to the April 20, 2020 date remains in place.

Plaintiff identify what, exactly, he is seeking, why he has not sought it earlier, or even *when* he might actually bring such a motion. Plaintiff offers only a vague explanation of why a fourth (and open ended) continuance of the class certification filing deadline is sought: he seeks the extension to "account for the *anticipated* law and motion practice which will occur after Plaintiff completes his rounding analysis," and Plaintiff "will *likely* have to engage in protracted meet and confers and/or law and motion practice to obtain access to putative class information on a statewide basis." (Dkt. 83 at 4) (emphasis added).

But this notion that Plaintiff might need "statewide" discovery is the ***same*** reason that he has presented for every continuance he has requested to date, including his July 2019 request over a year ago, and relates to discovery Plaintiff propounded in *February 2019*. It is also the same dispute that Plaintiff presented in his December 6, 2019 letter brief (seeking statewide discovery). Plaintiff's apparent reluctance to convey to the Court any details of this "anticipated" discovery dispute he will "likely" raise at some unspecified point is likely because (1) it raises significant questions as to why Plaintiff did not raise it earlier, and (2) it lacks merit.

If Plaintiff wished to "re-raise" the issue of statewide discovery (after the Court's January 28, 2020 order denying in large part Plaintiff's December 2019 motion), the Court let Plaintiff know the time to do so: immediately after an order on the motion to dismiss. (Dkt. 71.)[3] The Court's order on the motion to dismiss was entered nearly *six months ago*, in February 2019—and Plaintiff has not, since then, "re-raised" the issue with the Court.

Not only is this "anticipated" motion massively delayed if it were to ever be brought, but Plaintiff likely has not brought it because it is without merit. Tesoro does not know what, exactly, this "anticipated" motion might entail because Plaintiff's present administrative motion is exceptionally vague on the matter. But if it repeats his December 2019 motion, Plaintiff's position is without merit.[4] In

---

[3] This delay mirrors Plaintiff's delay in even amending his Complaint after the February 21, 2020 Order on the motion to dismiss, which invited Plaintiff to amend. One would normally anticipate an amendment within 14 days of an order on a motion to dismiss. Yet Plaintiff inexplicably waited nearly 4 months after the February 21, 2020 order to file an amended pleading on June 10, 2020. (Dkt. 80.)

[4] The request for broad statewide discovery, as Tesoro's prior briefing pointed out last December, is unsupported because Plaintiff only worked at the Carson refinery, Tesoro's refineries are all subject to different collective bargaining agreements, and the practices that Plaintiff challenges are unique to his unit and facility (Carson). Moreover, Plaintiff's claim theories largely do not depend on time and wage records. His "off-the-clock" (OTC) claims regarding donning and doffing do not depend on time and

sum, Plaintiff cannot perpetually recycle an "anticipated" discovery dispute tracing back to February 2019 discovery, to endlessly continue his motion deadline, particularly when he does not identify exactly what he needs, *why* he needs it, or why he delayed pursuing/raising the issue earlier.

### B. Plaintiff's Argument Regarding "Rounding" Does Not Identify any Deficiency, Does Not Support An Extension, and Does Not Explain Why Plaintiff Has Sat on Any "Re-Raising" of Issues Pertaining to "Statewide" Discovery.

Plaintiff spends nearly the entirety of his motion discussing data regarding "rounding," but does not identify any analysis showing an unlawful policy, or why he cannot proceed on the data in his possession. While Plaintiff attempts to argue Tesoro's delay in *supplementing* its February 2020 production, Plaintiff's own motion on its face shows that Plaintiff repeatedly sat on Tesoro's production of this data, and delayed raising concerns to Tesoro, which Tesoro then diligently addressed.

