UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DEREK L MCGHEE,<br><br>Plaintiff,<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY LLC, et al.,<br><br>Defendants. | Case No. 18-cv-05999-JSW   (RMI)<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 90, 93 |

Now pending before the court is a discovery dispute wherein Plaintiff seeks to compel pre-certification class-wide discovery relating to his rest break and minimum-wage claims. *See* Joint Supp. Ltr. Br. (dkt. 93) at 1. Plaintiff initially presented his arguments in a letter brief filed on September 30, 2020 (*see* Ltr. Br. (dkt. 90) at 1-4); however, because the Letter Brief was non-compliant with the undersigned's General Standing Order, and because it was clear that the letter had been filed without being preceded by a good-faith effort to meet and confer (i.e., Plaintiff was attempting to compel deposition testimony that Defendants had already offered to provide), the Parties were ordered (*see* dkt. 92) to meet and confer earnestly and then to file a letter brief conforming to the requirements set forth in the undersigned's General Standing Order.

By way of background, Plaintiff Derek McGhee, has sued Tesoro Refining and Marketing LLC, Andeavor, Andeavor Logistics LP, and Does 1 to 100, alleging claims for failure to pay wages for all time worked, failure to permit meal periods and to pay meal period wages, failure to provide rest breaks, failure to timely pay wages due at the time of termination, and unfair business practices. *See generally* Second Amend. Compl. ("SAC") (dkt. 80). Plaintiff was employed as a lab technician in one of Defendants' refineries, however, the operative complaint advances a series

of class allegations for which Plaintiff seeks class action certification as to four classes of California employees: a minimum wage class; a meal period class; a rest period class; and, a waiting time class. *See id*. at 9-10. The currently pending discovery dispute concerns Plaintiff's request to compel the production of statewide pre-certification discovery relating to his rest break and minimum wage claims. *See* Supp. Ltr. Br. (dkt. 93) at 1. In short, Plaintiff submits that he seeks to "investigate these issues on a class wide basis by interviewing putative class members and analyzing payroll data." *Id*. at 2.

District courts have broad discretion to control the class certification process, and whether or not pre-certification class-wide discovery will be permitted lies within the sound discretion of the trial court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts should allow discovery to aid the determination of whether a class action is maintainable; and, in this regard, the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Rule 23 are satisfied, or, that discovery is likely to produce substantiation of the class allegations – absent such a showing, the refusal to allow class-wide discovery is not an abuse of discretion. *See id.*; *see also Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Because a court must determine whether a case may be maintained as a class action as soon as is practicable after it is filed (*see* Fed. R. Civ. P. 23(c)(1)), in this context, discovery would be warranted when such discovery might resolve factual issues necessary for the determination of whether a class action may be maintained, including issues as broad as whether a class or set of subclasses even exists. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 351-52 (N.D. Cal. 2011) (citing *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975)).

Accordingly, for class certification, Plaintiff needs to establish: (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Because it would be an abuse of discretion to deny discovery where it appears necessary for the determination of the existence of a class or set of subclasses, and because the court must allow Plaintiff an opportunity to present such

1  evidence in order for the court to determine whether a class action is maintainable, the prerequisite
2  to the presentation of such evidence, in this context, requires permitting sufficient discovery such
3  as to allow Plaintiff an opportunity to obtain information that is within the sole possession of
4  Defendants. *See Artis*, 276 F.R.D. at 351-52 (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564
5  F.2d 1304, 1313 (9th Cir. 1977)).

6      Defendants' arguments in opposition to this discovery are unpersuasive. In essence,
7  Defendants submit that class-wide discovery is inappropriate here because Plaintiff seeks
8  information from refineries at which he never worked and which were government by different
9  collective bargaining agreements. *See* Supp. Ltr. Br. (dkt. 93) at 2-3. However, as Judge White
10 noted in denying Defendants' motion to dismiss, "whether Defendants violated or complied with
11 the CBAs has no import whether they also violated California law." *See* Order Granting in Part
12 and Denying in Part Defendants' Partial Motion to Dismiss and to Strike Plaintiff's First Amended
13 Complaint (dkt. 75) at 7. The remainder of Defendants' arguments are largely focused on their
14 dissatisfaction with the degree to which Plaintiff has been willing to compromise during the
15 discovery process. *See* Supp. Ltr. Br. (dkt. 93) at 2-6.

16     The undersigned nevertheless finds that Plaintiff is entitled to reasonable pre-certification
17 discovery because his operative complaint has adequately stated a *prima facie* case for class relief,
18 and because Judge White has already denied Defendants' motion to dismiss and to strike the class
19 allegations. *See e.g., Stokes v. Interline Brands Inc.*, No. C-12-05527 JSW (DMR), 2013 U.S.
20 Dist. LEXIS 113489, at *7-8 (N.D. Cal. Aug. 9, 2013) ("Judge White has already denied
21 Defendant's motion to dismiss the case and to strike the class allegations, holding that Plaintiff's
22 class allegations were sufficiently pled . . . [thus] [p]re-certification communication by class
23 counsel with potential class members must be permitted . . .") (internal punctuation omitted)
24 (citing *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011); and, *Gulf Oil
25 Co. v. Bernard*, 452 U.S. 89, 102-03 (1981) (class counsel in Rule 23 class actions must be
26 permitted communications with potential class members for the purpose of notification and
27 gathering information, even prior to class certification)).

28     Accordingly, given that the matter is committed to the court's discretion, Plaintiff's motion

United States District Court
Northern District of California

to compel class-wide discovery as described in the two currently pending letter briefs is **GRANTED** as follows: (1) Plaintiff has agreed to limit discovery into his meal period claim to employees at the Carson facility where he worked; (2) as to his rest break claim and his minimum wage claims, Plaintiff shall be afforded statewide discovery; and, (3) as to both categories described above, Plaintiff shall be provided with putative class member contact information (as limited by the class definitions in the operative complaint) as well as a 20% sampling of randomized months (selected by Plaintiff) of timecards and payroll data for all non-exempt employees that fall within Plaintiff's class definitions as described herein. To protect the privacy interests of those involved, this discovery shall be conducted pursuant to the protective order in place in this case; and, in contacting putative class members, Plaintiff shall utilize the *Belaire-West* notification process.

**IT IS SO ORDERED.**

Dated: October 20, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge