UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L MCGHEE,<br><br>    Plaintiff,<br><br>v.<br><br>TESORO REFINING & MARKETING COMPANY LLC, ANDEAVOR; ANDEAVOR LOGISTICS LP; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 18-cv-05999-JSW<br><br>**ORDER GRANTING MOTION TO CERTIFY CLASS**<br><br>Re: Dkt. No. 106 |

Now before the Court is the motion to certify the class brought by Plaintiff Derek L. McGhee ("Plaintiff"). For the reasons stated, the Court GRANTS the motion to certify the classes.

**BACKGROUND**

By this motion, Plaintiff seeks to certify the classes and subclasses of unionized hourly non-exempt employees employed by Tesoro Refining & Marketing Company LL ("Defendant") at its California refineries who were not paid at least the minimum wage for all the hours they worked because Defendant rounded their scheduled shift time punches and/or required them to perform off-the-clock shift turnovers; who Defendant discouraged from taking off-premises meals breaks by extending their shifts if they did; and who Defendant required to remain on-duty and/or on premises during their rest breaks to monitor for and respond to emergencies. Based on these claims, Plaintiff requests that the Court certify the following classes:

**Minimum Wage Class**

**Minimum Wage Rounding Class**: All current and former unionized hourly non-exempt employees employed by Defendant in California at its Carson refinery whose scheduled hours were rounded from August 17, 2014, through June 4, 2019.

**Minimum Wage Turnover Time Class**: All current and former unionized hourly non-exempt employees employed by Defendant at its Carson, Wilmington, and Martinez refineries and Martinez chemical plant from August 17, 2014, to January 1, 2018, who worked at least one rotating 12-hour shift.

**Discouraged Meal Break Class**: All current and former unionized hourly non-exempt employees employed by Defendant in California at its Carson Refinery from August 17, 2014, through April 20, 2020.

**On-Duty Rest Class**: All current and former unionized hourly non-exempt lab technicians employed by Defendant at its Carson, Wilmington, and Martinez refineries and Martinez chemical plant from August 17, 2014, through April 20, 2020, who worked at least one shift over 3.5 hours.

**Waiting Time Class**: All former unionized hourly non-exempt employees employed by Defendant in California at its Carson, Wilmington, and Martinez refineries and Martinez chemical plant from August 17, 2015, through April 20, 2020, who, by virtue of their membership in any other class or subclass herein, were not paid all wages owed to them at the time of separation of their employment.

The Court shall address other relevant facts in the remainder of its order.

**ANALYSIS**

**A.     Legal Standard.**

Class certification is governed by Federal Rule of Civil Procedure 23 ("Rule 23"), and the decision to grant or deny class certification is within the Court's discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). Plaintiff bears the burden to show that they can satisfy each factor set forth in Rule 23(a) and at least one of the factors set forth in Rule 23(b). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate … compliance with the Rule – that is, [they] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). A court must conduct a "rigorous analysis" of the Rule 23 factors, which "will entail some overlap with the

merits of the plaintiff's underlying claim." *Id.* at 351. The Court has "no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).

Under Rule 23(b), a class action may be maintained if Rule 23(a) is satisfied *and* if: (i) separate actions by or against individual class members would risk: (a) inconsistent results with respect to individual class members that would impose inconsistent requirements on the defendant, or (b) results for individual class members dispositive of other members' interests or which would substantially impair or impede class members' ability to protect their interests; (ii) the party opposing the class has acted on grounds that apply generally to the class, so that declaratory relief is appropriate; or (iii) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

As the moving party, Plaintiff bears the burden to show the case meets each of Rule 23(a)'s requirements and that it meets at least one requirement under Rule 23(b). *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).

**B.     The Rule 23(a) Factors.**

Rule 23(a) requires Plaintiff to demonstrate (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) their claims or defenses are typical of the claims or defenses of the class, and (4) they will fairly and adequately protect the interests of the class. *Id.* at 724.

First, the total number of unionized employees at Defendant's California refineries is 1,766. Accordingly, the putative class satisfies the numerosity requirement. *See Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 536 (N.D. Cal. 2012) ("While there is no fixed number that satisfies the numerosity requirement, as a general matter, a class greater than forty often satisfies the requirement, while one less than twenty-one does not.").

