1    Joseph Lavi, Esq. (State Bar No. 209776)
      E-Mail: jlavi@lelawfirm.com
2    Vincent C. Granberry, Esq. (State Bar No. 276483)
      E-Mail: vgranberry@lelawfirm.com
3    Eve Howe, Esq. (State Bar No. 350007)
      E-Mail: ehowe@lelawfirm.com
4    **LAVI & EBRAHIMIAN, LLP**
      8889 W. Olympic Blvd., Suite 200
5    Beverly Hills, California 90211
      Telephone: (310) 432-0000
6    Facsimile: (310) 432-0001

7    Attorneys for PLAINTIFFS
      DEREK L. MCGHEE and VICTOR HAZLETT, on behalf of themselves
8    and others similarly situated.

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| DEREK L. MCGHEE and VICTOR HAZLETT, on behalf of themselves and others similarly situated, | Case No.:  4:18-cv-05999-JSW |
| | **CLASS ACTION** |
|      PLAINTIFFS, | **PLAINTIFFS' CONSOLIDATED THIRD AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:** |
|   vs. | **1.    FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** |
| TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; MARATHON REFINING LOGISTICS SERVICES LLC; and DOES 1 to 100, inclusive, | **2.    FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS AND/OR PAY MEAL PERIOD PREMIUM WAGES IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** |
|      DEFENDANTS. | **3.    FAILURE TO PROVIDE REST BREAKS AND REST BREAK PREMIUM WAGES IN VIOLATION OF LABOR CODE SECTION 226.7** |
| | **4.    FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE** |

SECTION 226

5.    **FAILURE TO TIMELY PAY WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

6.    **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

7.    **CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTION 2698,** *et seq.*

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiffs, DEREK L. MCGHEE and VICTOR HAZLETT ("Plaintiffs"), who allege and complain against DEFENDANTS TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; MARATHON REFINING LOGISTICS SERVICES LLC; and DOES 1 to 100, inclusive, (hereinafter, collectively referred to as "Defendants") as follows:

I.    **INTRODUCTION**

1.    This is a class action lawsuit seeking unpaid wages, interest, and penalties based on Defendants' failure to: pay wages for all hours worked at minimum wage rate of pay; permit meal periods and rest breaks and pay meal period and rest break premium wages; provide complete and accurate wage statements; pay waiting time penalties in the form of continuation wages for failure to timely pay employees; and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 1194 and 2699(g)(1), costs, and interest brought on behalf of Plaintiffs and others similarly situated.

2.    This is a Private Attorneys General Act of 2004, Lab. Code § 2698, et seq. ("PAGA") representative action brought by Plaintiffs on behalf of the State of California, themselves and other current and former aggrieved employees of Defendants who worked as non-exempt employees during the relevant time period seeking civil penalties associated with

Defendants' violation of the Labor Code based on Defendants' failure to pay wages for all hours worked at the employees' minimum wage rate, failure to timely pay earned wages during employment, failure to provide complete and accurate wage statements, and failure to timely pay all unpaid wages following separation of employment. Plaintiffs seek on a representative basis, following notice to the Labor and Workforce Development Agency, civil penalties, reasonable attorney's fees pursuant to Labor Code section 2699(g)(1) and costs brought on behalf of Plaintiffs, the State of California, and others aggrieved.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over Plaintiffs' and the Class Members' claims for unpaid wages for all time worked at minimum and/or overtime wage; unpaid meal and rest period premium wages; Defendants' failure to provide complete and accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees; claims for restitution under Business & Professions Code section 17200 *et seq.*; and claims under PAGA, because Defendants employed putative class members, hourly non-exempt employees, in locations throughout California which includes the Contra Costa County refinery where alleged injuries occurred, located at 150 Solano Way, Pacheco, CA 94553.

## III.   PARTIES

4.    Plaintiffs bring this action on behalf of themselves and other members of the general public similarly-situated, including hourly non-exempt employees working in California for Defendants within the four years prior to the filing of this action. Plaintiffs also bring this action as representatives of the Labor and Workforce Development Agency on behalf of themselves and other current and former employees subject to violations of the Labor Code. The named Plaintiffs and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who worked as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiffs are and were residents of and domiciled in California and were employed in non-exempt positions by Defendants, within the four years prior to the filing of the initial complaint.

5.    Plaintiffs are informed and believe and thereon allege that Defendant TESORO

REFINING & MARKETING COMPANY LLC is a Delaware limited liability company with its primarily place of business being in San Antonio, Texas, as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein. Plaintiffs are informed and believe and thereon allege that Defendant ANDEAVOR is a Delaware limited liability company with its primarily place of business being in San Antonio, Texas as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein.

