1  Joseph Lavi, Esq., SBN 209776
   Jordan D. Bello, Esq., SBN 243190
2  Vincent C. Granberry, Esq., SBN 276483
   Eve Howe, Esq., SBN 350007
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
4  Beverly Hills, California 90211
   Email: jlavi@lelawfirm.com
5        jbello@lelawfirm.om
         vgranberry@lelawfirm.com
6        ehowe@lelawfirm.com

7  Attorneys for Plaintiffs DEREK L. MCGHEE
   and VICTOR HAZLETT

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14 | DEREK L. MCGHEE and VICTOR | Case No. 4:18-cv-05999-JSW
   | HAZLETT, on behalf of themselves and others |
15 | similarly situated, | Assigned For All Purposes to the Honorable
   | | Jeffrey S. White, Courtroom 5
16 |                  Plaintiff, | **SUPPLEMENTAL DECLARATION OF EVE**
   | | **HOWE IN SUPPORT OF MOTION FOR**
17 |        v. | **PRELIMINARY APPROVAL OF CLASS**
   | | **ACTION SETTLEMENT**
18 | TESORO REFINING & MARKETING |
   | COMPANY LLC; ANDEAVOR; ANDEAVOR | **Date**:        May 16, 2025
19 | LOGISTICS LP; MARATHON REFINING | **Time**:        9:00 a.m.
   | LOGISTICS SERVICES LLC; and DOES 1 to | **Courtroom**:  5
20 | 100, inclusive, |
   | |
21 |                  Defendants. |

22

23

24

25

26

27

28

1

## SUPPLEMENTAL DECLARATION OF EVE HOWE

2

I, Eve Howe, declare as follows:

3

1.     I am an attorney at law licensed to practice in the State of California and before this

4 Court. I am an associate in the law firm Lavi & Ebrahimian, LLP ("L&E"), which law firm is Counsel

5 for Plaintiffs Derek L. McGhee and Victor Hazlett, on behalf of themselves and those similarly

6 situated, and the California Labor Workforce Development Agency ("LWDA"), (collectively

7 "Plaintiffs"), in the captioned consolidated class action (hereinafter, the "Action"). The facts stated

8 herein are true of my own personal knowledge. This supplemental declaration is provided in support

9 of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

10

2.     Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement on

11 April 7, 2025. (Dkt. 148). Attached as Exhibit 1 to the Declaration of Eve Howe in Support of

12 Plaintiffs' Motion was the fully executed Settlement in this matter.

13

3.     At the time of filing Plaintiffs' Motion, Plaintiffs and Defendants were finalizing the

14 proposed Class Notice to be attached as Exhibit A to the Settlement. In lieu of delaying the filing

15 further, Plaintiffs attached a placeholder as Exhibit A. Subsequently, Plaintiffs and Defendants

16 finalized the proposed Class Notice on April 9, 2025.

17

4.     Attached hereto as **Exhibit 1** is a true and correct copy of the proposed Court

18 Approved Notice of Class Action Settlement.

19

I certify under penalty of perjury under the laws of the state of California that the foregoing

20 is true and correct.

21

Executed on this 9th day of April 2025, at Beverly Hills, California.

22

*/s/ Eve Howe*

23 _____

24

25

26

27

28

**"EXHIBIT 1"**

## COURT APPROVED NOTICE OF CLASS ACTION SETTLEMENT

DEREK L. MCGHEE and VICTOR HAZLETT v. TESORO REFINING & MARKETING
COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; MARATHON REFINING
LOGISTICS SERVICES LLC, et al. | Case No. 4:18-cv-05999-JSW

*The United States District Court for the Northern District of California
authorized this Notice. Read it carefully!
It's not junk mail, spam, an advertisement, or solicitation by a lawyer. You are not being sued.*

**You may be eligible to receive money** from an employment class action lawsuit ("Action")
entitled DEREK L. MCGHEE and VICTOR HAZLETT v. TESORO REFINING &
MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR LOGISTICS LP; MARATHON
REFINING LOGISTICS SERVICES LLC, et al. for alleged wage and hour violations.