On February 11, 2020, Tesoro produced the Carson Lab contact list, and time records from 2014 forward, and matching wage records for the Carson Lab from April 2018 forward. Plaintiff sat of the production for *a month and a half*, and Tesoro was unaware of *any* stated deficiency in the production until April 7, 2019, after Plaintiff belatedly identified that wage statements prior to 2018 were missing.[5] (*See*, Dkt. 83-7. Tesoro investigated responded on April 7, 2020 that it would supplement the production (from an archived system), and on May 27, 2020, did so. It was then *not until nearly a month later*, on June 22, 2020, that Plaintiff raised any further concern with the supplemental production (while it listed payments, it did not list hours worked), and the parties conferred on July 1 regarding options to provide supplemental wage reports. (These pre-April 2018 wage reports had been pulled from an archived system, no longer in use). Tesoro produced supplemental reports on July 20, 2020, and on July 24, 2020.

Plaintiff's motion does not identify why this data (*including paid hours worked*), which is in Plaintiff's hands as of July 24, 2020, prevents him from seeking certification by September 30, 2020. Nor does Plaintiff's motion explain why he has not previously "re-raised" his other, prior dispute

---

wage records, because OTC time is, by its nature, not recorded. His rest break claim likewise does not depend on such records, as rest breaks are not recorded. His meal period claim does not rest on such records, because Plaintiff admits he received meal periods (he simply maintains he was discouraged from going off site because Tesoro provided him the option to remain on site to be paid for a meal period). Plaintiff has never proffered a reason why he needs time and wage records for these claims.
[5] Plaintiff claims he notified Defendant on March 12. This is not accurate, and in fact Plaintiff later emailed on March 20, 2020 that he had failed to see the data set he had identified as missing. Dkt. 83-6.

regarding "statewide" discovery, that he says at some point he "likely" will raise again.

### III. Plaintiff Recently Refuses to Move Forward With His Requested 30(b)(6) Deposition

Plaintiff's requested continuance is *not* legitimately based on this stale, purportedly "anticipated" or "likely" discovery dispute upon which Plaintiff has sat. Instead, the continuance is due to Plaintiff's own lack of diligence. This is further confirmed by Plaintiff's additional *refusal* to move forward even as to discovery he recently requested. Plaintiff (without serving a notice of deposition) requested an FRCP 30(b)(6) deposition in July 2020. When Defendant agreed, and offered on August 7 to produce a witness for an August 24, 2020 deposition, it became clear this was a sham request that Plaintiff promptly pulled down when Tesoro was prepared to move forward. Plaintiff, responded the same day (August 7) to *decline* to move forward with the deposition that he had only weeks earlier requested.[6]

### IV. Granting the Continuance will Prejudice Tesoro, Not Putative Class Members

Plaintiff has had nearly 2 years to conduct discovery and prosecute this litigation. Extension after extension is not the answer and there is no evidence to suggest that after another ten months (or an "open ended" continuance) he will be any better suited to certify a class. If Plaintiff has not conducted discovery in nearly 2 years that would support class certification, class members would be better served by the denial of class certification and the freedom to pursue their own individual claims, if they choose. Further, while Plaintiff fishes for some evidence to support speculative labor code violations, Tesoro continues to accrue fees and costs in litigation that Plaintiff is not diligently moving forward.

### CONCLUSION

Tesoro respectfully requests the Court to deny Plaintiff's request for a continuance.

DATED: August 17, 2020                    SEYFARTH SHAW LLP

                                          By:  /s/ *Michael Kopp*
                                          Attorneys For Defendants

---

[6] As of this date, Plaintiff has neither *noticed* (much less taken) a single deposition. This matches Plaintiff's delay and lack of diligence as to his own deposition, noticed on January 17, 2019, for March 13, 2019. After nearly five months of correspondence Plaintiff was eventually produced for a July 9, 2019 deposition. Even then, Plaintiff had not produced a single page of documents as of the close of business on the *day prior to the deposition*. Plaintiff emailed the production after hours on July 8, 2019, and presented his production *the morning of the deposition*, as to requests served in January 2019.