Second, the commonality requirement is satisfied because there are common questions of

1   law and fact arising out Defendant's allegedly unlawful employment practices that affected all
2   putative class members who worked for Defendant during the same time period. *See*
3   *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 617 (N.D. Cal. 2013) (finding commonality
4   requirement satisfied where class members were subject to the same challenged policies and
5   procedures). For commonality to be satisfied, the class-wide claims must rest upon a common
6   contention of such a nature that "determination of its truth or falsity will resolve an issue that is
7   central to the validity of each one of the claims in one stroke." *Dukes*, 534 U.S. at 350. Whether a
8   common question is likely to drive class-wide claims "depends on the nature of the underlying
9   legal claims that class members have raised." *Jiminez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165
10  (9th Cir. 2014). Plaintiff alleges that the uniform rounding policy at Defendant's worksites had
11  the cumulative effect of under-compensating employees over time. Plaintiff alleges that common
12  questions predominate for the discouraged meal break class as well as the on-duty rest break class.
13  Whether or not these policies did in fact effect workers in this way is a question common to the
14  class. *See Richardson v. Interstate Hotels & Resorts, Inc.*, 2018 WL 1258192, at *5 (N.D. Cal.
15  Mar. 12, 2018). Here, resolution of all class claims is predicated on how the fact finder will
16  resolve questions based on the lawfulness of the uniformly applicable policies common to all class
17  members. In each of the subclasses proffered by Plaintiff, the same underlying employment
18  relation lies and Plaintiff challenges the same uniformly applicable policies common to all class
19  members.
20       Third, the typicality requirement is satisfied. Typicality requires that the named plaintiffs
21  be a member of the class he seeks to represent and "possess the same interests and suffer the same
22  injury" as putative class members. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). Claims
23  "are typical if they are reasonably co-extensive with those of absent class members; they need not
24  be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3 1011, 1020 (9th Cir. 1997). Here,
25  Plaintiff worked on-site for Defendant in California, was paid hourly, and was subject to
26  Defendant's alleged uniform wage policies and practices. Plaintiff alleges that, as a unionized
27  hourly lab tech, a safety sensitive position, he worked rotating 12-hour shifts and his hours were
28  rounded to his scheduled shift; he was not paid for turnover time; his off-premises meal breaks

4

were impeded; and his rest breaks were on-duty. Plaintiff's claims all challenge a course of conduct that applied to all putative class members, and therefore, all members allegedly suffered the same or similar injury.

Finally, the proposed class representative and class counsel appear to be adequate representatives of the class. Plaintiff was allegedly injured by the same course of conduct shared by the class members and does not have a conflict of interest with other class members. *See Hanlon*, 150 F.3d at 1020. Plaintiff's counsel has experience litigating employment-related litigation and wage and hour class action claims under California law. Lastly, the Court finds that counsel are adequate notwithstanding the state court action currently pending relating to employment discrimination. *See Freeman v. Zillow, Inc.*, 2016 WL 6080208, at *6 (C.D. Cal. Feb. 26, 2016) (finding that a plaintiff's proposed class counsel were adequate representatives of a wage-and-hour class action even though counsel were simultaneously representing other plaintiffs in employment discrimination claims against the same defendant).

### C. The Rule 23(b) Factors.

Rule 23(b)(3) requires establishing the predominance of common questions of law or fact and the superiority of a class action relative to other available methods for the fair and efficient adjudication of the controversy.

Rule 23(b)(3) first requires "predominance of common questions over individual ones" such that "the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). This "inquiry focuses on the relationship between the common and individual issues." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks and citation omitted). The Court is satisfied that the common questions here predominate over any potential differences with regard to individual employees.

A class action is a superior means of adjudicating a dispute "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino*, 97 F.3d at 1234. In evaluating superiority, "courts consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular

5

forum, and the manageability of the class action." *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 514 (N.D. Cal. 2007), *modified*, 2007 WL 2220972 (N.D. Cal. Aug. 1, 2007), *aff'd sub nom.*, *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137 (9th Cir. 2009). A class action is superior to individual litigation in this matter because individual members of the class do not have a strong interest in controlling their claims and because class actions are preferred in wage-and-hour actions when individual employees may forgo pursuing their claims for fear of retaliation. *See Williams v. Superior Ct.*, 3 Cal. 5th 531, 558 (2017) (noting that fear of retaliation cuts in favor of "facilitating collective action so that individual employees need not run the risk of individual suits").

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The focus is "on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The predominance inquiry focuses on "the legal or factual questions that qualify each class member's case as a genuine controversy" to determine "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products*, 521 U.S. at 623. "[T]he common questions must be a significant aspect of the case that can be resolved for all members in a single adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal citations omitted). The ultimate question raised by the predominance requirement is whether the issues that may be jointly tried, as compared to those needing separate adjudication, are so numerous or substantial as to indicate that the class action mechanism would be advantageous to the judicial process or to the litigants. *See Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1021 (2012).

Here, the Court finds that the issues likely to be presented by the claims in this case are common to the class. First, the claims are premised upon common policies or practices employed

6

by Defendant to round off the hours worked, to discourage meal breaks and on-duty rest breaks. Without any adjudication of the merits of any of Plaintiff's contentions, the Court finds that the claims concern a predominance of common questions of law or fact and a class action is therefore superior relative to other available methods for the fair and efficient adjudication of the controversy.

## CONCLUSION

For the reasons stated herein, the Court GRANTS the motion to certify the classes.

**IT IS SO ORDERED.**

Dated: February 14, 2023

_____
JEFFREY S. WHITE
United States District Judge