6.      Plaintiffs are informed and believe and thereon allege that Defendant ANDEAVOR LOGISTICS LP is a Delaware limited liability company with its primarily place of business being in San Antonio, Texas as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein.

7.      Plaintiffs are informed and believe and thereon allege that Defendant MARATHON REFINING LOGISTICS SERVICES, LLC is a Delaware limited liability company with its primarily place of business being in Findlay, Ohio as well as authorized to do business within the State of California and is doing business in the State of California and at all times relevant hereto violated or caused to be violated the wage and hour provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders alleged in more detail herein.

8.      Plaintiffs are informed and believe and thereon allege that Defendants DOES 1 through 50 are corporations or are other business entities or organizations of a nature unknown to Plaintiffs.

9.      Plaintiffs are informed and believe and thereon allege that Defendants DOES 51 through 100 are individuals unknown to Plaintiffs. Each of the individual defendants is sued

individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant who violated or caused to be violated the minimum wage and meal period provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work.

10.     Plaintiffs are unaware of the true names of Defendants DOES 1 through 100. Plaintiffs sue said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

11.     Plaintiffs are informed, believe, and thereon allege that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes all named Defendants and Does 1 through 100.

12.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

13.     Plaintiffs make the allegations in this complaint without any admission that, as to

any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading and Plaintiffs reserve all of Plaintiffs' rights to plead in the alternative.

**IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

14.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations title 8, section 11010, Defendants are employers of Plaintiffs within the meaning of the applicable Wage Order and applicable California Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

15.    **Failure to pay wages for all hours worked at the legal minimum wage rate**: Defendants employ many of their employees, including Plaintiffs, as hourly non-exempt employees. Defendants had a companywide policy, practice, and/or procedure which required the incoming hourly non-exempt employees to meet with the outgoing hourly non-exempt employees before their scheduled start time to receive information and/or instructions from the outgoing hourly non-exempt employees. This time is commonly referred to as "turnover time." Yet, Defendants did not compensate the outgoing shift employees for the "turnover time" that they spent passing information or instructions to the incoming shift employees.

16.    Additionally, Defendants had a companywide policy, practice, and/or procedure whereby Defendants' rounded down or shaved down Plaintiffs' and hourly non-exempt employees' daily hours worked to the nearest quarter of an hour to the benefit of Defendants without paying hourly non-exempt employees for that time.

17.    Furthermore, Defendants required Plaintiffs and their hourly non-exempt employees to wear personal protective equipment (PPE). Defendants had a companywide policy, practice, and/or procedure whereby Defendants required Plaintiffs and hourly non-exempt employees to don their PPEs before clocking in at the start of their shift and doff their PPEs after clocking out at the end of their shift. This resulted in time each workday that Plaintiffs and hourly non-exempt employees were under the direction and control of Defendants, but not compensated for their time.

18.    Finally, Defendants had a companywide policy, practice, and/or procedure whereby they required Plaintiffs and hourly non-exempt employees to be "on-call," but did not pay them

wages for "on-call" time.  During "on-call" time Plaintiffs' and hourly non-exempt employees' activities were so restricted that being "on-call" prevented them from engaging in personal activities.  Yet, Defendants did not compensate Plaintiffs and hourly non-exempt employees for their "on-call time."

19.    All of Defendants' aforementioned companywide policies, practices, and/or procedures resulted in time during which Plaintiffs and other hourly non-exempt employees were subject to the control of Defendants but were not paid wages for that time.

20.    In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use time effectively for their own purposes. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.) In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business. Such time includes time an employee is required to be present (for reasons including but not limited to "turnover time" at the end of their shifts) from Defendants.

21.    Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the Wage Order.

22.    Despite that California law requires employers to pay employees for all hours worked at least at a minimum wage rate, as detailed above, Defendants would suffer and permit and require Plaintiffs and hourly non-exempt employees to be subject to the direction and control outside of the time Defendants paid employees wages. This resulted in Plaintiffs and other hourly non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 1194, 1197, and the Wage Order.

23.    **Failure to authorize or permit meal periods and/or pay meal period premium wages:** California law requires an employer to provide an employee an uninterrupted meal period of

1    no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1,

2    subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per

3    day without providing the employee with a second meal period of not less than 30 minutes before

4    the end of the 10th hour of work. (*Id.*)

5        24.    If the employee is not free to leave the work premises or worksite during the meal

6    period, even if the employee is relieved of all other duty during the meal period, the employee still

7    is subject to the employer's control and the meal period is counted as time worked.