The Action was filed by former employees (Derek L. McGhee and Victor Hazlett) ("Plaintiffs")
against TESORO REFINING & MARKETING COMPANY LLC; ANDEAVOR; ANDEAVOR
LOGISTICS LP; and MARATHON REFINING LOGISTICS SERVICES LLC ("Defendants")
and seeks payment of (1) back wages and other relief for a class of unionized hourly non-exempt
employees ("Class Members") who worked for Defendants at the Carson, Wilmington, and
Martinez refineries and Martinez chemical plant during the Class Period from August 17, 2014 to
July 12, 2024 and (2) penalties under the California Private Attorney General Act ("PAGA") for
all Class Members. For the purposes of this Notice, Defendants shall be collectively referred to
here as the "Company."

The proposed Settlement has two main parts: (1) a Class Settlement requiring Company to fund
payments to individual Class Members, and (2) a PAGA Settlement requiring Company to fund
separate PAGA payments to individual Class Members and pay penalties to the California Labor
and Workforce Development Agency ("LWDA").

Based on the Company's records, and the Parties' current assumptions, **your individual Class
Payment is estimated to be $_____ (less withholding and including your individual
PAGA Payment)**.  The actual amount you may receive likely will be different and will depend on
a number of factors.

The above estimates are based on the Company's records showing that **you worked
_____ Qualifying Shifts during the Class Period**. A "Qualifying Shift" is any shift worked
by a Class Member between August 17, 2014 and July 12, 2024. If you believe that you worked
more Qualifying Shifts during the Class Period, you can submit a challenge by the deadline date.
See Section **4** of this Notice.

The Court has already preliminarily approved the proposed Settlement and approved this Notice.
The Court has not yet decided whether to grant final approval.  Your legal rights are affected
whether you act or not act.  **Read this Notice carefully.**  You will be deemed to have carefully
read and understood it.  At the Final Approval Hearing, the Court will decide whether to finally
approve the Settlement and how much of the Settlement will be paid to Plaintiffs and Plaintiffs'
attorneys ("Class Counsel").  The Court will also decide whether to enter a judgment that requires

the Company to make payments under the Settlement and requires Class Members to give up their rights to assert certain claims against the Company.

If you worked for the Company during the Class Period, you have two basic options under the Settlement:

    (1) **Do Nothing**.  You don't have to do anything to participate in the proposed Settlement and be eligible for an individual Class Payment and/or an individual PAGA Payment. As a Participating Class Member, though, you will give up your right to all claims covered by the Settlement.

    (2)  **Opt-Out of the Class Settlement**.  You can exclude yourself from the Class Settlement (opt-out) by submitting a written Request for Exclusion or otherwise notifying the Administrator in writing.  If you opt-out of the Settlement, you will not receive an individual Class Payment. If you opt out, you  will retain your right to sue the Company for all claims asserted in this Action (except the PAGA claims) in a different legal proceeding.  You cannot opt-out of the PAGA portion of the proposed Settlement.

**The Company will not retaliate against you for any actions you take with respect to the proposed Settlement.**


### SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **You Don't Have to Do Anything to Participate in the Settlement** | If you do nothing, you will be a Participating Class Member, eligible for an individual Class Payment and an individual PAGA Payment.  In exchange, you will give up your right to assert the wage claims against the Company that are covered by this Settlement (Released Claims). |
| **You Can Opt-out of the Class Settlement but not the PAGA Settlement** <br><br> **The Opt-out Deadline is** _____ | If you don't want to fully participate in the proposed Settlement, you can opt-out of the Class Settlement by sending the Administrator a written Request for Exclusion.  Once excluded, you will be a Non-Participating Class Member and no longer eligible for an individual Class Payment.  Non-Participating Class Members cannot object to any portion of the proposed Settlement. See Section **6** of this Notice. <br><br> You cannot opt-out of the PAGA portion of the proposed Settlement.  The Company must pay individual PAGA Payments to all Class Members and Class Members must give up their rights to pursue Released PAGA Claims (defined below). |