8        25.    If an employer fails to provide an employee a meal period in accordance with the

9    law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for

10   each work day that a legally required meal period was not provided or was not duty-free.  (*Id.*)

11       26.    Defendants employed a policy, practice, and/or procedure of discouraging Plaintiffs

12   and hourly non-exempt employees (excluding employees who are covered by, or entered, an on-

13   duty meal period agreement with Defendants within the four years prior to the filing of the initial

14   complaint to the present) from taking duty-free meal periods and outside of Defendants' work

15   premises.  Specifically, Defendants employed a policy, practice, and/or procedure whereby if

16   Plaintiffs or other hourly non-exempt employees wanted to take meal periods off Defendants' work

17   premises, Defendants required Plaintiffs and hourly non-exempt employees to work an extra 30

18   minutes at the end of the workday, thereby effectively discouraging Plaintiffs and other hourly non-

19   exempt employees from taking all legally-required, duty-free meal periods.

20       27.    In addition, Defendants failed to pay premium wages to Plaintiffs and similarly

21   situated hourly non-exempt employees to compensate them for each workday the employees did not

22   receive all legally required duty-free meal periods.  Defendants employed policies and procedures

23   which ensured Plaintiffs and similarly situated hourly non-exempt employees did not receive any

24   premium wages to compensate them for the workdays in which they did not receive all legally

25   required meal periods.

26       28.    This practice resulted in Plaintiffs and similarly situated hourly non-exempt

27   employees not receiving premium wages to compensate them for workdays which Defendants

28   failed to authorize or permit them to take all legally-required uninterrupted, duty-free meal periods

of not less than 30 minutes in compliance with California law.

29. **Failure to authorize and/or permit rest or pay rest period premium wages:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 1, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 1, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 1, subd. 12.)

30. The rest period requirement "obligates employers to permit and authorizes employees to take-off-duty rest periods. *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

31. If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Brinker, supra,* 53 Cal.4th 1029, Code §226.7; Wage Order 1, subd. 12.)

32. During the four years prior to the filing of the initial complaint, Plaintiffs and other hourly, non-exempt employees regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiffs and other hourly, non-exempt employees were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' systematic company policy pressured and/or required employees to work without

receiving rest periods, or the rest periods were interrupted or were untimely. For example, at times during their employment, Plaintiffs and other hourly, non-exempt employees faced increased demands for their time which often meant they were forced to forego their meal and/or rest periods. These events included but are not limited to "unit turnarounds," during which one or more of the units within a department would be inspected and/or serviced, and "plant upsets" which happened when an operational disruption occurred within the refinery. During these events, Plaintiffs and other hourly, non-exempt employees, often worked through their meal and/or rest periods.

33.    Relatedly, Defendants failed to pay Plaintiffs and hourly, non-exempt employees premium wages for each workday they did not receive all legally-required and/or legally-compliant rest periods. Defendants' failure to provide Plaintiffs and hourly non-exempt employees with rest periods was in violation of Labor Code Section 226.7 and the IWC Wage Order. As such, Defendants owe Plaintiffs and hourly non-exempt employees rest period premium wages.

34.    **Wage Statement Violations**: California Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

35.    Defendants failed to provide accurate wage and hour statements to Plaintiffs and other hourly, non-exempt employees who were subject to Defendants' control for uncompensated time and who did not receive the wages they earned (including minimum wages, as well as failure to pay premium wages for missed meal and rest periods).

36.    **Failure to Pay California Employees All Wages Due at Time of Separation of Employment**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (California Labor Code section 201) or within 72 hours of resignation (California Labor Code section 202).

37.    Defendants failed to pay Plaintiffs and other similarly situated employees with all unpaid wages for all hours worked as fully stated above after each employee's separation of employment.

38.    Because Defendants failed to pay Plaintiffs and other similarly situated hourly non-exempt employees with all unpaid wages following separation of employment, Defendants violated Labor Code Section 201 which gives rise to a waiting time penalty pursuant to Labor Code section 203.

**V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**

39.    Plaintiffs brings this action on behalf of themselves, on behalf of all other hourly non-exempt employees subject to the same policies, and on behalf of the General Public, and as members of a Class defined as follows:

A.    **Minimum Wage Class**: All current and former non-exempt employees employed by Defendant in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who were under control of Defendants during time which Defendants did not pay wages for that time at the legal minimum wage rate.

B.    **Meal Period Class**:  All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who, excluding employees who are covered by, or entered, an on-duty meal period agreements, worked shifts more than five hours yet Defendants did not provide duty-free meal periods of not less than 30 minutes, discouraged from taking duty-free meal periods of not less than 30 minutes, and/or failed to pay meal period premium wages.