| Participating Class Members Can Object to the Class Settlement but not the PAGA Settlement<br><br>Written Objections Must Be Submitted by ▆▆▆▆▆▆ | Class Members who do not opt-out ("Participating Class Members") can object to any aspect of the proposed Settlement. The Court's decision whether to finally approve the Settlement will include a determination of how much will be paid to Class Counsel and Plaintiffs who pursued the Action on behalf of the Class. You can object to the amounts requested by Class Counsel or Plaintiffs if you think they are unreasonable. See Section **7** of this Notice. |
|---|---|
| You Can Participate in the ▆▆▆▆▆ Final Approval Hearing | The Court's Final Approval Hearing is scheduled to take place on ▆▆▆▆▆. You don't have to attend but you do have the right to appear (or hire an attorney to appear on your behalf at your own cost), in person, by telephone or by using the Court's virtual appearance platform. See Section **8** of this Notice. |
| You Can Challenge the Calculation of Your Qualifying Shifts<br><br>Written Challenges Must Be Submitted by ▆▆▆▆▆ | The amount of your individual Class Payment and PAGA Payment (if any) depend on how many Qualifying Shifts you worked during the Class Period. The number Qualifying Shifts you worked according to the Company's records is stated on the first page of this Notice. If you disagree with this number, you must challenge it by ▆▆▆▆▆. See Section **4** of this Notice. |

## 1.  WHAT IS THE ACTION ABOUT?

The Action accuses the Company of violating California wage and hour laws by not providing rest breaks and by failing to pay premium wages for missed rest breaks; by disincentivizing off-premises meal periods and by failing to pay premium wages for missed meal periods; by failing to pay wages for all time worked at the minimum wage rate by engaging in rounding practices; by failing to pay wages for all time worked at the minimum wage rate for shift turnover duties and for donning and doffing personal protective equipment; by failing to timely pay wages due at the time of termination; and by failing to provide accurate wage statements. In addition to alleging violations of the California Labor Code, Plaintiffs also asserted claims under California Business & Professions Code section 17200 and a claim for civil penalties under the California Private Attorneys General Act (Labor Code §§ 2698, et seq.) ("PAGA"), based on the same alleged Labor Code violations. The Company disputes these allegations, believes it has strong defenses against such claims and denies that it violated California law in any way. Nothing in this notice, the Settlement, or any actions to carry out the terms of the Settlement means that the Company admits any fault, guilt, negligence, wrongdoing, or liability whatsoever.

## 2. WHAT DOES IT MEAN THAT THE ACTION HAS SETTLED?

So far, the Court has made no determination whether the Company or Plaintiffs are correct on the merits. In the meantime, Plaintiffs and the Company hired an experienced, neutral mediator in an effort to resolve the Action by negotiating to end the case by agreement (settle the case) rather than continuing the expensive and time-consuming process of litigation. The negotiations were successful. By signing a lengthy written settlement agreement ("Agreement") and agreeing to jointly ask the Court to enter a judgment ending the Action and enforcing the Agreement, Plaintiffs and the Company have negotiated a proposed Settlement that is subject to the Court's Final Approval. Both sides agree the proposed Settlement is a compromise. By agreeing to settle, the Company does not admit any violations or concede the merit of any claims.

Plaintiffs and Class Counsel strongly believe the Settlement is a good deal for you because they believe that: (1) the Company has agreed to pay a fair, reasonable and adequate amount considering the strength of the claims and the risks and uncertainties of continued litigation; and (2) Settlement is in the best interests of the Class Members. The Court preliminarily approved the proposed Settlement as fair, reasonable and adequate, authorized this Notice, and scheduled a hearing to determine Final Approval.

## 3. WHAT ARE THE IMPORTANT TERMS OF THE PROPOSED SETTLEMENT?

a.  <u>The Company Will Pay $7,200,000 as the Settlement Fund</u>. The Company has agreed to deposit the Settlement Fund into an account controlled by the Administrator of the Settlement. The Administrator will use the Settlement Fund to pay the individual Class Payments, individual PAGA Payments, Class Representative Service Awards, Class Counsel's attorney's fees and expenses, the Administrator's expenses, and penalties to be paid to the California Labor and Workforce Development Agency ("LWDA"). Assuming the Court grants Final Approval, the Company will fund the Settlement Fund not more than 30 days after Judgment is entered by the Court.

b.  <u>Court Approved Deductions from Settlement Fund</u>. At the Final Approval Hearing, Plaintiffs and/or Class Counsel will ask the Court to approve the following deductions from the Settlement Fund, the amounts of which will be decided by the Court at the Final Approval Hearing:

   i.  Up to $2,520,000 (35% of the Settlement Fund) to Class Counsel for attorneys' fees and up to $100,000 for their litigation expenses. To date, Class Counsel have worked and incurred expenses on the Action without payment.

   ii.  Up to $20,000 ($10,000 each) as Class Representative Service Awards to the named Plaintiffs for filing the Action, working with Class Counsel and representing the Class. A Class Representative Service Award will be the only monies each Plaintiff will receive other than each Plaintiff's individual Class Payment and individual PAGA Payment.

   iii.  Up to $20,000 to the Administrator for services administering the Settlement.