C.    **Rest Period Class**:    All current and former hourly non-exempt employees

employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least 3.5 hours or more hours in day who did not receive   legally-required and/or legally-compliant duty-free rest periods of ten net minutes rest time for every four hours worked between three and one-half and six hours, six and ten hours, or ten and fourteen hours.

D.    **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

E.    **Waiting Time Class**: All former non-exempt employees of Defendant in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period.

F.    **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

40.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiffs at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages to employees at a minimum wage rate for time that the Minimum Wage Class were under control of Defendants but were not paid;

ii.    Whether Defendants violated California Labor Code sections 512 and

1   226.7, as well as the applicable Wage Order, by employing Meal Period Class Members without

2   authorizing or permitting all their required meal periods or properly paying meal period premium

3   wages;

4          iii.     Whether Defendants violated California Labor Code section 226.7 by

5   employing Rest Period Class Members without providing all their required rest periods or paying

6   rest period premium wages;

7          iv.     Whether Defendants failed to provide the Wage Statement Class

8   Members with accurate itemized statement at the time they received their itemized statements;

9          v.     Whether Defendants failed to provide the Waiting Time Class with all

10  of their wages as well as their last wages within the statutory time period;

11         vi.     Whether Defendants committed unlawful business acts or practice

12  within the meaning of Business and Professions Code section 17200 *et seq.*;

13         vii.     Whether Class Members are entitled to unpaid wages, penalties and

14  other relief in conjunction with their claims; and

15         viii.     Whether, as a consequence of Defendants' unlawful conduct, the

16  Class Members are entitled to restitution, and/or equitable relief;

17         ix.     Whether Defendants' affirmative defenses, if any, raise any common

18  issues of law or fact as to Plaintiffs, and the Class Members as a whole.

19         C.     **Typicality**: Plaintiffs' claims are typical of the claims of the class members

20  in each of the classes.  Plaintiffs and the members of the Minimum Wage Class sustained damages

21  arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees

22  were subject to Defendants' control.  Plaintiffs and the members of the Meal Period Class sustained

23  damages arising out of Defendants' failure to provide employees all legally required meal periods

24  and failure to pay meal period premium wages as compensation.  Plaintiffs and the members of the

25  Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt

26  employees all legally-required rest periods and failure to pay rest period premium wages as

27  compensation.  Plaintiffs and the members of the Wage Statement Class sustained damages arising

28  out of Defendants' failure to furnish them with accurate itemized wage statements in compliance

with California Labor Code section 226.  Plaintiffs and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.     **Adequacy of Representation**: Plaintiffs will fairly and adequately protect the interests of the members of each class. Plaintiffs have no interests that are adverse to the interests of the other class members. Plaintiffs' Counsel is experienced in class litigation and is qualified to conduct the proposed class litigation.

E.     **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.     **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(Against all Defendants and DOE Defendants by the Minimum Wage Class)**

41.    Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein by reference.

42.    At times relevant to this Complaint, Plaintiffs and the members of the Minimum Wage Class were hourly non-exempt employees of Defendants covered by Labor Code sections 1194 and 1197.

43.    Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiffs and the Minimum Wage Class are entitled to receive wages for all hours worked and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44.    Defendants' payroll policies and procedures failed to compensate the Minimum Wage Class for all time that they were under control of Defendants and all time that they could not effectively use time for their own purposes because of the necessities of the employer's business, including for time spent donning and doffing.

45.    As a result of Defendants' unlawful conduct which include failure to pay Plaintiffs and the members of the Minimum Wage class for all the hours that they worked for Defendants, Plaintiffs and members of the Minimum Wage class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

46.    Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiffs and the Minimum Wage Class are entitled to recover unpaid minimum wages, interest thereon, liquidated damages, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF**

**CALIFORNIA LABOR CODE SECTIONS 512 AND 226.7 AND THE WAGE ORDER**

**(As Against all Defendants and DOE Defendants by the Meal Period Class)**

47.    Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein by reference.

48.    At all times relevant to this Complaint, Plaintiffs and the members of the Meal Period Class were hourly non-exempt employees of Defendants, covered by California Labor Code sections 512 and 226.7 and the Wage Order.

49.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*)

50.     If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee still is subject to the employer's control and the meal period is counted as time worked.

51.     If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of pay for each work day that a legally required meal period was not provided or was not duty-free.  (*Id.*).

52.     Defendants failed to provide Plaintiffs and the members of the Meal Period Class duty free 30-minute meal period for each five-hour period of work as required by law.

53.     Defendants employed a policy, practice, and/or procedure of discouraging Plaintiffs and the Meal Period Class Members from taking duty-free meal periods and outside of Defendants' work premises.  Specifically, Defendants employed a policy, practice, and/or procedure whereby if Plaintiffs or other hourly non-exempt employees wanted to take meal periods off Defendants' work premises, Defendants required Plaintiffs and Meal Period Class Members to work an extra 30 minutes at the end of the workday, thereby effectively discouraging Plaintiffs and Meal Period Class Members from taking all legally-required meal periods.