4

iv.   Up to $75,000 for PAGA penalties, allocated to the LWDA.

Participating Class Members have the right to object to any of these deductions.  The Court will consider all objections.

c.   <u>Net Settlement Distributed to Class Members</u>.  After making the above deductions in amounts approved by the Court, the Administrator will distribute the rest of the Settlement Fund (the "Net Settlement Proceeds") by making individual Class Payments to Participating Class Members based on their Qualifying Shifts and individual PAGA Payments to all Class Members.

d.   <u>Taxes Owed and Union Dues on Payments to Class Members</u>.  The Settlement shall be broken down as follows:  40% ("Wage Portion") of each individual Class Payment to taxable wages, 60% ("Non-Wage Portion") to penalties (30%) and interest (30%). The Wage Portion is subject to withholding and will be reported on IRS W-2 Forms. The Company will separately pay employer payroll taxes it owes. The individual PAGA Payments are counted as penalties rather than wages for tax purposes.  The Administrator will report the individual PAGA Payments and the Non-Wage Portions of the individual Class Payments on IRS 1099 Forms. The Administrator will also make deductions from the wage portion of each individual Class Payment for union dues consistent with the applicable collective bargaining agreements.

Although Plaintiffs and the Company have agreed to these allocations, neither side is giving you any advice on whether your Payments are taxable or how much you might owe in taxes. You are responsible for paying all taxes (including penalties and interest on back taxes) on any Payments received from the proposed Settlement. You should consult a tax advisor if you have any questions about the tax consequences of the proposed Settlement.  Any Payments received from the proposed Settlement shall not have any effect on the eligibility or calculation of employee benefits nor will it be considered compensation for determining eligibility in any employee pension benefit plan.

e.   <u>Need to Promptly Cash Payment Checks</u>.  The front of every check issued for individual Class Payments and individual PAGA Payments will show the date when the check expires (the void date).  If you don't cash it by the void date, your check will be automatically cancelled, and the Administrator will attempt to re-issue your check.  If you are unable to be located within one-hundred and eighty (180) calendar days of the expiration date of the initial settlement check, the monies will be divided between the Neighborhood Legal Service of Los Angeles County and the East Bay Community Law Center. If more than $500,000 remains uncashed in total by all Class Members by the void date, then the remaining funds will instead be evenly distributed to all Class Members who timely cashed their checks.

f.  <u>Requests for Exclusion from the Class Settlement (Opt-Outs)</u>.  You will be treated as a Participating Class Member, participating fully in the Class Settlement, unless you notify the Administrator in writing, not later than ██████████, that you wish to opt-out. The easiest way to notify the Administrator is to send a written and signed Request for Exclusion by the Response Deadline. The Request for Exclusion should be a letter from you or your legal representative stating the Class Member's name, present address, telephone number, and a simple statement electing to be excluded from the Settlement. Excluded Class Members (i.e., Non-Participating Class Members) will not receive individual Class Payments but will preserve their rights to personally pursue wage and hour claims against the Company, subject to applicable statute of limitations.

g.  You cannot opt-out of the PAGA portion of the Settlement.  Class Members who exclude themselves from the Class Settlement (Non-Participating Class Members) remain eligible for individual PAGA Payments and are required to give up their right to assert Released PAGA Claims (as defined below).

h.  <u>The Proposed Settlement Will be Void if the Court Denies Final Approval</u>.  It is possible the Court will decline to grant Final Approval of the Settlement or decline enter a Judgment.  It is also possible the Court will enter a Judgment that is reversed on appeal. Plaintiffs and the Company have agreed that, in either case, the Settlement will be void:  the Company will not pay any money and Class Members will not release any claims against the Company.

i.  <u>Administrator</u>.  The Court has appointed a neutral company, CPT Group, Inc. (the "Administrator") to send this Notice, calculate and make payments, and process Class Members' Requests for Exclusion.  The Administrator will also decide Class Member Challenges over Qualifying Shifts, mail and re-mail settlement checks and tax forms, and perform other tasks necessary to administer the Settlement.  The Administrator's contact information is contained in Section **9** of this Notice.