54.     Defendants employed policies and procedures which ensured Plaintiffs and Meal Period Class Members did not receive premium wages to compensate them for workdays that they did not receive either a full first or a second meal period, or both.  This practice resulted in Plaintiffs and Meal Period Class members not receiving premium wages, to compensate them for workdays which Defendants did not provide them with all required meal periods, in compliance with California law.

55.     Defendants' policies and procedures prevented Plaintiffs and other Meal Period Class members from receiving all legally required meal periods or Defendants from providing such

1   meal periods to Plaintiffs and other Meal Period Class Members during workdays the employees

2   worked more than six hours and/or more than ten hours in one shift.

3        56.    Defendants' unlawful conduct alleged herein occurred in the course of employment

4   of Plaintiffs and all others similarly situated and such conduct has continued through the filing of

5   this Complaint.

6        57.    Because Defendants failed to provide proper meal periods, they are liable to

7   Plaintiffs and the Meal Period Class Members for one hour of additional pay at the regular rate of

8   compensation for each workday that the proper meal period was not provided, pursuant to

9   California Labor Code section 226.7 and the Wage Order.

10       58.     Plaintiffs, on behalf of themselves and the Meal Period Class, seek damages and all

11  other relief allowable, including a meal period premium wage for each workday Defendants failed

12  to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

13       59.    Thus, Plaintiffs and Meal Period Class Members are entitled to one hour of pay for

14  each workday Defendants did not provide them all required meal periods, plus pre-judgment

15  interest.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF LABOR**

**CODE SECTION 226.7 AND THE WAGE ORDER**

**(As Against all Defendants and DOE Defendants by the Rest Period Class)**

20       60.    Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein

21  by reference.

22       61.    At all relevant times, Plaintiffs and the other members of the Rest Period Class were

23  non-exempt, hourly employees of Defendants covered by Labor Code Section 226.7 and the Wage

24  Order.

25       62.    California law states that "[e]very employer shall authorize and permit all employees

26  to take rest periods, which insofar as practicable shall be in the middle of each work period. The

27  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

28  minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide

an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 1, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 1, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 1, subd. 12.)

63.    The rest period requirement "obligates employers to permit and authorizes employees to take-off-duty rest periods. *Augustus v. ABM Security Services, Inc.* (2016) 5 Cal.5th 257, 269.  That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time.  *Id.*

64.    If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required rest period was not provided or was not duty free. (*Brinker, supra,* 53 Cal.4th 1029, Code §226.7; Wage Order 1, subd. 12.)

65.    During the four years prior to the filing of the initial complaint, Plaintiffs and members of the Rest Period Class regularly worked shifts of more than 3.5 hours. Nevertheless, Plaintiffs and members of the Rest Period Class were not given an uninterrupted 10-minute rest period for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, or 30 minutes for shifts of more than 10 hours up to 14 hours because Defendants' systematic company policy pressured and/or required employees to work without receiving rest periods, or the rest periods were interrupted or were untimely. For example, at times during their employment, Plaintiffs and other hourly, non-exempt employees faced increased demands for their time which often meant they were forced to forego their meal and/or rest periods.  These events included but are not limited to "unit turnarounds," during which one or more of the units within a department would be inspected and/or serviced, and "plant upsets" which happened when an operational disruption occurred within the refinery. During these events, Plaintiffs and

members of the Rest Period Class, often worked through their meal and/or rest periods.

66.    Relatedly, Defendants failed to pay Plaintiffs and members of the Rest Period Class premium wages for each workday they did not receive all legally-required and/or legally-compliant rest periods.  Defendants' failure to provide Plaintiffs and members of the Rest Period Class with rest periods was in violation of Labor Code Section 226.7 and the IWC Wage Order. As such, Defendants owe Plaintiffs and hourly non-exempt employees rest period premium wages.

67.    Because Defendants failed to provide proper rest periods, they are liable to Plaintiffs and the Rest Period Class Members for one hour of additional pay for each workday that the proper rest period was not provided, pursuant to California Labor Code section 226.7 and the Wage Order.

68.    Plaintiffs, on behalf of themselves and the Rest Period Class, seek damages and all other relief allowable including rest period wages for each workday the employee was not provided with all required rest periods of ten net minutes; and prejudgment interest.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

**VIOLATION OF LABOR CODE SECTION 226**

**(As Against all Defendants and DOE Defendants by the Wage Statement Class)**

69.    Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein by reference.