j.  <u>Participating Class Members' Release</u>.  After the Judgment is final and the Company has fully funded the Settlement Fund and separately paid all employer payroll taxes, Participating Class Members will be legally barred from asserting any of the claims released under the Settlement.  This means that unless you opted out by validly excluding yourself from the Class Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Company or Released Parties (as defined in the Agreement) for wages or PAGA penalties for claims based on the facts alleged in the Action and resolved by this Settlement (the text of the release is on pages 13-15 of the Agreement).

k.  <u>Class Members' Released PAGA Claims</u>.  After the Court's judgment is final, and the Company has fully funded the Settlement Fund and separately paid all employer payroll taxes, all Class Members will be barred from asserting PAGA claims against the Company, whether or not they exclude themselves from the Settlement.  This means that all Class Members, including those who are Participating Class Members and those who opt-out of the Class Settlement, cannot sue, continue to sue, or

participate in any other PAGA claim against the Company or Released Parties (as defined in the Agreement) for claims based on the facts alleged in the Action and resolved by this Settlement (collectively known as the "Released PAGA Claims"). The full text of the release is on page 15 of the Agreement.

## 4. HOW WILL THE ADMINISTRATOR CALCULATE MY PAYMENT?

a. Individual Class Payments.  The Administrator will calculate individual Class Payments by (a) dividing the Net Settlement Proceeds (minus the PAGA Payment to Employees of $25,000) by the total number of Qualifying Shifts worked by all Participating Class Members, and (b) multiplying the result by the number of Qualifying Shifts worked by each individual Participating Class Member. Any Participating Settlement Class Member who has no Qualifying Shifts or a partial Qualifying Shift shall be rounded up to receive at least one shift of value.

b. Individual PAGA Payments.  The Administrator will calculate individual PAGA Payments by dividing the PAGA Payment to Employees ($25,000) by the total number of Class Members and providing each Class Member with an equal share.

c. Qualifying Shift Challenges.  The number of Qualifying Shifts you worked during the Class Period, as recorded in the Company's records, are stated on the first page of this Notice. You have until _____ to challenge the number of Qualifying Shifts credited to you.  You can submit your challenge by signing and sending a notice of dispute letter along with any supporting written documentation consisting of official records, pay stubs, weekly schedules, or personal logs to the Administrator via mail, email or fax. Section **9** of this Notice has the Administrator's contact information.

You need to support your challenge by sending copies of pay stubs or other records. The Administrator will accept the Company's calculation of Qualifying Shifts based on the Company's records as accurate unless you send copies of records containing contrary information.  You should send copies rather than originals because the documents will not be returned to you.  The Administrator will resolve Qualifying Shift challenges based on your submission and on input from Class Counsel (who will advocate on behalf of Participating Class Members) and the Company's Counsel.  The Administrator's decision is final.  You can't appeal or otherwise challenge its final decision.

## 5. HOW WILL I GET PAID?

a. Participating Class Members.  The Administrator will send, by U.S. mail, a single check to every Participating Class Member (i.e., every Class Member who doesn't opt-out).  The single check will combine the individual Class Payment and the individual PAGA Payment.

b. Non-Participating Class Members.  The Administrator will send, by U.S. mail, a

7

single individual PAGA Payment check to every Class Member who opts out of the Class Settlement (i.e., every Non-Participating Class Member).

**Your check will be sent to the same address as in this Notice. If you change your address, be sure to notify the Administrator as soon as possible. Section 9 of this Notice has the Administrator's contact information.**

### 6. HOW DO I OPT-OUT OF THE CLASS SETTLEMENT?

Submit a written and signed letter with your name, present address, telephone number, and a simple statement that you do not want to participate in the Settlement. The Administrator will exclude you based on any writing communicating your request be excluded. Be sure to personally sign your request, identify the Action as *Derek L. McGhee and Victor Hazlett v. Tesoro Refining & Marketing Company LLC et al.*, and include your identifying information (full name, address, telephone number, and approximate dates of employment for the Company). You or your legal representative must make the request. If someone other than you or your legal representative makes the request for you, it will not be valid. The Administrator must be sent your request to be excluded by _____, or it will be invalid. Section **9** of the Notice has the Administrator's contact information.