70.     At all times relevant to this Complaint, Plaintiffs and the other members of the Wage Statement Class were hourly employees of Defendants, covered by California Labor Code section 226.

71.    Pursuant to California Labor Code section 226, subdivision (a), Plaintiffs and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be

aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.     As a result of the aforementioned conduct (failure to pay wages for all hours worked, and failure to pay meal and rest period premiums), Defendants failed to provide accurate and complete wage statements to Plaintiffs and others similarly situated in violation of Labor Code Section 226(a)) because they did not reflect all of the employees' earnings.

73.     Defendants' failure to provide Plaintiffs and members of the Wage Statement Class with accurate wage statements and maintain accurate copies of wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and members of the Wage Statement Class accurate wage statements and maintain but intentionally provided wage statements that Defendants knew were not accurate.

74.     As a result of Defendants' conduct, Plaintiffs and members of the Wage Statement Class have suffered injury. Specifically, the absence of accurate information on their wage statements has prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

75.     Pursuant to Labor Code Section 226(e), Plaintiffs and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000) dollars per employee.

76.     Pursuant to Labor Code Section 226, Plaintiffs and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and

1   reasonable attorney's fees.

2         77.     Pursuant to Labor Code Sections 218 and 226(e), Plaintiffs and the members of the

3   Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code

4   Section 226(e), reasonable attorney's fees and costs of suit.

5   **FIFTH CAUSE OF ACTION**

6   **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

7   **(Against All Defendants and DOE Defendants by the Waiting Time Class)**

8         78.     Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein

9   by reference.

10        79.     At all relevant times, Plaintiffs and the other members of the Waiting Time Class

11  were employees of Defendants covered by Labor Code Sections 201, 202, and 203.

12        80.     An employer is required to pay all unpaid wages timely after an employee's

13  employment ends. The wages are due immediately upon termination (California Labor Code section

14  201) or within 72 hours of resignation (California Labor Code section 202).

15        81.     Defendants failed to pay Plaintiffs and members of the Waiting Time Class all wages

16  earned and unpaid prior to separation of employment in accordance with Labor Code Sections 201

17  and 202. Plaintiffs are informed and believe and thereon allege that at all relevant times within the

18  limitations period applicable to this cause of action, Defendants maintained a policy or practice of

19  not paying hourly non-exempt employees all unpaid wages and/or final wages upon separation of

20  employment.

21        82.     Defendants' failure to pay Plaintiffs and members of the Waiting Time Class all

22  wages earned prior to separation of employment timely in accordance with Labor Code Sections

23  201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior

24  to separation of employment in accordance with Labor Code Sections 201 and 202, but intentionally

25  adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and

26  202. Defendants' practices included but are not limited to failing to pay wages for time employees

27  were under control of Defendants. When Defendants failed to pay hourly workers timely upon

28  separation of employment all wages earned prior to separation of employment, Defendants knew

**PLAINTIFFS' CONSOLIDATED THIRD AMENDED COMPLAINT FOR DAMAGES**
21

1    what they were doing and intended to do what they did.

2        83.    Pursuant to Labor Code Sections 201 and 202, Plaintiffs and members of the Waiting

3    Time Class are entitled to all wages earned prior to separation of employment that Defendants did

4    not pay them.

5        84.    Pursuant to Labor Code Section 203, Plaintiffs and members of the Waiting Time

6    Class are entitled to continuation of their wages, from the day their earned and unpaid wages were

7    due upon separation of employment until paid, up to a maximum of 30 days.

8        85.    As a result of Defendants conduct, Plaintiffs and members of the Waiting Time Class

9    have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

10   earned prior to separation of employment.

11       86.    As a result of Defendants conduct, Plaintiffs and members of the Waiting Time Class

12   have suffered damages in an amount, subject to proof, to the extent they were not paid all

13   continuation wages owed under Labor Code Section 203.

14                              **SIXTH CAUSE OF ACTION**

15                                 **UNFAIR COMPETITION**

16        **(As Against all Defendants and DOE Defendants by the California Class)**

17       87.    Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein

18   by reference.

19       88.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

20   within the meaning of Business and Professions Code Section 17200. This unfair conduct includes

21   Defendants' use of policies and procedures which resulted in failing to pay employees for all hours

22   which they worked, failing to pay meal and rest period premium wages, failure to provide accurate

23   wage statements, and untimely payment of all unpaid wages after separation of employment. Due to

24   Defendants' unfair and unlawful business practices in violation of the Labor Code, Defendants have

25   gained a competitive advantage over other comparable companies doing business in the State of

26   California that comply with their obligations to pay employees for all hours worked.

27       89.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs and

28   members of the Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement

Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

90.    Pursuant to Business and Professions Code Section 17203, Plaintiffs and members of the Minimum Wage Class, Meal Period Class, Rest Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of their unlawful and unfair business practices.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES AND WAGES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, et seq.