### 7. HOW DO I OBJECT TO THE SETTLEMENT?

Only Participating Class Members have the right to object to the Settlement. Before deciding whether to object, you may wish to see what Plaintiffs and the Company are asking the Court to approve. At least 35 calendar days before the _____ Final Approval Hearing, Class Counsel and/or Plaintiffs will file in Court (1) a Motion for Final Approval that includes, among other things, the reasons why the proposed Settlement is fair, and (2) a Motion for Fees, Litigation Expenses and Service Award stating (i) the amount Class Counsel is requesting for attorneys' fees and litigation expenses; and (ii) the amount Plaintiffs are requesting as Class Representative Service Awards. Upon reasonable request, Class Counsel (whose contact information is in Section **9** of this Notice) will send you copies of these documents at no cost to you. You can also view them on the Administrator's Website _____.

A Participating Class Member who disagrees with any aspect of the Agreement, the Motion for Final Approval and/or Motion for Fees, Litigation Expenses and Service Award may wish to object, for example, that the proposed Settlement is unfair, or that the amounts requested by Class Counsel or Plaintiffs are too high or too low. The deadline for sending written objections to the Administrator is _____. Be sure to tell the Administrator what you object to, why you object, and any facts that support your objection. Make sure you identify the Action as *Derek L. McGhee and Victor Hazlett v. Tesoro Refining & Marketing Company LLC et al.* and include your name, address, telephone number, and approximate dates of employment for the Company and sign the objection. Section **9** of this Notice has the Administrator's contact information.

Alternatively, a Participating Class Member can object (or personally retain a lawyer to object at your own cost) by attending the Final Approval Hearing. You (or your attorney) should be ready to tell the Court what you object to, why you object, and any facts that support your objection. See Section **8** of this Notice (immediately below) for specifics regarding the Final Approval Hearing.

**8.  CAN I ATTEND THE FINAL APPROVAL HEARING?**

You can, but don't have to, attend the Final Approval Hearing on ▮▮▮▮▮▮ at ▮▮▮▮▮▮▮ in Courtroom 5 on the 2nd Floor of the United States District Court for the Northern District of California – Oakland Courthouse, located at 1301 Clay Street, Oakland, CA 94612.  At the Hearing, the judge will decide whether to grant Final Approval of the Settlement and how much of the Settlement Fund will be paid to Class Counsel, Plaintiffs, and the Administrator. You can attend (or hire a lawyer to attend) either personally or virtually via the Court's website (https://cand.uscourts.gov/judges/jsw/).

It's possible the Court will reschedule the Final Approval Hearing. You should check the Administrator's website (▮▮▮▮▮▮▮▮) beforehand or contact Class Counsel to verify the date and time of the Final Approval Hearing.

**9.  HOW CAN I GET MORE INFORMATION?**

The Agreement sets forth everything the Company and Plaintiffs have promised to do under the proposed Settlement. The easiest way to read the Agreement, the Judgment or any other Settlement documents is to go to the Administrator's website at ▮▮▮▮▮▮▮. You can also telephone or send an email to Class Counsel or the Administrator using the contact information listed below:

**DO NOT TELEPHONE THE COURT TO OBTAIN INFORMATION ABOUT THE SETTLEMENT.**

**The Contact information for the Settlement Administrator is as follows:**

Email Address:
Mailing Address:
Telephone:
Fax Number:

**The address for Class Counsel is as follows:**

| Class Counsel |
|---|
| Joseph Lavi |
| Vincent Granberry |
| Eve Howe |
| Lavi & Ebrahimian, LLP |
| 8889 W. Olympic Blvd., Suite 200 |
| Beverly Hills, CA 90211 |
| Tel.: (310) 432-0000 |
| Fax: (310) 432-0001 |
| E-Mail: jlavi@lelawfirm.com |
| vgranberry@lelawfirm.com |
| ehowe@lelawfirm.com |

**10. WHAT IF I LOSE MY SETTLEMENT CHECK?**

If you lose or misplace your settlement check before cashing it, the Administrator will replace it as long as you request a replacement before the void date on the face of the original check. If your check is already void you will not be able to retrieve your funds.

**11. WHAT IF I CHANGE MY ADDRESS?**

To receive your check, you should immediately notify the Administrator if you move or otherwise change your mailing address.