**(Against all Defendants)**

91.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

92.    During the period beginning one-year period preceding the sending of the initial notice to the LWDA to the present, Defendants violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 512, 1194, 1197, 1198, and the applicable Wage Order.

93.    Specifically, Defendants have committed the following violations of California Labor Code:

94.    **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiffs, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

95.    Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at a minimum wage rate of pay as established by the IWC and the Wage Orders.

96.    In this case, Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees worked more minutes per shift than Defendants credited them with

having worked. Specifically, Defendants failed to pay Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to, the following:

    a. Requiring incoming hourly non-exempt employees to meet with outgoing hourly non-exempt employees before their scheduled start time to receive information and/or instructions from the outgoing hourly non-exempt employees. This time is commonly referred to as "turnover time." Yet, Defendants did not compensate the outgoing shift employees for the "turnover time" that they spent passing information or instructions to the incoming shift employees;

    b. Requiring Plaintiffs and other hourly non-exempt employees to wear personal protective equipment (PPE). Furthermore, Defendants required Plaintiffs and hourly non-exempt employees to don their PPEs before clocking in at the start of their shift and doff their PPEs after clocking out at the end of their shift. This resulted in time each workday that Plaintiffs and hourly non-exempt employees were under the direction and control of Defendants, but not compensated for their time; and

    c. Requiring Plaintiffs and hourly non-exempt employees to be "on-call," but did not pay them wages for "on-call" time. During "on-call" time Plaintiffs' and hourly non-exempt employees' activities were so restricted that being "on-call" prevented them from engaging in personal activities, and therefore they were under the control and direction of the Defendants during this time. Yet, Defendants did not compensate Plaintiffs and hourly non-exempt employees for their "on-call time."

97.    This resulted in Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194 and 1197 and the applicable Wage Order.

98.    **Failure to timely pay earned wages during employment:** In California, wages must be paid at least twice during each calendar month on days designated in advance by the employer as regular paydays, subject to some exceptions. Labor Code section 204(a). Wages earned

between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of any calendar month must be paid between the 1st and 10th day of the following month. *Id*. Other payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within seven (7) calendar days following the close of the payroll period in which wages were earned. Labor Code section 204(d).

99.     As a derivative of Plaintiffs' claims above, Plaintiffs allege that Defendants failed to timely pay Plaintiffs' and other current and former aggrieved California-based hourly non-exempt employees' earned wages (including minimum wages and meal and rest period premium wages), in violation of Labor Code section 204. Defendants' aforementioned policies, practices, and/or procedures resulted in their failure to pay Plaintiffs' and other current and former aggrieved California-based hourly non-exempt employees' their earned wages within the applicable time frames outlined in Labor Code section 204.

100.     **Failure to provide complete and accurate wage statements:** Labor Code section 226, subdivision (a). Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

101.     As a derivative of Plaintiffs' allegations above, Defendants' failure to pay Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees all wages

earned (including minimum wages and meal and rest period premium wages) rendered Plaintiffs' and other current and former aggrieved California-based hourly non-exempt employees' wage statements inaccurate, in violation of Labor Code section 226.

102.    **Failure to pay employees all wages due at time of separation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Labor Code section 201) or within seventy-two (72) hours of resignation (Labor Code section 202).

103.    As a derivative of Plaintiffs' allegations above, because Defendants failed to pay Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees all their earned wages (including minimum wages and meal and rest period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation, in violation of Labor Code sections 201, 202, and 203.

104.    Defendants' violations of Wage Order 1 constituted violations of Labor Code section 1198, which prohibits employment under conditions of labor that violate the Wage Orders.

105.    Labor Code sections 2699, subdivisions (a) and (g) authorize an aggrieved employee, on behalf of himself or herself and other current or former employees, to bring a civil action to recover civil penalties against all Defendants pursuant to the procedures specified in Labor Code section 2699.3.

106.    Plaintiffs have complied with the procedures for bringing suit specified in Labor Code section 2699.3. On April 22, 2021, Plaintiff Hazlett filed notice with LWDA and provided notice to Defendants by certified mail which provided notice of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the violations alleged.

107.    Pursuant to Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 60 days of the date of the complainant's written notice. The LWDA failed to provide the parties notice within 60 days of the date of Plaintiff's letter that the LWDA intends to investigate Plaintiff's claims.

108.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs are entitled to recover civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 226, 1194, 1197, and 1198, during the Civil Penalty Period in the following amounts:

a.    For violations of Labor Code sections 201, 202, 203, 204, and 1198; one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

b.    For violations of Labor Code section 226, two hundred fifty dollars ($250) for each employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

c.    For violations of Labor Code section 1194 and 1197, one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 1197.1] and any unpaid wages.

109.    Pursuant to Labor Code section 2699(g), Plaintiffs are entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

### PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFFS, ON THEIR BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAY AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION:**

1.    That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.    That the named Plaintiffs be designated as class representative for the California Class (and all sub-classes thereof);

3.    A declaratory judgment that the practices complained herein are unlawful.

**ON THE FIRST CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wages Orders as to the Plaintiffs and the Minimum Wage Class;

2.      For damages, according to proof, including but not necessarily limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For liquidated damages pursuant to Labor Code section 1194.2;

5.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and

7.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the meal break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiffs and the Meal Period Class;

2.      For damages, according to proof, including unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the rest break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiffs and the Rest Period Class;

2.      For damages, according to proof, including unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under

California Labor Code section 218.6, and post-judgment interest; and

     5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

<b>ON THE FOURTH CAUSE OF ACTION:</b>

     1.     That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to Plaintiffs and the Wage Statement Class;

     2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

     3.     For pre-judgment interest and post-judgment interest;

     4.     For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 226(e); and

     5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

<b>ON THE FIFTH CAUSE OF ACTION:</b>

     1.     That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon separation of employment as to the Waiting Time Class;

     2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

     3.     For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and

     4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

<b>ON THE SIXTH CAUSE OF ACTION:</b>

     1.     That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

     2.     A declaratory judgment that the practices complained herein are unlawful;

1    3.      For restitution to the full extent permitted by law; and

2    4.      For such and other further relief, in law and/or equity, as the Court deems just or

3    appropriate.

4                        **ON THE SEVENTH CAUSE OF ACTION:**

5    1.      That the Defendants be found to have violated the provisions of the Labor Code and

6    the IWC Wages Orders as to the Plaintiffs and aggrieved employees;

7    2.      For any and all legally applicable penalties during the relevant statute of limitations

8    subject to any permissible tolling, including but not limited to that recoverable under California

9    Labor Code, including but not limited to sections 2699(f).

10   3.      For attorneys' fees and costs of suit, including but not limited to that recoverable

11   under California Labor Code section 2699(g); and

12   4.      For such and other further relief, in law and/or equity, as the Court deems just or

13   appropriate.

14   Dated: April 8, 2025                    Respectfully submitted,

15                                           **LAVI & EBRAHIMIAN, LLP**

16                                           By: ___*/s/ Eve Howe*_____

17                                                Joseph Lavi, Esq.
                                                 Vincent C. Granberry, Esq.

18                                                Eve Howe, Esq.

19                                                Attorneys for PLAINTIFFS
                                                 DEREK L. MCGHEE, VICTOR HAZLETT,

20                                                and Other Class Members

21

22

23

24

25

26

27

28

---

**PLAINTIFFS' CONSOLIDATED THIRD AMENDED COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2

PLAINTIFFS DEREK L. MCGHEE and VICTOR HAZLETT demand a trial by jury for

3

themselves and the Class on all claims so triable.

4

Dated:  April 8, 2025                                      Respectfully submitted,

5                                                                                **LAVI & EBRAHIMIAN, LLP**

6

By:    _/s/ Eve Howe_

7                                                                                        Joseph Lavi, Esq.
                                                                                        Vincent C. Granberry, Esq.
8                                                                                        Eve Howe, Esq.

9
                                                                                        Attorneys for PLAINTIFFS
10                                                                                      DEREK L. MCGHEE, VICTOR HAZLETT,
                                                                                        and Other Class Members
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

On April 8, 2025, I served the foregoing document, described as:

- **PLAINTIFFS' CONSOLIDATED THIRD AMENDED COMPLAINT FOR DAMAGES**

on all interested parties in this action in the manner provided as follows:

**A**   **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

**B**   **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

**C**   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the location designated above.

**D**   **(BY ELECTRONIC SERVICE)** I submitted an electronic version of the document(s) via portable document format (PDF) to the court at www.cand.uscourts.gov/cmecf. Service will be deemed effective as provided for by Local Rule 5-1 of the District Court of California, Northern District.

| Party Served | Form of Service |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>Bradley J. Hamburger (SBN 266916)<br>bhamburger@gibsondunn.com<br>Tiffany Phan (SBN 292266)<br>tphan@gibsondunn.com<br>Madeleine F. McKenna (316088)<br>mmckenna@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: (213) 229-7000 | **D** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  April 8, 2025                                    _/s/ Eve Howe_____